IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUBLIC.RESOURCE.ORG,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES INTERNAL<br>REVENUE SERVICE,<br><br>　　　　　　　Defendant. | Civil Action No. 3:13-cv-2789<br>Hearing Noticed for October 9, 2013<br>at 2:00 pm before Judge Orrick in<br>Courtroom 2, 17th Floor |

## UNITED STATES INTERNAL REVENUE SERVICE'S MOTION TO DISMISS

Notice is hereby given that the United States Internal Revenue Service's Motion to Dismiss is scheduled for hearing on October 9, 2013, at 2:00 pm before the Honorable William H. Orrick in Courtroom 2, 17th Floor, of the Phillip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102.

Defendant the United States Internal Revenue Service hereby moves the Court to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The documents the plaintiff has requested fall within the scope of 26 U.S.C. § 6104, which provides a comprehensive scheme, distinct from the FOIA, for releasing the documents in question. Because there is a specific statutory scheme addressing the documents in question, the more general FOIA does not apply, and the plaintiff's case should be dismissed.

### Issue to be Decided

Whether 26 U.S.C. § 6104 supersedes the FOIA with respect to the disclosure of documents which fall within the scope of Section 6104.

## Introduction

The Service moves the Court to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6). This case involves plaintiff's request for federal records, specifically, information returns--Forms 990--submitted to the Service by certain tax exempt organizations, and its demand that the information be produced in a specific electronic format. In response to this request, the Service did not deny plaintiff the information. Rather, the Service could not produce the documents in the specific electronic format without violating the Internal Revenue Code (Title 26) provisions prohibiting disclosure of certain return information. The plaintiff responded by filing the instant suit, alleging violations of the Freedom of Information Act (FOIA) and the APA. However, 26 U.S.C. § 6104 specifically provides for the manner in which Forms 990 should be disclosed. Given the existence of a specific statutory governing the production of Forms 990, the FOIA does not apply, and the plaintiff's claim should be dismissed. Furthermore, Section 6104 does not require the production of documents in a specific format, and thus the plaintiff's demands that the documents be produced in a specific format should also be rejected.

In addition, to the Service's procedural arguments, there are additional defenses which the Service will rely upon should this matter proceed beyond this Motion to Dismiss. As the Service noted in its response to the plaintiff dated May 1, 2013, attached to the complaint as Exhibit I, the documents the plaintiff seeks contain information that, by law, must be redacted, and the Service lacks the technical capabilities necessary to produce the redacted documents in the requested format. Should this litigation proceed beyond the Motion to Dismiss stage, the Service will address the technical problems precluding production in the requested format in further detail.

**Relevant Facts**

On or around March 11, 2013, plaintiff made a request under the FOIA for the production of the Form 990s filed by nine tax-exempt charitable organizations in a specific electronic format. *See* Exhibit F to the Complaint. On or around March 19, 2013, the Service responded, advising plaintiff that there is a specific non-FOIA procedure in place for the production of Forms 990 and that it would need to comply with that procedure in order to obtain the requested documents. *See* Exhibit G to the Complaint. On or around April 12, 2013, the plaintiff responded to the Service, advising that it sought production in a specific electronic format and that the procedure referenced in the Service's March 19 letter would likely not result in the production of documents in the requested format. *See* Exhibit H to the Complaint. On or around May 1, 2013, the Service again responded, reiterating that there is a specific non-FOIA procedure in place for the disclosure of the requested Forms 990. The May 1 letter also indicated that the requested documents contained donor information which would need to be redacted and that, because of technical limitations, the Service was unable to produce the redacted documents in the requested format. *See* Exhibit I to the Complaint. The instant suit eventually followed.

**Legal Standard**

A motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is properly granted when it appears beyond a doubt that plaintiff can prove no set of facts in support of their claim that would entitle Plaintiffs to relief. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). In reviewing a Rule 12(b)(6) motion, courts must accept a complaint's factual allegations as true, but those allegations must plausibly suggest "the pleader is entitled to relief." *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. Cal. 2012). Conclusory statements of law need not be accepted as true. *Id; see also Northern Highlands I, II, LLC v. Comerica Bank,* 328 Fed. Appx. 358, 360

(9th Cir. 2009) ("We assume the truth of well-pleaded factual allegations in the complaint, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), but need not assume the truth of opinions, factual and legal conclusions, or arguments, *Anderson v. Clow*, 89 F.3d 1399, 1403 (9th Cir. 1996).").

## Argument

### I. Controlling Statutory Scheme for the Production of Forms 990

Section 6104, the statute applicable to plaintiff's request, is a part of a comprehensive non-disclosure paradigm anchored by Section 6103 of the Internal Revenue Code. Section 6103(a) requires that the Service keep all return information confidential, unless another provision within Title 26, the Internal Revenue Code, allows its disclosure.[1] The Code contains provisions authorizing the Service to disclose certain return information-"except as authorized by this title-" in certain circumstances. These provisions are the exceptions to the broad non-disclosure mandate in section 6103(a). Section 6104(a) is one of those exceptions thereby allowing disclosure of some information; 6104(b), however, is an exception to that disclosure resulting in prohibition of disclosure of some discreet return information.

Section 6104 includes a number of detailed provisions governing the disclosure of information relating to certain tax exempt organizations, including requiring the Service to make available applications for the determination of tax exempt status. And, it establishes certain exemptions to disclosure, including language which precludes disclosing the identities of donors, and related information. *See, generally*, 26 U.S.C. § 6104. In addition, and of most importance

---

[1] Section 6103(a) prohibits the Service, indeed any government official or employee, from disclosing a person's return or return information to third parties. Section 6103(a) states: "Returns and return information shall be confidential, and **except as authorized by this title** ... no officer or employee of the United States.... shall disclose any return or return information obtained by him in any manner in connection with his service..." 26 U.S.C. § 6103(a).

to this litigation, Section 6104 expressly requires that exempt organization returns be made available by the IRS at times and locations prescribed by the Secretary *Id.* at (b).

In furtherance of Section 6104's Congressional mandate to make the specified information publicly available, the Service has implemented specific regulations detailing the manner in which such documents may be viewed or copies obtained. 26 C.F.R. § 301.6104(b)-1(d). In recognition of this scheme for the production of documents pursuant to Section 6104, the Service's FOIA regulations provide that FOIA requests which relate to documents, the production of which are governed by other established procedures (including Section 6104), will be processed in accordance with those other procedures. 26 C.F.R. § 601.702(d)(3). Thus, it is clear from Section 6104, its associated regulations, and the Service's FOIA regulations, there is a specific statutory and regulatory framework for the production of Forms 990. It is that framework which controls the production of documents pursuant to Section 6104, and it is that framework, not the FOIA, which controls in this litigation.

In this case the plaintiff seeks the production of the Forms 990 of certain tax exempt organizations in a specific electronic format. Forms 990 are the information tax returns filed by organizations exempt from taxation under 26 U.S.C. §§ 501(c), 501(d), or 527. As tax returns, the Forms 990 would normally be confidential and exempt from production to third parties under 26 U.S.C. § 6103, but Congress has specifically provided for their production through a separate statute, 26 U.S.C. § 6104, subject to the non-disclosure mandates in sections 6103 and 6104(b).

II.     **Section 6104 Supersedes the FOIA with Respect to Forms 990**

In this case, the Court is confronted with two separate statutes which govern the disclosure of documents by the government, Section 6104 and the FOIA. However, Section 6104 specifically addresses the disclosure of the documents in question, Forms 990, while FOIA provides

generally for the production of documents by the government. It is a well settled rule of statutory construction that a precisely drawn, detailed statute preempts more general statutory remedies. *Brown v. General Services Administration*, 425 U.S. 820, 834-35 (1976).

Courts have addressed this same issue while examining a different portion of the Internal Revenue Code, 26 U.S.C. § 6110. Section 6110 provides for the production of written determinations by the Service. In analyzing Section 6110, courts have held that:

> Section 6110 of the Internal Revenue Code provides generally that "except as otherwise provided in this section, the text of any written determination and any background file document relating to such written determination shall be open to public inspection at such place as the Secretary may by regulations prescribe." I.R.C. § 6110(a) (West Supp. 1999). Section 6110 establishes a comprehensive scheme for resolution of disputes relating to disclosure of such documents. See I.R.C. § 6110(f) (West Supp. 1999). This scheme is the exclusive remedy for persons aggrieved by the IRS's compliance with section 6110's mandate. *See* I.R.C. § 6110(m) (West Supp. 1999) (formerly § 6110(l) (West 1989)); *see also Church of Scientology of Calif. v. Internal Revenue Svc.*, 253 U.S. App. D.C. 78, 792 F.2d 146, 149 (D.C. Cir. 1986) (noting that § 6110 supplants FOIA for documents covered by that section); *Conway v. United States Internal Revenue Svc.*, 447 F. Supp. 1128, 1131 (D.D.C. 1978) (finding that the legislative history of § 6110 demonstrates that Congress intended for it to replace FOIA).

*Tax Analysts v. IRS*, Case No. 96-2285, 2000 U.S. Dist. LEXIS 5066, 2-3 (D.D.C. Mar. 31, 2000). *See also Long v. United States Internal Revenue Serv.*, 742 F.2d 1173, 1178 (9th Cir. 1984) ("Congress, wishing to exclude section 6110 from FOIA, specifically made known its intention by providing that section 6110 was to be the exclusive remedy where disclosure of written determinations were sought and that the rules and procedures of FOIA would not apply. 26 U.S.C. § 6110(1) (1982)"); *see also Ricchio v. Kline*, 773 F.2d 1389, 1395 (D.D.C. 1985) (analyzing whether the production of certain documents was covered by FOIA or the Presidential Recordings and Materials Preservation Act, and holding that "because the Materials Act governs the disclosure of the transcripts, [plaintiff] cannot obtain disclosure under the Information Act.").

Section 6110 differs from Section 6104 in that Section 6110 was enacted in 1976, after the implementation of the FOIA, while Section 6104, which was renumbered to its current position in the code in 1954, predates the FOIA, which took effect in 1967. In order for a statute passed after the FOIA to supersede the FOIA, the **subsequent statute** must so specifically provide. *Church of Scientology of Calif. v. Internal Revenue Serv.*, 792 F.2d 146, 149 (D.C. Cir. 1986). Because Section 6104 predates the FOIA, it is not required to include specific language as to its effect on the FOIA, and the Court must instead turn to traditional rules of statutory construction.

As cited above, it is a well settled rule of statutory construction that a precisely drawn, detailed statute preempts more general statutory remedies. *Brown v. General Services Administration*, 425 U.S. 820, 834-35 (1976); *see also Donaldson v. United States*, 653 F.2d 414, 418 (9th Cir. Cal. 1981) ("where there is no clear legislative intent to the contrary, a specific statute will not be controlled by a general statute, irrespective of priority of enactment.") In this case, while the FOIA provides general guidance as to the production of documents, Section 6104 specifically addresses the documents in question and specifically provides for their production. When Congress enacted the FOIA, it could have amended Section 6104 to indicate that the FOIA would provide the scheme for the production of Forms 990, but it declined to do so.

Both the FOIA and Section 6104 provide for production of Forms 990, it is merely the procedural aspect of the two statutes that conflict. In light of that conflict, it is the more specific procedures of Section 6104 and its implementing regulations which control. To argue otherwise would require the Court to ignore the portions of Section 6104 which govern the disclosure of Forms 990. "It is a cardinal principal of statutory construction that a statute ought, upon the

whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous or void or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001).

The Court should also keep in mind that in the absence of Section 6104, Forms 990, as tax returns, would be exempt from disclosure pursuant to Section 6103. Furthermore, Section 6104 specifically charges the Service with establishing regulations governing the inspection of documents. It is clear that Congress intended to allow the Service to establish the procedure governing the production of documents under Section 6104. Had Congress intended to change that delegation of authority, it could have specifically done so when it enacted the FOIA, but it declined to do so. In the absence such an act by Congress, the Court should instead look to the more specific statute, Section 6104. Accordingly, it is Section 6104, not FOIA, which controls the production of the documents at issue in this case. Given that Section 6104 does not require the production of documents in any specific format, and given that the FOIA does not apply, the plaintiff's claims should be dismissed.

Such a ruling would, by necessity, also resolve the Plaintiff's APA claim, which asks that the Court find that the Service's position that the documents in question are governed by Section 6104, not the FOIA, is arbitrary and capricious. A finding by the Court that Section 6104 does control would necessarily mean that the Service's position was not arbitrary and capricious, and thus the APA claim should be dismissed as well.

**Conclusion**

It is the specific statutory and regulatory scheme established Section 6104 for the production of Forms 990 which controls in this matter, not the general scheme for the production of documents provided for by the FOIA.  Accordingly, the plaintiff's claims should be dismissed.

Dated: September 3, 2013.

>MELINDA HAAG
>United States Attorney
>
>KATHRYN KENEALLY
>Assistant Attorney General, Tax Division
>
>/s/ Christopher W. Sanders
>YONATAN GELBLUM
>CHRISTOPHER W. SANDERS
>Trial Attorneys, Tax Division
>U.S. Department of Justice
>Post Office Box 227
>Ben Franklin Station
>Washington, D.C. 20044
>Phone: (202) 616-1840/Fax: (202) 514-6866
>Email: Christopher.W.Sanders@usdoj.gov


**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing MOTION TO DISMISS has been made on September 3, 2013, via the Court's CM/ECF system to the following:

Counsel for Plaintiff
Thomas R. Burke
Davis Wright Tremaine LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111

/s/ Christopher W. Sanders
CHRISTOPHER W. SANDERS