THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

RONALD G. LONDON (Pro Hac Vice Pending)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Telephone: (202) 973-4200
Email: ronnielondon@dwt.com

DAN LAIDMAN (CA State Bar No. 274482)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800
Email: danlaidman@dwt.com

DAVID HALPERIN (Pro Hac Vice)
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434
Email: davidhalperindc@gmail.com

Attorneys for Plaintiff Public.Resource.Org

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC.RESOURCE.ORG., a California non-profit organization,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>　　　　　Defendant. | Civil Action No. 3:13-cv-2789<br><br>**PLAINTIFF PUBLIC.RESOURCE.ORG'S OPPOSITION TO MOTION TO DISMISS**<br><br>Hearing Noticed for October 9, 2013, Rescheduled to October 23, 2013 at 2:00 p.m. before Judge Orrick in Courtroom 2, 17th Floor |

# TABLE OF CONTENTS

Page

I. SECTION 6104 DOES NOT "PREEMPT," "SUPERSEDE," OR "SUPPLANT" FOIA ................................................................................................................ 4

II. THE IRS OFFERS NO ON-POINT AUTHORITY SUPPORTING ITS POSITION, AND IGNORES AUTHORITY THAT UNDERMINES IT .................................................................................................................... 6

III. IF ANYTHING, THE MOTION TO DISMISS DOES NO MORE THAN UNDERSCORE A DISPUTED ISSUE OF MATERIAL FACT ..................................................................................................................................... 11

IV. CONCLUSION ............................................................................................................ 11

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*American Mail Line, Ltd. v. Gulick*,
 411 F.2d 696 (D.C. Cir. 1969) ............................................................................................... 7

*Boise Cascade Corp. v. EPA*,
 942 F.2d 1427 (9th Cir. 1991) ............................................................................................. 10

*Breuhaus v. IRS*,
 609 F.2d 80 (2d Cir. 1979) .................................................................................................... 8

*Carlson v. U.S. Postal Service*,
 2005 WL 756573, at *7 (N.D. Cal. Mar. 31, 2005) .............................................................. 3

*Church of Scientology of Cal. v. IRS*,
 792 F.2d 146 (D.C. Cir. 1986) ........................................................................................... 5, 7

*Cooper Cameron Corp. v. Department of Labor*,
 280 F.3d 539 (5th Cir. 2002) ................................................................................................. 5

*Department of Interior v. Klamath Water Users Protective Ass'n*,
 189 F.3d 1034 (9th Cir. 1999) ............................................................................................... 3

*Department of Interior v. Klamath Water Users Protective Ass'n*,
 532 U.S. 1 (2001) .................................................................................................................. 2

*DOJ v. Tax Analysts*,
 492 U.S. 136 (1989) .......................................................................................................... 3, 6

*Felt v. Atchison, Topeka & Santa Fe Ry. Co.*,
 60 F.3d 1416 (9th Cir. 1995) ................................................................................................. 4

*Harris v. Rand*,
 682 F.3d 846 (9th Cir. 2012) ........................................................................................... 3, 11

*Ingle v. DOJ*,
 698 F.2d 259 (6th Cir. 1983) ................................................................................................. 5

*Julian v. DOJ*,
 806 F.2d 1411 (9th Cir. 1986) ............................................................................................. 10

*Kehr Packages, Inc. v. Fidelcor, Inc.*,
 926 F.2d 1406 (3d Cir. 1991) ................................................................................................ 7

*Legal Aid Soc. v. Shultz*,
 349 F. Supp. 771 (N.D. Cal. 1972) ........................................................................................ 7

ii

Civil Action No. 3:13-cv-2789
PLAINTIFF PUBLIC.RESOURCE.ORG'S OPPOSITION TO MOTION TO DISMISS
Civil Action No. 3:13-cv-2789, *Public.Resource.org v. United States Internal Revenue Service*

*Long v. IRS*,
 742 F.2d 1173 (9th Cir. 1984) .......................................................................................... 5, 8, 9, 10

*Maxwell v. Snow*,
 409 F.3d 354 (D.C. Cir. 2005) ................................................................................................ 5, 6

*NLRB v. Sears, Roebuck & Co.*,
 421 U.S. 132 (1975) ..................................................................................................................... 7

*Oglesby v. Department of Army*,
 920 F.2d 57 (D.C. Cir. 1990) ...................................................................................................... 3

*Ricchio v. Kline*,
 773 F.2d 1389 (D.C. Cir. 1985) ............................................................................................... 10

*Safeway, Inc. v. IRS*,
 2006 WL 3041079 (N.D. Cal. Oct. 24, 2006) ............................................................................. 5

*Sample v. Bureau of Prisons*,
 466 F.3d 1086 ............................................................................................................................. 3

*Shannahan v. IRS*,
 672 F.3d 1142 (9th Cir. 2012) ............................................................................................... 2, 3

*Silvers v. Sony Pictures Entm't, Inc.*,
 402 F.3d 881 (9th Cir. 2005) (*en banc*) ..................................................................................... 9

*Tax Analysts & Advocates v. IRS*,
 505 F.2d 350 (D.C. Cir. 1974) ............................................................................................... 4, 6

*Tax Analysts v. IRS*,
 214 F.3d 179 (D.C. Cir. 2000) ........................................................................................... 6, 7, 8

*Tax Analysts v. IRS*,
 350 F.3d 100 (D.C. Cir. 2003) ................................................................................................... 6

*TPS, Inc. v. DOD*,
 330 F.3d 1191 (9th Cir. 2003) ................................................................................................... 3

*Washington Post Co. v. Department of State*,
 685 F.2d 698 (D.C. Cir. 1982), *overruled on other grounds*, 464 U.S. 979 (1983) ................. 8

**Statutes**

5 U.S.C.
 § 552(a)(3)(B) ............................................................................................................................. 3
 § 552(b)(3) ................................................................................................................................... 1
 § 552(b)(3)(A)(i)-(ii) ................................................................................................................... 5
 § 552(b)(3)(B) ............................................................................................................................. 2
 § 552(f)(2) ................................................................................................................................... 3

iii

Civil Action No. 3:13-cv-2789
PLAINTIFF PUBLIC.RESOURCE.ORG'S OPPOSITION TO MOTION TO DISMISS
Civil Action No. 3:13-cv-2789, *Public.Resource.org v. United States Internal Revenue Service*

18 U.S.C. § 4208 .................................................................................................................... 10

26 U.S.C.
  § 6104 ............................................................................................................*passim*
  § 6104(a)(1), (b), (d) ............................................................................................ 4
  § 6110 ................................................................................................... 8, 9, 10
  § 6110(a)-(b) ......................................................................................................... 9
  § 6110(f)-(k) ....................................................................................................... 10

Freedom of Information Act, 5 U.S.C. § 552 ........................................................................ 1

§ 6103 of the Internal Revenue Code ..........................................................................*passim*

Presidential Records and Materials Preservation Act, 44 U.S.C. § 2111 ............................. 10

Tax Reform Act of 1976 .................................................................................................. 5, 8

**Other Authorities**

Executive Order 13642, 78 Fed. Reg. 28111 (May 21, 2013) ............................................... 2

Federal Rule of Criminal Procedure 32(c)(3) ...................................................................... 10

DAVIS WRIGHT TREMAINE LLP

iv

1 Plaintiff Public.Resource.Org, Inc. ("Public.Resource.Org") hereby opposes the Motion to
2 Dismiss ("Mot." Dk. 14) filed by Defendant United States Internal Revenue Service ("IRS") that
3 seeks to dismiss Public.Resource.Org's Complaint for access to electronic IRS Form 990s under
4 the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As discussed below, the IRS fails
5 to meet its burden of showing that this case must be dismissed, inasmuch as it admits that "the
6 FOIA … provide[s] for production of Forms 990," (Mot. 7), and its unspoken effort to back into a
7 FOIA exception not previously claimed – specifically, that provided for "matters … exempted
8 from disclosure by statute," *i.e.*, "Exemption 3," 5 U.S.C. § 552(b)(3) – rests on a sleight of hand
9 that this Court should not entertain.

**BACKGROUND**

11 On one level, the facts relevant to instant Motion are simple. Public.Resource.Org filed
12 a FOIA request for electronically filed IRS Form 990s for nine tax-exempt charitable non-profit
13 organizations ("NPOs"), asking specifically that the IRS produce the records in machine-readable
14 Modernized e-File ("MeF") format, just as the forms were filed with the IRS. Compl. ¶ 45. There
15 is no claim the IRS received the Form 990s in anything other than electronic machine-readable
16 format from the NPOs. *Cf. id.* ¶ 2. *See also id.* ¶¶ 21-24. Yet the IRS refused to produce the
17 requested Form 990 MeF records on grounds that IRS Form 990s are routinely available. By this
18 response, the IRS presumably was referring to other versions of the forms, and not MeF machine-
19 readable versions that the IRS maintains and that Public.Resource.Org specifically sought. *Id.*
20 ¶ 46-49, 51. Public.Resource.Org thus appealed to this Court by filing the Complaint that the IRS
21 now seeks to have summarily dismissed, based on the notion that certain provisions of the IRS
22 Code absolve the IRS from producing the records, not because those IRS Code sections are "other
23 statutes" under FOIA Exemption 3, but rather because the Code sections relied upon "supersede"
24 the FOIA.

25 There are, of course, additional facts and other important points that will be raised as this
26 case proceeds to an answer, discovery to the extent necessary, summary judgment, and beyond.
27 *See* Complaint ¶¶ 3-6, 13-20, 22-35, 43-52 & Exhs. D-K. For example, Public.Resource.Org
28 is prepared to show that there is no technical or similar reason that the IRS cannot produce to

DAVIS WRIGHT TREMAINE LLP

1
Civil Action No. 3:13-cv-2789
PLAINTIFF PUBLIC.RESOURCE.ORG'S OPPOSITION TO MOTION TO DISMISS
Civil Action No. 3:13-cv-2789, *Public.Resource.org v. United States Internal Revenue Service*

Public.Resource.Org in MeF format copies of the Form 990s for the NPOs Public.Resource.Org specified.  Public.Resource.Org can thus show that the MeF-formatted Form 990s are "readily producible by [the IRS] in that form" under the relevant FOIA provision, 5 U.S.C. § 552(b)(3)(B).  Public.Resource.Org also will show that the non-MeF versions of Form 990s that the IRS offered as publicly available records, which the IRS claims remove the MeF versions from FOIA, are far less useful (to the public and in turn, to the IRS) than the MeF versions.  Accordingly, Public.Resource.Org will show, the MeF and non-MeF Form 990s are not equivalents, but rather are discrete – and substantially different – agency records.  Public.Resource.Org is also prepared to demonstrate the important role the MeF version of IRS Form 990 plays in ensuring tax breaks are not provided to those not entitled to receive them, and in particular, how the availability of machine-readable IRS records – including the MeF Form 990s – allow third-parties like Public.Resource.Org to inform the public whether favorable tax treatment is inappropriately conferred on entities that should not qualify for it.[1]

But for present purposes, what is most relevant is that Public.Resource.Org requested electronic files that the IRS plainly maintains but has refused to produce, without even claiming an applicable FOIA exemption to justify its intransigence.  Because the IRS's legal theory for its refusal rests on an *ipse dixit* reading of the IRS Code that the agency fails to satisfy its legal burden to support, its Motion to Dismiss must be denied.

## **ARGUMENT**

The IRS's Motion is simply a stalling tactic that is utterly inconsistent with the premise that "'[d]isclosure, not secrecy, is the dominant objective' of FOIA." *Shannahan v. IRS*, 672 F.3d 1142, 1148 (9th Cir. 2012) (quoting *Department of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 7-8 (2001)).  Indeed, "FOIA mandates a policy of broad disclosure of

---

[1] The importance of releasing such data recently was reinforced by Executive Order 13642, 78 Fed. Reg. 28111 (May 21, 2013), which recognized government-held data as a valuable resource and strategic asset that should be made more accessible.  That Executive Order, along with a new Open Data Policy concurrently issued by the Office of Science and Technology Policy and Office of Management and Budget, require all newly generated government data to be made available in open, machine-readable formats, to enhance their accessibility and usefulness.

2
Civil Action No. 3:13-cv-2789
PLAINTIFF PUBLIC.RESOURCE.ORG'S OPPOSITION TO MOTION TO DISMISS
Civil Action No. 3:13-cv-2789, *Public.Resource.org v. United States Internal Revenue Service*

government documents," such that "[w]hen a request is made, an agency may withhold a document *only* if it falls within one of [] nine statutory exemptions," which "must be narrowly construed." *Department of Interior v. Klamath Water Users Protective Ass'n*, 189 F.3d 1034, 1037 (9th Cir. 1999) (emphasis added; internal quotations and citations omitted). The IRS bears the burden of "proving that withheld materials are exempt from disclosure." *Id*.

It is beyond doubt that IRS is an agency subject to FOIA, *see generally*, *e.g.*, *Shannahan*, *supra*, and the IRS makes no claim to the contrary. It should also be beyond doubt the machine-readable MeF Form 990s that the IRS holds are "agency" "records" under FOIA. *See* 5 U.S.C. § 552(f)(2). To qualify as "agency records," it must be true simply that an agency either creates or obtains the material in question, and is in control of it at the time a FOIA request is made. *DOJ v. Tax Analysts*, 492 U.S. 136, 144 (1989). The IRS does not dispute that the MeF Form 990s are "agency records," and in any event, the Complaint's allegations explaining why MeF Form 990s are unique "agency records" must be taken as true on the instant motion to dismiss, as the IRS admits. Mot. at 2 (citing *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012)). *See also infra* 11-12.

The FOIA also requires agencies to provide records in any form or format requested, if they are readily reproducible by the agency in that form or format. 5 U.S.C. § 552(a)(3)(B). That "unambiguously" includes where, as here, a requester seeks electronic records, even if the agency can produce, and wishes to substitute, paper copies. *E.g.*, *Sample v. Bureau of Prisons*, 466 F.3d 1086, *passim* (D.C. Cir. 2006). Agencies may satisfy their FOIA obligations by making certain classes of records publicly available without a FOIA request, *e.g., Oglesby v. Department of Army*, 920 F.2d 57, 70 (D.C. Cir. 1990), but the fact that records made publicly available are similar to other records the agency maintains, and which are subject to FOIA, does not excuse the obligation to release the latter under a FOIA request.[2] Agencies also cannot adopt rules that purport to limit

---

[2] *See, e.g.*, *Sample*, 466 F.3d at 1088-89 (*Oglesby* line of cases pre-date 1996 amendments and do not excuse obligation to produce records in electronic format); *TPS, Inc. v. DOD*, 330 F.3d 1191, 1195-96 (9th Cir. 2003) ("agency must provide documents in any form or format requested," including electronic records where "agency already creates or converts documents" electronically in ordinary course of business) (internal quotations omitted); *Carlson v. U.S. Postal Service*, 2005 WL 756573, at *7 (N.D. Cal. Mar. 31, 2005) (rejecting, in light of *TPS, Inc.* and 1996 amend-

3

DAVIS WRIGHT TREMAINE LLP

1 the scope of their obligations to produce records so that those obligations become narrower than
2 what FOIA requires – whatever rules agencies adopt for public access to records, they cannot be
3 contrary to the underlying obligations and purpose of FOIA. *Tax Analysts & Advocates v. IRS*,
4 505 F.2d 350, 354 n.1 (D.C. Cir. 1974).

5 Against this backdrop, and of its own weight, the IRS's Motion to Dismiss cannot help
6 but fail. The IRS's major premise – that "Section 6104 …, is a part of a comprehensive non-
7 disclosure paradigm anchored by Section 6103 of the Internal Revenue Code" that somehow
8 "preempts" FOIA, Mot. 4; *id.*, *passim* – is unsupported by any authority and is contrary to law.
9 Indeed, the IRS tellingly has not identified any authority to support its unprecedented claim
10 that Section 6104 somehow "supersedes" FOIA. It offers only the sleight-of-hand that takes one
11 statutory provision, Section 6103, and attempts to proceed as if another nearby provision, Section
12 6104, should simply be treated the same, *ipse dixit*. This meritless attempt to evade the agency's
13 disclosure obligations must be rejected, for multiple reasons.

14 I. **SECTION 6104 DOES NOT "PREEMPT," "SUPERSEDE," OR "SUPPLANT" FOIA**
15

16 Contrary to the IRS's characterization, Section 6104 is not a "non-disclosure" statute.
17 Rather, it is a *disclosure* statute regarding what information must be (among other things) open to
18 public inspection as to (among others) NPOs. *See* 26 U.S.C. § 6104(a)(1), (b), (d). Section 6104
19 may be an "exception" to non-disclosure under, *e.g.*, Section 6103, *see*, *e.g.*, Mot. at 4-5, but
20 Section 6104 is most certainly not about "non-disclosure."

21 As to Section 6104's asserted "preemption" of FOIA, Mot. 6-7, federal statutes do not
22 "preempt" each other. *E.g.*, *Felt v. Atchison, Topeka & Santa Fe Ry. Co.*, 60 F.3d 1416, 1418 (9th
23 Cir. 1995). While "preemption"-like analysis may apply in trying to reconcile federal statutes, it
24 seeks to determine whether there is preclusion by one statute of the other, which requires specific
25 Congressional intent indicating as much. *Id.* As to FOIA and the Section 6103 "non-disclosure
26 paradigm" in particular, the Ninth Circuit long ago established that "neither section 6103 nor its

27 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
28 ments, argument that "defendant has met its burden in complying with FOIA" because "the information is already publicly accessible, albeit as individual pieces of data").

4
Civil Action No. 3:13-cv-2789
PLAINTIFF PUBLIC.RESOURCE.ORG'S OPPOSITION TO MOTION TO DISMISS
Civil Action No. 3:13-cv-2789, *Public.Resource.org v. United States Internal Revenue Service*

DAVIS WRIGHT TREMAINE LLP

legislative history contains any language indicating that section 6103 should operate independently of FOIA." *Long v. IRS*, 742 F.2d 1173, 1177 (9th Cir. 1984).

In *Long*, the IRS took a position similar to that advanced here, arguing that Section 6103 "operates independently of FOIA, rendering FOIA's procedural requirements … inapplicable." *Id*. Rejecting this argument, the court noted that the lack of any intent in Section 6103's legislative history to displace FOIA, "is significant in view of the fact that the legislative history of the Tax Reform Act of 1976 amply demonstrates Congress' awareness of FOIA at the time it was writing the nondisclosure provisions of the Internal Revenue Code." *Id.* This Court continues to apply *Long* as good law. *See*, *e.g.*, *Safeway, Inc. v. IRS*, 2006 WL 3041079, at *7 (N.D. Cal. Oct. 24, 2006). As both *Long* and *Safeway* reflect, Congress did not intend to "preempt" FOIA through the IRS Code provisions that the IRS relies upon here, but rather Section 6103, at most, operates as an "other statute" under FOIA Exemption 3. *Safeway*, at *7 (citing *Long*, 742 F.2d at 1178).

This places the Ninth Circuit, whose law controls, in accord with the D.C. Circuit, "the federal appellate court with the most experience in this field." *Cooper Cameron Corp. v. Department of Labor*, 280 F.3d 539, 543 (5th Cir. 2002); *accord Ingle v. DOJ*, 698 F.2d 259, 263 (6th Cir. 1983). As the D.C. Circuit has held, Section 6103 "'does not supersede FOIA but rather gives rise to an exemption under Exemption 3' and FOIA procedures must still be followed in applying § 6103." *Maxwell v. Snow*, 409 F.3d 354, 355 (D.C. Cir. 2005) (quoting *Church of Scientology of Cal. v. IRS*, 792 F.2d 146, 149-50 (D.C. Cir. 1986)). And, significantly for present purposes, the IRS has not invoked Exemption 3 as a basis for denying Public.Resource.Org's FOIA request at issue, either in this Court, or below.

For *Section 6104* to act as an Exemption 3 statute – as the IRS insists, supported by no authority whatsoever – it must "specifically exempt[ the record or information at issue] from disclosure," through a mandate that "requires the matter[] to be withheld … in such a manner as to leave no discretion," or that "establishes particular criteria for withholding." 5 U.S.C. § 552(b)(3)(A)(i)-(ii). Far from "leav[ing] no discretion," or "establish[ing] particular criteria," Section 6104 consigns the means of disclosure entirely to the Secretary's discretion. Accordingly, what the IRS is really arguing is that the *discretion* afforded to it by Section 6104(b) allows it to

5

DAVIS WRIGHT TREMAINE LLP

exclude from FOIA – *by agency regulations* – matters that the IRS decides not to release.  But Section 6104 does not qualify as an Exemption 3 statute, and agencies do not have the kind of complete discretion that the IRS asserts here.  *Tax Analysts & Advocates*, 505 F.2d at 354 n.1; *Tax Analysts v. IRS*, 350 F.3d 100 (D.C. Cir. 2003).  The IRS accordingly places far too much significance on Section 6104(b)'s reference to disclosure "at times and locations prescribed by the Secretary." [3]

## II.  THE IRS OFFERS NO ON-POINT AUTHORITY SUPPORTING ITS POSITION, AND IGNORES AUTHORITY THAT UNDERMINES IT

Section 6104 is an even worse candidate to supplant FOIA than Section 6103.  In ensuring that records are made public that otherwise would be exempt under Section 6103, Section 6104 "may be characterized as an exception to the exception from the general disclosure rule offered by FOIA Exemption 3 and I.R.C. § 6103," and "§ 6104, where it applies, controls § 6103."  *Tax Analysts v. IRS*, 214 F.3d 179, 183 (D.C. Cir. 2000).  Therefore, Section 6104 must be read consistently with these interpretations of Section 6103, and "FOIA procedures must still be followed in applying" it.  *Maxwell*, 409 F.3d at 355.  This wholly undermines the IRS's position in the Motion to Dismiss, for several reasons.

*First*, the IRS overlooks authority permitting litigants to use FOIA to seek records that are subject to disclosure under Section 6104.  In *Tax Analysts*, the plaintiff brought a FOIA lawsuit against the IRS seeking an agreement with the Christian Broadcasting Network related to the network's filing for tax exempt status.  214 F.3d at 181.  The district court determined that the agreement was outside the scope of Section 6104, and granted the IRS' motion for judgment on the pleadings.  *Id.* at 183.  However, the D.C. Circuit concluded that it was unclear from the record if the agreement was subject to disclosure under Section 6104, and that further discovery was necessary.  *Id.* at 185.  Consequently, the appellate court "vacate[d] the judgment in favor of the

---

[3] To be sure, with respect to "donors[] and related information," Mot. 5, Section 6104 may create an exception (allowing withholding) to the exception (to Section 6103 that Section 6104 creates).  But as shown in the Complaint and as discussed below, the non-disclosable donor and related information is easily redactable from MeF Form 990s (and any suggestion to the contrary creates, at most, a question of fact precluding dismissal).  *See* Compl. ¶ 50, *infra* § III.

6

1 IRS on Tax Analysts' FOIA claim and remand[ed] for further proceedings, leaving to the district

2 court the question of how best to create an adequate record." *Id.* at 187.  In other words, the court

3 permitted the plaintiff to proceed under FOIA with a lawsuit seeking records made public under

4 Section 6104, implicitly rejecting the IRS' position here that FOIA cannot be used in such

5 circumstances because it is somehow displaced by Section 6104.

6       *Second*, given this clear on-point decision, it is unsurprising that the IRS fails to present

7 any authority – be it statutory text, case law, or legislative history – to support the proposition that

8 Section 6104 supersedes FOIA.  Its motion thus should be denied on this basis alone.  *See Kehr*

9 *Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) ("[U]nder Rule 12(b)(6) the

10 defendant has the burden of showing no claim has been stated.").  But the IRS' argument also

11 strains common sense.  The agency acknowledges, as it must, that other statutes dealing with the

12 disclosure of government records cannot displace FOIA *sub silentio*, and that an *express* showing

13 of legislative intent is required before certain public records can be entirely carved out of FOIA's

14 enforcement regime.  *See* Mot. 7.  However, the IRS goes badly astray when it attempts to argue

15 that this principle somehow applies only to statutes enacted *after* FOIA.  *Id.*

16       Under the IRS' strained interpretation, FOIA procedures are unavailable to obtain records

17 that were already subject to disclosure under existing laws when FOIA was first enacted.  This

18 would bring the law back to its chaotic pre-1967 state when citizens were left to rely on a patch-

19 work of uncertain rules and regulations.[4]  This absurd result would contradict the clear purpose

20 of FOIA, which, as this Court recognized more than four decades ago, was to create a "general

21 disclosure" regime covering "all materials of the government" not explicitly exempted.  *Legal Aid*

22 *Soc. v. Shultz*, 349 F. Supp. 771, 774 (N.D. Cal. 1972).  *See also NLRB v. Sears, Roebuck & Co.*,

23 421 U.S. 132, 136 (1975) ("virtually every document generated by an agency is available to the

24 public in one form or another, unless it falls within one of the Act's nine exemptions"); *Church*

25 *of Scientology*, 792 F.2d at 149 ("FOIA is … designed to apply across-the-board to many

---

[4] *See American Mail Line, Ltd. v. Gulick*, 411 F.2d 696, 699 (D.C. Cir. 1969) (purpose of FOIA was "to eliminate much of the vagueness of the old law" and "elucidate the availability of Government records and actions to the American citizen").

7

Civil Action No. 3:13-cv-2789
PLAINTIFF PUBLIC.RESOURCE.ORG'S OPPOSITION TO MOTION TO DISMISS
Civil Action No. 3:13-cv-2789, *Public.Resource.org v. United States Internal Revenue Service*

DAVIS WRIGHT TREMAINE LLP

substantive programs"); *Washington Post Co. v. Department of State*, 685 F.2d 698, 704 (D.C. Cir. 1982) ("FOIA must be taken to be something more than an ordinary statute, namely, the definitive word on disclosure of the information in the Government's possession covered by it"), *overruled on other grounds*, 464 U.S. 979 (1983).  As these authorities reveal, Congress clearly *incorporated* pre-existing disclosure laws – including Section 6104 – in creating FOIA as an overarching enforcement mechanism for *all* nonexempt agency records.  The IRS' attempt to turn this default rule on its head lacks legal support and should be denied.

*Third*, it is plain in any event that Congress did *not* intend for FOIA to be superseded by Section 6104.  Rather, Congress incorporated Section 6104's disclosure mandate when it enacted FOIA in 1967, and the IRS has not identified any legislative action or pronouncement since then to suggest the statutes are inconsistent.  *See also supra* § I.  Along these lines, the IRS notes that Section 6104 was originally enacted prior to FOIA, but conspicuously fails to mention Section 6104 has been amended *thirteen times* since 1967.  *See*, *e.g.*, *Tax Analysts*, 214 F.3d at 182 n.2 (noting 1998 amendment to Section 6104); *Breuhaus v. IRS*, 609 F.2d 80, 83 (2d Cir. 1979) (noting 1976 amendment to Section 6104).  If Section 6104 was at all inconsistent with FOIA, Congress has had every opportunity to make that clear for four decades, but it has not done so.

Likewise, neither Section 6104 nor its history indicates that Congress intended for it to stand apart from FOIA (and as a statute that shares the same purpose of requiring disclosure – as opposed to permitting withholding – Section 6104 is even more strongly in synch with FOIA). As with Section 6103, Section 6104 was amended as part of the Tax Reform Act of 1976, in which Congress was squarely focused on the interplay between FOIA and the Internal Revenue Code.  *See Long*, 742 F.2d at 1177-78; *Breuhaus*, 609 F.2d at 83.  That Congress chose not to add anything removing information made public under Section 6104 from FOIA procedures – in the 1976 Act, or any of the many other subsequent amendments – serves only to demonstrate that the two statutes are not mutually exclusive, and that the IRS's preemption argument is mistaken.

*Fourth*, in yet another sleight-of-hand, the other major point in the IRS's Motion to Dismiss rests not on case law applying or interpreting Section 6104, but rather that involving Section 6110, which the IRS then attempts to treat as somehow dispositive.  The IRS erroneously relies,

8

for example, on the above-referenced Ninth Circuit *Long* decision for its approach to Section 6110, which in fact, only underscores why Section 6104 is fully compatible with FOIA. Section 6110 provides for disclosure of IRS rulings, determination letters, technical advice memoranda, Chief Counsel advisories, and documents relating to such written determinations. *See* 26 U.S.C. § 6110(a)-(b). When Congress enacted Section 6110 as part of the comprehensive 1976 tax reform legislation, it included an explicit provision making clear that it provided the "exclusive remedy" for access to the covered records. *See* § 6110(m).

As explained in *Long*, "Congress, wishing to exclude section 6110 from FOIA, specifically made known its intention by providing that section 6110 was to be the exclusive remedy where disclosure of written determinations were sought and that the rules and procedures of FOIA would not apply." *Long*, 742 F.2d at 1178. "To replace the procedures of FOIA, Congress created a new set of procedures to be applicable to requests under section 6110." *Id*. "Its failure to do likewise," the *Long* court went on, "in amending section 6103 is highly persuasive of an intent not to preempt the procedural provisions of FOIA as to requests under section 6103." *Id*.

The same is true of Section 6104. Even though Congress amended that statute at the same time as part of the broad 1976 overhaul of the laws governing public disclosure of tax materials, it chose not to include any language in Section 6104 making it an exclusive remedy, or otherwise removing it from FOIA procedures. Congress' failure to include such a provision in Section 6104 is just as "highly persuasive of an intent not to preempt the procedural provisions of FOIA" as to Section 6104 as it is for Section 6103. *Id*. *Cf.*, *e.g.*, *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 885 (9th Cir. 2005) (*en banc*) ("The doctrine of *expressio unius est exclusio alterius* applied to statutory interpretation creates a presumption that when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions.") (internal quotation omitted).[5]

---

[5] The IRS's position that Section 6104 has somehow impliedly been removed from FOIA procedures would mean Section 6110(m)'s "exclusive remedy" clause was unnecessary, as Section 6110 would have had the same effect without the clause, just like (in the IRS's view) Section 6104 has. But this violates the interpretive principle that statutory provisions are not to be rendered

9

DAVIS WRIGHT TREMAINE LLP

*Fifth*, the IRS' position is also inconsistent with analogous case law that makes clear that the threshold for any statute to displace FOIA is extremely high.  As the Ninth Circuit explained in *Julian v. DOJ*, 806 F.2d 1411 (9th Cir. 1986), other federal statutes cannot merely "implicitly supplant[]" FOIA, but rather must do so with "specificity or particularity."  *Id.* at 1420.  Just as the IRS claims here that Section 6104 "is part of a comprehensive non-disclosure paradigm" that creates alternative disclosure rights and obligations to FOIA, (Mot. 4), the government tried to argue in *Julian* that FOIA was inapplicable to requests for presentence investigation reports because 18 U.S.C. § 4208 and Federal Rule of Criminal Procedure 32(c)(3) contained "special statutory procedures for obtaining" the reports, and thus "constitute an alternative disclosure scheme and, as such, supersede FOIA."  *Id.* at 1415, 1420.

The Ninth Circuit rejected the argument.  Despite the fact that Section 4208 and Rule 32(c)(3) expressly provided for the disclosure of the presentence investigation reports (and indeed Rule 32(c)(3) contained detailed procedures for how they could be disclosed), the court held that the reports were still "agency records" for purposes of FOIA, and that they must be disclosed unless the government could show that an exemption applied.  *Id.* at 1416.  The mere fact that other statutes provided their own bases for disclosure was insufficient to supplant FOIA and its procedures; because the government failed to present specific evidence from the text or legislative history establishing that "Congress intended to supersede FOIA," the Ninth Circuit held that the statutes could be used together to seek disclosure.  *Id.* at 1420-21.[6]

---

superfluous, as would be the case under the IRS's interpretation.  *See Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991).  It is also worth noting that Section 6110 includes its own set of extensive, detailed remedies provisions and enforcement procedures which are lacking in Section 6104.  *Compare* 26 U.S.C. § 6104 *with* 26 U.S.C. § 6110(f)-(k).  That Congress did not include any such provisions in Section 6104 further underscores that it is meant to be enforced via FOIA.  *See Long*, 742 F.2d at 1178.

[6] The government in *Julian* tried unsuccessfully to support its argument with one of the same cases that the IRS relies on here, *Ricchio v. Kline*, 773 F.2d 1389 (D.C. Cir. 1985) (cited Mot. 6).  But the court found that *Ricchio* was inapplicable, as it was limited to the unique context of the Presidential Records and Materials Preservation Act, 44 U.S.C. § 2111, which Congress clearly had intended to displace FOIA.  *See Julian*, 806 F.2d at 1420.

10

### III. IF ANYTHING, THE MOTION TO DISMISS DOES NO MORE THAN UNDERSCORE A DISPUTED ISSUE OF MATERIAL FACT

Finally, even if Sections 6103 and/or 6104 "supersede" FOIA (which they do not, as shown), and even if Section 6104 was the only vehicle for obtaining IRS Form 990s as a general matter (which it is not, as shown), there is still no authority for the IRS's proposition that such access should not be subject to a parallel requirement that records available under Section 6104 be produced in any requested form or format readily reproducible by the agency. *See supra* 4 (citing 5 U.S.C. § 552(a)(3)(B)). Significantly, to whatever extent that the IRS claims that the MeF machine-readable IRS Form 990s that Public.Resource.Org requested are not releasable for technical reasons, *see* Mot. 2 ("the Service lacks the technical capabilities [] to produce [] redacted documents in the requested format"), the complaint dispels that argument, *see* Compl. ¶¶ 3, 39, 50, 56, and must be accepted as true for purposes of a motion to dismiss. *See supra* (citing Mot. at 2 (citing *Harris v. Rand*, 682 F.3d at 850)). Public.Resource.Org is more than willing to amend the complaint to spell out even further the IRS's ability to produce the records sought in the form requested. But there should be no need to do so – the IRS's position raises a material question of fact that precludes dismissal, and if anything, merits discovery and cross-briefing, before the Court entertains the matter.

### IV. CONCLUSION

For the foregoing reasons, Public.Resource.Org respectfully requests that the Court deny Defendant IRS's Motion to Dismiss.

DATED this 30th day of September, 2013.

>	Respectfully submitted,
>
>	DAVIS WRIGHT TREMAINE LLP
>
>	By: _____*/s/ Thomas R. Burke*
>	THOMAS R. BURKE
>	Attorneys for Plaintiff Public.Resource.Org

11