KATHRYN KENEALLY
ASSISTANT ATTORNEY GENERAL

YONATAN GELBLUM (Cal. State Bar. No. 254297)
CHRISTOPHER W. SANDERS
U.S. DEPARTMENT OF JUSTICE
TAX DIVISION
P.O. Box 227
Washington, DC 20044
(202) 305-3136 (phone)
(202) 514-6866 (facsimile)
Yonatan.gelblum@usdoj.gov

*Counsel for Defendant Internal Revenue Service*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC.RESOURCE.ORG, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES ) <br> INTERNAL REVENUE SERVICE, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 3:13-cv-02789-WHO <br><br> **POINTS AND AUTHORITIES IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** <br><br> Hearing Renoticed for December 18, 2013 At 2:00 p.m. before Judge Orrick in Courtroom 2, 17th Floor |

**Issue to be Decided**

Whether 26 U.S.C. § 6104 supersedes the FOIA with respect to the disclosure of documents which fall within the scope of section 6104.

I.      Overview

We have moved under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's complaint, which seeks to compel disclosure in a specific digital format of Form 990 information returns of tax-exempt entities that are electronically filed with the Internal Revenue Service (the "Service"). Plaintiff claims that the Freedom of Information Act ("FOIA"), requires that these records be produced in its desired format, based on a FOIA provision requiring production of responsive records "in any form or format requested . . . if the record is readily reproducible by the agency in that form or format." 5 U.S.C. § 552(a)(3)(B). We are prepared to demonstrate that the records at issue are not "readily reproducible" in Plaintiff's requested format. Specifically, the returns, as filed, contain information on donors to the filing organizations that the Service is prohibited from disclosing and must therefore redact. See 26 U.S.C. § 6103. The Service's software used for redaction, however, cannot manipulate the raw data Plaintiff seeks, and instead requires that it be converted to an image format.

However, we contend, as a threshold matter, that Plaintiff fails to state a claim for relief under FOIA because FOIA does not govern disclosure of these records. Rather, their disclosure is governed by Internal Revenue Code section 6104, 26 U.S.C. § 6104 and its implementing regulations provide a comprehensive disclosure scheme with respect to documents relating to tax-exempt organizations. As the more specific statute, and as stated in the regulations themselves, it governs in lieu of FOIA, and does not require disclosure of the records in Plaintiff's requested format. Cf. 26 C.F.R. § 601.702(c)-(d) (promulgated Nov. 19, 2002); Ricchio v. Kline, 773 F.2d 1389, 1395 (D.C. Cir. 1985); Donaldson v. United States, 653 F.2d 414, 418 (9th Cir. 1981).

II. Plaintiff's Arguments Fail to Demonstrate that FOIA Controls Disclosure of Section 6104 Records

Plaintiff makes five distinct arguments in opposition, but they are unavailing. First, it claims that the D.C. Circuit's opinion in Tax Analysts v. IRS, 214 F.3d 179 (D.C. Cir. 2000) "implicitly" rejected our argument that section 6104 governs in lieu of FOIA, although the issue was not before the court. Second, citing no legislative history, it claims that our argument contradicts the "clear purpose of FOIA" by forcing the public to "rely on a patchwork of uncertain rules and regulations." Third, relying on Long v. IRS, 742 F.2d 1173 (9th Cir. 1984), it claims that the silence of subsequent Congresses that made various discrete additions to section 6104 in 1976 and afterwards somehow proves that the prior Congresses that enacted section 6104 and FOIA in the 1950's and 1960's did not intend for section 6104's scheme to be the exclusive vehicle for disclosure of the information it covers. Fourth, it argues that the Ninth Circuit's opinion in Julian v. DOJ, 806 F.2d 1411 (9th Cir. 1986), which held that a short statute providing for disclosure of a single document did not supplant FOIA, governs interpretation of section 6104, which has a lengthy list of covered documents and multiple rulemaking delegations to the agency. Lastly, citing no authority, Plaintiff contends that even if FOIA does not apply to the requested records, its requirement for disclosure in a requested format somehow applies to requests under section 6104.

Plaintiff's arguments do not demonstrate that FOIA applies to the records at issue. Tax Analysts did not address our arguments and predated the current regulation interpreting section 6104; in addition, by the same logic, other cases "implicitly reject" Plaintiff's argument. Further, FOIA's legislative history indicates that Congress' "clear purpose" in enacting the statute was to compel disclosure of records previously withheld, rather than to implicitly remedy a "patchwork" of disclosure statutes; absent such a clear intent, section 6104, as the specific

1. statute, should govern here.  Third, contrary to Plaintiff's assertion, the actions of a subsequent
2. Congress cannot control interpretation of previously enacted statutes; Long is distinguishable in
3. this regard because it involved a statute that was entirely rewritten following the enactment of
4. FOIA, which limited rather than provided for disclosure, and which was not subject to any
5. interpretive regulation that indicated that it controlled in lieu of FOIA.  Julian is also
6. distinguishable; it held that a terse statute requiring disclosure of a single document was not "a
7. comprehensive, detailed, and carefully tailored provision" that would render FOIA inapplicable;
8. in contrast, section 6104 is such a provision, and is thus more analogous to the statute held to
9. supplant FOIA in Ricchio v. Kline, 773 F.2d 1389 (D.C. Cir. 1985), which Julian distinguished.
10. Lastly, Plaintiff's assertion that disclosure under section 6104, rather than FOIA, must still
11. proceed in accordance with FOIA lacks support in the statute and is directly contradicted by its
12. implementing regulations.  Accordingly, Plaintiff fails to state a claim for disclosure of the
13. requested records.

    A.  Tax Analysts Does Not Resolve the Dispute

15. Plaintiff relies on the D.C. Circuit's ruling in Tax Analysts, in which the applicability of
16. FOIA did not affect the outcome, was not objected to by the government, and thus not expressly
17. ruled on by the court, as "implicitly rejecting" our argument that FOIA does not apply to section
18. 6104 materials.  As noted by the Tax Analysts court, "the case before us does not present a
19. disagreement over the law to be applied." 214 F.3d at 185.  Thus, the court did not consider, let
20. alone reject, the issue here.  In addition, Tax Analysts was decided before the current version of
21. Treas. Reg. § 601.702, 26 C.F.R. § 601.702 (promulgated  November 19, 2002), which expressly
22. construes section 6104 as providing a comprehensive and exclusive disclosure scheme.
23. Specifically, under the current version of the regulation, subsections (a)-(c) state that they govern

FOIA requests to the Service, including the scope of disclosure in response to requests for information in a particular format. Id. § 601.702(c)(2)(i).  The subsection immediately following, which governs disclosure under other specified statutes including section 6104, begins with language expressly stating "Requests for certain specified categories of records shall be processed by the IRS in accordance with other established procedures." Id. § 601.702(d).  In contrast, at the time of the Tax Analysts decision, the regulation lacked this language. Cf. 26 C.F.R. § 601.702(d) (2000) (promulgated Oct. 13, 1987).  Further, to the extent such "implicit" rulings have any weight, other courts have similarly applied FOIA only when analyzing requests for records that exceed the scope of section 6104. See, e.g., Breuhaus v. IRS, 609 F.2d 80 (2d. Cir. 1979).  Therefore, Tax Analysts does not foreclose our argument that section 6104 and not FOIA governs disclosure of the requested materials.

B.  FOIA Was Not Intended To Govern Materials Subject to Section 6104

In our opening brief, we argued that because Section 6104 is a more specific statute requiring for disclosure of a designated category of agency records and providing for procedural rules governing such disclosure, the more generally applicable disclosure provisions in FOIA do not apply to this information.  Generally, a more specific statute governs, even if a later-enacted general statute would otherwise apply, unless Congress expressly intended the later statute to govern. Donaldson v. United States, 653 F.2d 414, 418 (9th Cir. 1981).  In response, Plaintiff selectively quotes cases to argue that FOIA's "clear purpose" was to override what they term a "patchwork" of disparate disclosure laws.

However, FOIA's history does not indicate that concern over the effect of existing disclosure requirements, such as section 6104, prompted FOIA's enactment.  Rather, the only statute that FOIA intended to displace was the previous Section 3 of the Administrative

Procedures Act, which contained <u>non-disclosure</u> provisions giving agencies discretion to withhold information "for good cause" or "in the public interest," and which Congress consequently found to be "full of loopholes which allow agencies to deny legitimate information to the public." S. Rep. 80-813 at 3 (1965). Thus, in enacting FOIA, Congress was concerned about the effect of prior law permitting withholding, but did not express an intention or other "clear purpose" of displacing or modifying the specific disclosure scheme provided by statutes like section 6104. Plaintiff thus has not demonstrated that Congress expressly intended FOIA to apply to documents already required to be disclosed under existing statutes like section 6104. Therefore, section 6104, which is the more specific statute, governs disclosure of these documents rather than FOIA.

      C. Subsequent Amendments to Section 6104 Do Not Demonstrate that FOIA Applies

Plaintiff argues in the alternative that section 6104 was amended thirteen times subsequent to the passage of FOIA, and none of these amendments states that the section applies exclusively of FOIA. Relying on <u>Long</u>, it asserts that a failure by subsequent Congresses to expressly state that FOIA does not apply to information exempt under section 6104 means that when FOIA was enacted in 1967, it must have been meant to apply to the section. But "'the views of a subsequent Congress form a hazardous basis for inferring the intent of an earlier one.'" <u>S.D. v. Yankton Sioux Tribe</u>, 522 U.S. 329, 355 (1998).

Plaintiff nonetheless contends, citing <u>Long</u>, that a 1976 amendment, which made a slight modification to section 6104 by adding "letter or other document relevant to such application" for exemption to the list of documents disclosable under section 6104(a), indicates an intent for FOIA to apply to section 6104 materials. In <u>Long</u>, the Service argued that Code section 6103, 26 U.S.C. 6103, provided an exclusive disclosure regime independent of FOIA. In rejecting this

argument, the Ninth Circuit found significant the lack of a reference to FOIA when Congress made "extensive amendments" to the section in the same bill that enacted section 6110, which expressly exempted its disclosure regime from FOIA. 742 F.2d at 1177. Plaintiff argues that since section 6104 was also amended by that bill and was similarly silent as to FOIA, Long's logic dictates that it also does not operate exclusively of FOIA.

Long, however, is distinguishable. First, as it noted Long, the 1976 amendments to section 6103 were "extensive." In fact, the 1976 act completely overwrote the previous version of section 6103, essentially enacting a new statute. P.L. 94-455 § 1202(a)(1). In contrast, the act made only a minor change to subsection (a) of section 6104, merely adding one category of documents to section 6104's extensive list of covered records. Id. § 1201(d)(1). Congress rewrote section 6103 because of concerns that the Privacy Act did not sufficiently protect the tax data of individuals. Staff of the Jt. C'tee on Taxation, 94th Cong., General Expl. Of the Tax Reform Act of 1976, p. 315 (H.R. 10612) (Comm. Print 1976). The same concern would not have applied with respect to the organizations to which section 6104 applies, and thus only a minor insertion was made to that section.

Consequently, Long, in construing section 6103, was interpreting a law that was newly enacted in 1976, making the intent of the enacting Congress relevant. Views of the enacting Congress as to the minor insertion made to 6104, in contrast, are at most relevant to as to that insertion, but not as to the interpretation of section 6104 as a whole, which it left almost completely untouched. Consequently, Long does not provide a basis for disregarding the canon of construction that the silence of a later Congress can define the scope of a law enacted by a previous Congress. The fact that later Congresses did not specifically state that FOIA did not

apply to section 6104 materials when amending that section thus does not demonstrate that FOIA applies.[1]

### D. Section 6104, Unlike the Statutes in Julian, Provides a Comprehensive Disclosure Scheme for Information on Tax Exempt Organizations

Plaintiff alternately argues that section 6104 is not sufficiently specific, relying on Julian, which held that FOIA applied to presentence reports, even though a rule of criminal procedure and a related statute provided for disclosure of the document "at a reasonable time" prior to sentencing and again at least 30 days prior to a parole hearing. Julian distinguished these provisions from the Presidential Records and Materials Preservation Act, which the D.C. Circuit had held to supersede FOIA. Ricchio v. Kline, 773 F.2d 1389, 1395 (D.C. Cir. 1985). Plaintiffs contend, with no explanation, that section 6104 is more like the statute in Julian than in Ricchio and thus does not provide a comprehensive disclosure scheme that would apply in lieu of FOIA.

However, section 6104 is much more similar to the statute in Ricchio that was found to be sufficiently comprehensive to demonstrate an intent that it remain exclusive. Like section 6104, it specified categories of records that were subject to its provisions, Presidential Recordings and Materials Preservation Act, and specifically authorized the promulgation of

---

[1] Long is also distinguishable because it relied on section 6103's status as a law serving the purpose of precluding disclosure to find that it could not constitute a comprehensive disclosure regime that might displace FOIA. 742 F.2d at 1173 ("section 6103's purpose of confidentiality is not the same as FOIA's purpose of making information available to the public."). Further, as was true of Tax Analysts, the regulation implementing both section 6103 and 6104 at the time also failed to expressly indicate that the statute was meant to be exclusive, as it does now. Compare 26 C.F.R. § 601.702(d) (1984) (promulgated March 30, 1984) with 26 C.F.R. § 601.702(d) (2013) (promulgated July 17, 2002). Either of the foregoing distinctions render Long inapplicable here.

procedural rules governing their disclosure to the public.[2]  Presidential Recordings and Materials Preservation Act. §§ 101, 104(a)(5), 44 U.S.C.A. § 2111 (note).  In contrast, the statutes at issue in Julian simply governed the disclosure of one document type, and did not delegate any procedural rulemaking authority.  Thus, section 6104 is more like the comprehensive statute found to govern in lieu of FOIA in Ricchio, rather than terse statutes that Julian found distinguishable.

### E.  Records Disclosed In Accordance with Section 6104 Need Not Be Disclosed in a Particular Format

Plaintiff, citing no authority, contends that even if section 6104 governs rather than FOIA, disclosure under that section is subject to a "parallel" requirement that records be disclosed in a requested format if reasonable.  However, section 6104 has no such requirement, simply stating that the information must be disclosed at times and places determined by the agency. See 26 U.S.C. § 6104(b).  Further, as previously noted, the regulation implementing it expressly notes that "other procedures," different from the format requirements applicable to FOIA requests, apply to disclosure under the section. 26 C.F.R. § 6104(d).  Accordingly, Plaintiffs are not entitled to disclosure of the records they seek in the requested format.

---

[2] Plaintiff implies that section 6104 is not sufficiently comprehensive because it does not provide a judicial remedy for nondisclosure.  However, the provisions governing remedies in the statute at issue in Kline only provided for review of the regulations promulgated under the act, rather than the validity of the agency's response to any requests for disclosure. Presidential Recordings and Materials Preservation Act § 105, 42 U.S.C. § 2111 (note). Further, as noted by Long, judicial review might still be available under the provisions of the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq, even if FOIA does not apply. Long, 742 F.2d at 1178 n. 12.

IV.     Conclusion

Although we are prepared to demonstrate that Service is not equipped to redact confidential donor information from the files in the format requested by Plaintiff, we contend as a threshold matter that FOIA also does not apply to the records because their disclosure is provided for by section 6104.  Plaintiffs fail to demonstrate that FOIA applies to documents that are already subject to section 6104, and that Congress intended the more general statute to supplant this specific disclosure remedy.  Since section 6104 does not require disclosure of the records in Plaintiff's requested format, Plaintiff has failed to state a claim for relief.  Accordingly, its complaint should be dismissed.

DATED: October 25, 2013

                                Respectfully Submitted,

                                KATHRYN KENEALLY
                                ASSISTANT ATTORNEY GENERAL

                                <u>/s/ Yonatan Gelblum</u>
                                YONATAN GELBLUM
                                CHRISTOPHER W. SANDERS
                                U.S. DEPARTMENT OF JUSTICE, TAX DIVISION
                                P.O. Box 227
                                Washington, DC 20044
                                (202) 305-3136 (phone)
                                (202) 514-6866 (facsimile)
                                Yonatan.gelblum@usdoj.gov