THOMAS R. BURKE (CA State Bar No. 141930)
RONALD G. LONDON (Pro Hac Vice)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Phone: (415) 276-6500/Fax: (415) 276-6599
Email:       thomasburke@dwt.com

DAN LAIDMAN (CA State Bar No. 274482)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA  90017-2566
Phone: (213) 633-6800/Fax: (213) 633-6899
Email:       danlaidman@dwt.com

DAVID HALPERIN (Pro Hac Vice)
1530 P Street NW
Washington, DC  20005
Telephone:    (202) 905-3434
Email:       davidhalperindc@gmail.com

Attorneys for Plaintiff Public.Resource.Org

MELINDA HAAG
United States Attorney
KATHRYN KENEALLY
Assistant Attorney General, Tax Division
YONATAN GELBLUM (CA State Bar No. 254297)
CHRISTOPHER W. SANDERS
Trial Attorneys, Tax Division, U.S. Department of Justice
Post Office Box 227, Ben Franklin Station
Washington, D.C. 20044
Phone: (202) 616-1840/Fax: (202) 514-6866
Email: Christopher.W.Sanders@usdoj.gov

Attorneys for Defendant United States Internal Revenue Service

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC.RESOURCE.ORG., a California non-profit organization,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>Defendant. | Case No. 13-cv-02789 WHO<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:     June 18, 2014<br>Time:    2 p.m.<br>Dept:    Courtroom 2, 17th Floor |

1

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-cv-02789-WHO

DWT 24265173v1 0200593-000001

Plaintiff Public.Resource.Org, Inc. and Defendant United States Internal Revenue Service respectfully submit the following Joint Case Management Statement.

1. <u>Jurisdiction and Service</u>: Plaintiff contends that this Court has federal question jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B), 702, and 704, and 28 U.S.C. § 1331. Defendant contends that 5 U.S.C. § 552(a)(4)(B) does not provide subject matter jurisdiction here. All parties have been served and there are no disputes regarding personal jurisdiction or venue.

2. <u>Facts</u>: On March 11, 2013, Plaintiff filed a request under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* ("FOIA") with Defendant for the electronically filed Form 990s for nine tax-exempt charitable organizations. IRS Form 990, "Return of Organization Exempt from Income Tax," is used to assist Defendant in enforcement of the rules governing the tax-free status that is granted to nonprofit organizations. Among other information, a Form 990 details revenues and expenses, assets and liabilities, and additional information including compensation paid to executives, unrelated business income, whether the organization engages in lobbying activities, and the stated accomplishments of the organization. Plaintiff's FOIA request specifically sought the records in the Modernized e-File ("MeF") format used for the electronic filing of the forms through the Internet, or other machine-readable format.

On March 19, 2013, Defendant denied Plaintiff's request, stating that Form 990 records are exempt from FOIA and must be requested through a separate procedure, the IRS Form 4506-A, "Request for Public Inspection or Copy of Exempt or Political Organization IRS Form." Plaintiff sought reconsideration through a letter from its counsel on April 12, 2013, stating that the Form 4506-A procedure is inadequate because it only provides for releases of Form 990 data in "raw" or "alchemy" format, in which the original Form 990 data has been converted from MeF into an image file. Plaintiff contends that this reformatting makes the data extremely difficult to analyze.

On May 1, 2013, Defendant declined to reconsider the denial of Plaintiff's FOIA request. Defendant stated in a letter to Plaintiff's counsel that "Form 990 data in the MeF format do not constitute a recognizable record, but rather a continuous string of numbers that includes confidential return information. Our existing process for providing releasable copies of Form 990

is to convert the MeF data into a PDF format and withhold confidential return information from the resulting form." Defendant, the letter continued, "does not have an existing process to convert the releasable portion of Form 990 back into MeF (or other machine readable) format. For these reasons, we are unable to provide the requested records in MeF format because they are not readily reproducible in a form that also complies with IRC section 6103(c)." Plaintiff filed this lawsuit on June 18, 2013, seeking declaratory and injunctive relief under FOIA and the Administrative Procedure Act, 5 U.S.C. § 551, *et seq.* ("APA").

The principal factual issue in dispute is whether the Form 990 data that is the subject of Plaintiff's FOIA request is readily reproducible, with any legally permissible or mandated redactions, in machine-readable format, which Plaintiff would define as excluding information stored as a graphic file like the TIFF images produced by Defendant.

3. <u>Legal Issues</u>: The disputed points of law are: (a) whether Defendant's refusal to make the records available promptly in the format requested by Plaintiff violates FOIA, and in particular 5 U.S.C. § 552(a)(3)(B), which requires that a federal agency "shall provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format"; and (b) whether Defendant's determination that IRS Form 990s filed electronically by nonprofit organizations and received and maintained in MeF format are not agency "records" under FOIA, and/or that they are identical to non-machine-readable versions of Form 990s that Defendant treats as routinely available documents not subject to FOIA, is arbitrary and capricious and inconsistent with law in violation of the APA, 5 U.S.C. § 706(2)(A).

4. <u>Motions</u>: Defendant filed a motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which is set for hearing on June 18, 2014. If this action proceeds, the parties anticipate filing cross motions for summary judgment.

5. <u>Amendments to Pleadings</u>: Plaintiff does not currently anticipate any amendments to its Complaint.

6. <u>Evidence Preservation</u>: The parties have conferred and reviewed the Court's ESI Guidelines and taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

7. <u>Disclosures</u>:  Because of Defendant's pending dispositive motion, and given the nature of this FOIA action, the parties agree that any questions concerning discovery and initial disclosures, including whether discovery and initial disclosures are appropriate, shall be deferred pending a decision by the Court on Defendant's pending motion.

8. <u>Discovery</u>:  Please refer to the statement regarding disclosures above.

9. <u>Class Actions</u>:  This is not a class action.

10. <u>Related Cases</u>:  There are no related cases as defined under the Local Rules.

11. <u>Relief</u>:  Plaintiff requests that the Court grant the following relief:

   a. Declare under the APA that Defendant's policy that MeF-formatted Form 990s that it receives and maintains in MeF or other machine-readable form are not agency records subject to FOIA is arbitrary, capricious, and not in accordance with law;

   b. Permanently enjoin Defendant from refusing to produce Form 990 records in a machine-processable format in response to future FOIA requests for this information;

   c. Declare under FOIA that Defendant's failure and refusal to produce the requested Form 990 records in a machine-processable format sought by Plaintiff violates FOIA;

   d. Enjoin Defendant from withholding the MeF-formatted (or otherwise machine-readable) Form 990s for the nine nonprofit organizations that Plaintiff requested through its FOIA request, and order Defendant to make those records available to Plaintiff in MeF or other machine-processable format within 15 days of the Court's decision in this matter;

   e. Award Plaintiff its reasonable attorney's fees and costs; and

   f. Grant such other relief as the Court may deem just and proper.

12. <u>Settlement and ADR</u>:   The parties participated in an in-person mediation session with the Court-appointed mediator on January 24, 2014, and three follow-up telephonic mediation sessions on February 10, 2014, March 5, 2014, and April 1, 2014.  The parties were unable to agree upon a settlement at mediation.

4

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-cv-02789-WHO

DWT 24265173v1 0200593-000001

13. <u>Consent to Magistrate Judge</u>:  The parties do not consent to a magistrate judge.

14. <u>Other References</u>:  The parties do not believe that this case is suitable for any other reference.

15. <u>Narrowing of Issues</u>:  Should this action proceed, the parties anticipate that this matter will be resolved in its entirety by cross-motions for summary judgment.

16. <u>Expedited Trial Procedure</u>:  The parties do not believe that this matter is appropriate for expedited trial procedures.

17. <u>Scheduling</u>:  N/A.

18. <u>Trial</u>:  The parties anticipate that should this matter proceed, it will be resolved through the parties' cross-motions for summary judgment.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>:  Plaintiff is concurrently filing its Certification of Interested Entities or Persons, which states that other than the named parties, there are no interested entities or persons as defined under Civil L.R. 3-15.  Defendant is a governmental agency, and therefore it is exempt from this requirement under Civil L.R. 3-15(a).

20. <u>Other Matters</u>:  None.

DATED this 11th day of June, 2014.

| | |
|---|---|
| MELINDA HAAG | DAVIS WRIGHT TREMAINE LLP |
| United States Attorney | By: /s/ Thomas R. Burke |
| KATHRYN KENEALLY | THOMAS R. BURKE |
| Assistant Attorney General, Tax Division | Attorneys for Plaintiff Public.Resource.Org |
| YONATAN GELBLUM | |
| Trial Attorney, Tax Division | |
| By: /s/ Yonatan Gelblum | |
| YONATAN GELBLUM | |
| Attorneys for Defendant United States Internal Revenue Service | |

### **ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Thomas R. Burke, hereby attest that concurrences in the filing of this document have been obtained from each of the signatories.

/s/ Thomas R. Burke
Thomas R. Burke

JOINT CASE MANAGEMENT STATEMENT
Case No. 13-cv-02789-WHO

DWT 24265173v1 0200593-000001