1

2

3                        UNITED STATES DISTRICT COURT

4                      NORTHERN DISTRICT OF CALIFORNIA

5

6    PUBLIC.RESOURCE.ORG,                    Case No. 13-cv-02789-WHO   (WHO)

             Plaintiff,
7
                                             **ORDER DENYING DEFENDANT'S**
8          v.                                **MOTION TO DISMISS**

9    UNITED STATES INTERNAL REVENUE          Re: Dkt. No. 14
     SERVICE,
10
             Defendant.

11

12                             **INTRODUCTION**

13          This motion to dismiss presents the question of whether the Freedom of Information Act

14   ("FOIA") is superseded by section 6104 of the Internal Revenue Code, a previously enacted

15   disclosure statute concerning Form 990 filings.  Public.Resource.org ("PRO") seeks the tax return

16   data of several nonprofit organizations in "machine-readable format."  The United States Internal

17   Revenue Service ("IRS") refuses because it contends that FOIA is superseded by section 6104 and

18   its internal rules for releasing the requested data.  Because of the breadth of FOIA's disclosure

19   requirements, which has been repeatedly upheld by the courts, and the inapplicability of the cases

20   on which the IRS relies, there is no basis to conclude that FOIA is superseded by section 6104.

21   The IRS's motion is DENIED.

22                             **BACKGROUND**

23          On March 11, 2013, PRO submitted a request for tax return data to the IRS pursuant to

24   FOIA, 5 U.S.C. § 552.  PRO requested the Form 990 filings of nine tax-exempt organizations

25   from 2011, specifically in Modernized e-File (MeF) format or "any other machine-readable

26   format."  Complaint, Ex. F.  The IRS uses the MeF format for all Forms 990 filed electronically.

27          The IRS responded to PRO on March 19, 2013, indicating that data are "excluded from

28   disclosure in response to a written FOIA request" if such data are otherwise available through an

United States District Court
Northern District of California

United States District Court
Northern District of California

established agency procedure. Compl., Ex. G at 1. The IRS directed PRO to Form 4506-A, which the IRS developed exclusively for requesting copies of tax-exempt organizations' annual Form 990 filings. *Id.* Form 4506-A allows the public to request digital copies of tax information on either CDs or DVDs, and in either "Alchemy" or "raw" format. *Id.* at 2–3. Discs with Alchemy-formatted data contain image files that are searchable in a database using Alchemy software. Discs with raw data contain image files in Tagged Image File ("TIF") format.

PRO contends that neither format satisfies its request for "machine-readable" data, and that Form 4506-A is therefore "inadequate" to satisfy PRO's FOIA request. Compl., Ex. H at 1. On April 12, 2013, PRO's counsel wrote to the IRS to request that it reconsider its position. In response, the IRS stated in a letter dated May 1, 2013, that it was unable to comply with PRO's FOIA request because Forms 990 in MeF format contain data that are protected from disclosure by section 6103(a) of the Internal Revenue Code, and because the existing process for releasing electronically filed Forms 990 is to convert MeF data into a Portable Document Format ("PDF") replica of the paper form, then redact the protected information. Compl., Ex. I.

PRO then filed this action on June 18, 2013, seeking declaratory and injunctive relief under both FOIA and the Administrative Procedure Act ("APA"), 5 U.S.C. § 703. Compl. ¶¶ 61–62, 67–68. I heard argument on the IRS's motion to dismiss on June 18, 2014.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences

in the plaintiff's favor.  *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

However, the court is not required to accept as true "allegations that are merely conclusory,

unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Sec. Litig.*, 536

F.3d 1049, 1055 (9th Cir. 2008).

# DISCUSSION

The IRS seeks dismissal of both the FOIA and the APA causes of action for failure to state

a claim.  First, the IRS contends that section 6104 of the Internal Revenue Code, 26 U.S.C. §

6104, supersedes FOIA and precludes a FOIA claim.  Def.'s Mot. to Dismiss at 7.  Second, the

IRS contends that the APA claim must be dismissed "by necessity" as the corollary of a favorable

ruling on the FOIA claim.  *Id.* at 8.

## I.      THE FREEDOM OF INFORMATION ACT

FOIA requires that a federal agency, upon receipt of a valid FOIA request, "provide the

record in any form or format requested by the person if the record is readily reproducible by the

agency in that form or format."  5 U.S.C. § 552(a)(3)(B).  The scope of FOIA's disclosure

requirements is broad, and courts have repeatedly declined to impose limits on FOIA that the

statute itself does not expressly admit.  *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 79–80 (1973),

*superseded by statute on other grounds*; *Dep't of Interior v. Klamath Water Users Protective

Ass'n*, 532 U.S. 1, 7 (2001); *Maricopa Audubon Soc. v. U.S. Forest Serv.*, 108 F.3d 1082, 1085

(9th Cir. 1997).  Although FOIA provides enumerated exemptions to disclosure, these exemptions

"are 'explicitly made exclusive,' meaning that information not falling within any of the

exemptions has to be disclosed."  *Yonemoto v. Dep't. of Veterans Affairs*, 686 F.3d 681, 687 (9th

Cir. 2012) (citations omitted) (quoting *Mink*, 410 U.S. at 79); *see also* 5 U.S.C. § 552(b).

FOIA's breadth reflects its "central purpose of exposing to public scrutiny official

information that sheds light on an agency's performance of its statutory duties."  *U.S. Dep't of

Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750 (1989).  As this purpose

cannot be served by a disclosure scheme relying solely on ad hoc agency consent, FOIA

establishes a "comprehensive scheme," *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 153

(1989), that aims to "provide a 'workable formula' that 'balances and protects all interests.'"

United States District Court
Northern District of California

*Mink*, 410 U.S. at 80.  This formula is backstopped by the courts, which provide individuals an opportunity to vindicate their "judicially enforceable public right to secure . . . information from possibly unwilling official hands."  *Id.*; *see also* 5 U.S.C. § 552(a)(4)(B).

In its motion, the IRS does not dispute that it is an agency subject to FOIA, that the data in question qualify as "records" under the definition of the statute, or that the records were withheld.  Rather, the IRS argues that FOIA has no application because the requested documents fall within section 6104, which provides the exclusive means by which Form 990 data are releasable.  Def.'s Mot. to Dismiss at 1.  For the reasons discussed below, I reject the IRS's argument.

### A.    The statutory scheme of the Internal Revenue Code.

The IRS contrasts FOIA's broad language mandating disclosure with the "comprehensive nondisclosure paradigm anchored by [s]ection 6103 of the Internal Revenue Code."  Def.'s Mot. to Dismiss at 4.  Under section 6103, all tax returns are presumptively confidential "except as authorized by [title 26]."  26 U.S.C. § 6103(a).  Section 6104 provides one of several exceptions to this general nondisclosure rule, requiring, in relevant part, that Form 990 data "be made available to the public at such times and in such places as the Secretary may prescribe."  26 U.S.C. § 6104(b).  However, section 6104(b) does not "authorize the Secretary to disclose the name or address of any contributor to any organization or trust" required to file a Form 990.  *Id.* According to the IRS, section 6103 and 6104 operate jointly as a "controlling statutory scheme" for the release of Form 990 data, with each imposing complementary "nondisclosure mandates" on the IRS.  Def.'s Mot. to Dismiss at 4, 5.  The IRS also notes that the Treasury has issued a regulation specifically governing disclosure under section 6104, which describes how the Form 990 data may be viewed or obtained.  26 C.F.R. § 301.6104(b)-1 to (d)-1.

### B.    Section 6104 is distinguishable from statutes held to supersede FOIA.

The IRS argues that the specific and detailed statutory scheme governing disclosure of Forms 990 supersedes the more general requirements of FOIA.[1]  Here the IRS relies on the "well

---

[1]  Focusing on its argument that section 6104 preempts FOIA, the IRS *does not* argue that section 6104 creates a statutory exemption to FOIA under 5 U.S.C. § 552(b)(3).  FOIA's (b)(3) exemption provides that material can be withheld from production under FOIA where a statute "requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or

United States District Court
Northern District of California

United States District Court
Northern District of California

1    settled rule of statutory construction" that "a specific statute will not be controlled by a general

2    statute" unless there is clear legislative intent to the contrary.  Def.'s Mot. to Dismiss at 7;

3    *Donaldson v. U.S.*, 653 F.2d 414, 418 (9th Cir. 1981).  The IRS points to two lines of cases

4    finding FOIA's general disclosure requirements superseded by more specific alternatives — the

5    first dealing with section 6110 of the Internal Revenue Code, and the second dealing with the

6    Presidential Recordings and Materials Preservation Act of 1974.  Pub. L. 93–526, title I, §§ 101–

7    106, 88 Stat. 1695–1698 (hereinafter "Materials Act").

8         The IRS reads both the canon and the cases too broadly.  The textual touchstone for

9    evaluating whether a statute might supersede FOIA is not the level of precision with which the

10   statute defines covered records, but the comprehensiveness of its procedural scheme.  *See Julian v.*

11   *U.S. Dep't of Justice*, 806 F.2d 1411, 1420 (9th Cir. 1986), *aff'd*, 486 U.S. 1, 108 (1988) (finding

12   that FOIA was not superseded by a statute whose scheme lacked the "specificity or particularity

13   required to displace FOIA").  Both section 6110 and the Materials Act are distinguishable from

14   section 6104 in this respect.

15        In *Tax Analysts v. I.R.S.*, the District Court held that the detailed provisions of Section

16   6110, enacted after FOIA as part of the Tax Reform Act of 1976, indicated that Congress intended

17   to supplant FOIA disclosure with respect to requests for the IRS's written determinations.  *Tax*

18   *Analysts v. I.R.S.*, No. CIV.A. 96–2285, 2000 WL 689324 (D.D.C. Mar. 31, 2000), at *1.  The

19   Ninth Circuit similarly noted that section 6110 "replace[d] the procedures of FOIA . . . [with] a

20   new set of procedures to be applicable to requests under section 6110."  *Long v. U.S. I.R.S.*, 742

21   F.2d 1173, 1178 (9th Cir. 1984).  The *Long* court found that the wholesale displacement of FOIA

22   procedures in section 6110 was indicative of Congress's desire to displace FOIA itself.  *Id.*

23        The disclosure scheme provided by section 6104 is simply not of the same kind as that

24   provided by section 6110, which sets forth detailed rules governing "[e]xemptions from

25   disclosure" that plainly operate as a more limited replacement for the exemptions in FOIA itself.

26   *Compare* 26 U.S.C. § 6110(c) (1982) *with* 5 U.S.C. § 552(b) (1982).  Section 6110 lays out

27

28   [] establishes particular criteria for withholding or refers to particular types of matters to be
     withheld."  5 U.S.C. § 552(b)(3)(A).

independent administrative remedies for disclosure disputes, 26 U.S.C. § 6110(f)(2)–(3) (1982),

independent judicial remedies, § 6110(f)(4)–(5), and a schedule for disclosure and postponement

of disclosure.  § 6110(g)(1)–(4).  It also establishes a specific forum for civil suits and an

independent scheme for damages.  *Compare* 26 U.S.C. § 6110(i) (1982) *with* 5 U.S.C. §

552(a)(4)(B)–(G) (1982).  Most importantly, section 6110 expressly supersedes FOIA.  26 U.S.C.

§ 6110(l) (1982); *see also Church of Scientology of Cal. v. I.R.S.*, 792 F.2d 146, 149 (D.C. Cir.

1986) ("Significantly, Congress did not leave us to speculate whether [section 6110] was

comprehensive enough to constitute an implicit *pro tanto* repeal of FOIA; the last subsection

specifies that the prescribed civil remedy in the Claims Court shall be the exclusive means of

obtaining disclosure . . . .).

By contrast, section 6104 provides that Forms 990 should generally be made available for

disclosure, with certain precise exceptions.  This is manifestly different from a statute that purports

to alter the procedural elements of FOIA and the means of judicial review.  The content of section

6104 is more consistent with the IRS's depiction of the statute as a carefully delineated exception

to the general nondisclosure rule from section 6103, Def.'s Mot. to Dismiss at 4, that the Ninth

Circuit has already found insufficient to supersede FOIA.  *Long*, 742 F.2d at 1178 ("[Congress's]

failure to do likewise in amending section 6103 is highly persuasive of an intent not to preempt the

procedural provisions of FOIA as to requests under section 6103.").  Absent express language or a

procedural scheme ostensibly displacing FOIA procedures, section 6104 — like section 6103 —

cannot be held to supersede FOIA.

The Materials Act case, *Ricchio v. Kline*, 773 F.2d 1389, 1394–95 (D.C. Cir. 1985), is

inapposite.  The Materials Act created a procedure for collecting and making public certain

"historical materials" related to "abuses of governmental power" during the Nixon Administration.

Pub. L. 93–526, title I, §§ 101(b), 104(a), 88 Stat. 1695–1697 (1974).  The statute required the

General Services Administration to propose public access regulations consistent with seven

enumerated factors, including affected individuals' right to an impartial trial, the protection of

national security, and the private interest of President Nixon and his heirs in materials of trivial

historical value.  § 104(a), 88 Stat. 1696–1697.  These regulations were then submitted to

1    Congress and subject to potential disapproval. § 104(c), 88 Stat. 1697. The Act did not contain

2    express language superseding FOIA.

3         In considering the statute, the D.C. Circuit in *Ricchio* found that "Congress provided a

4    comprehensive, carefully tailored and detailed procedure designed to protect both the interest of

5    the public . . . and of President Nixon." *Ricchio*, 773 F.2d at 1395. The court held that the

6    Materials Act was intended to supplant FOIA as the exclusive method for obtaining specific

7    documents of great public interest, namely "the Watergate Force's transcripts of the tape

8    recordings of President Nixon's White House conversations." *Id.*; *see also Julian*, 806 F.2d at

9    1420. The court made clear that FOIA was superseded only with respect to this "specific,

10   narrowly limited material," and not with respect to the vast remainder of presidential records to

11   which the Materials Act disclosure scheme also applied. *Ricchio*, 773 F.2d at 1395; *see Reporters*

12   *Comm. for Freedom of the Press v. Sampson*, 591 F.2d 944, 948 & n.12 (D.C. Cir. 1978) ("[W]e

13   believe that the existence of an alternate method of access is completely compatible with

14   Congress's intent to guarantee that materials from the Nixon presidency [be] available to the

15   public.").

16        The IRS asserts that section 6104 compares favorably with the Materials Act in that both

17   "specif[y] categories of records that [are] subject to [their] provisions . . . and specifically

18   authorize[] the promulgation of procedural rules governing their disclosure to the public." Reply

19   at 8. That much is true. However, a statute cannot be "comprehensive enough" to supersede

20   FOIA simply by specifying categories of records exempt from disclosure, since this is a means of

21   identifying statutory exemptions *pursuant* to FOIA. 5 U.S.C. § 552(b)(3)(A). If this sufficed,

22   most statutory exemptions would supersede FOIA. Moreover, in the Materials Act, Congress

23   authorized the creation of public disclosure regulations under specific constraints, in a unique

24   context, and in a tightly controlled fashion. *See* §§ 102–104, 88 Stat. 1696–1698. The disclosure

25   rules were to be submitted to Congress, tailored to the sensitive circumstances surrounding

26   disclosure of the president's Watergate-related records and subject to judicial review on specified

27   terms. § 105, 88 Stat. 1698. Even then, the D.C. Circuit held that FOIA was only superseded with

28   respect to a small, closed subset of presidential records. *Ricchio*, 773 F.2d at 1395. *Ricchio* does

United States District Court
Northern District of California

7

1    not provide persuasive guidance for this case. *See Julian*, 806 F.2d at 1420 (distinguishing the

2    Materials Act from the procedures governing disclosure of prisoners' presentence investigation

3    reports, while also declining to adopt the reasoning in *Ricchio*).

4              **C.    Legislative history and intent indicate that FOIA applies to section 6104.**

5              The IRS also argues that the relationship between section 6104 and FOIA is ambiguous as

6    a result of FOIA's later date of enactment. Def.'s Mot. to Dismiss at 7 ("Because [s]ection 6104

7    predates the FOIA, it is not required to include specific language as to its effect on the FOIA, and

8    the Court must instead turn to traditional rules of statutory construction."). Again the IRS stresses

9    that "a precisely drawn, detailed statute preempts more general statutory remedies," and the IRS

10   argues that this resolves the ambiguity between the statutes in favor of section 6104. Mot. to

11   Dismiss at 7 (quoting *Brown v. General Services Administration*, 425 U.S. 820, 834–35 (1976)).

12             The IRS's argument is again overbroad. Courts will defer to the more narrowly drawn

13   statute only "where there is no clear legislative intent to the contrary." *Donaldson*, 653 F.2d at

14   418. Although the intent of section 6104 may be ambiguous in relation to FOIA, the reverse is not

15   true. Courts have consistently understood FOIA as intended for broad application, with only

16   limited exceptions. *Church of Scientology of Cal.*, 792 F.2d at 149 ("FOIA is a structural statute,

17   designed to apply across-the-board to many substantive programs; it explicitly accommodates

18   other laws by excluding from its disclosure requirement documents 'specifically exempted from

19   disclosure' by other statutes, 5 U.S.C. § 552(b)(3)."); *see also N.L.R.B. v. Robbins Tire & Rubber

20   Co.*, 437 U.S. 214, 220–21 (1978).

21             While I am leery of going down the path of legislative history too far, as the IRS invites

22   me to do, I note my disagreement with its analysis. The IRS attempts to draw a distinction

23   between pro-disclosure and nondisclosure statutes in FOIA's legislative history. Reply at 5–6. As

24   it notes, FOIA arose in response to expansive agency interpretations of the discretion previously

25   afforded under section 3 of the APA to deny access to public records. *Id.* at 5; S. REP. NO. 89–813

26   at 38–39 ("After it became apparent that section 3 of the Administration Procedure Act was being

27   used as an excuse for secrecy, proposals for change began."). The IRS contends that this

28   demonstrates Congress's intent to apply FOIA only to those documents previously subject to

United States District Court
Northern District of California

8

1    discretionary withholding under section 3 of the APA, and not to statutory schemes that provided

2    disclosure by other means at the time of FOIA's original enactment.  Reply at 6.  As section 6104

3    predated FOIA and provided such other means, the IRS argues that section 6104 must supersede.

4         This argument is unpersuasive for several reasons.  First, it mistakes legislative motivation

5    for legislative intent, improperly reading the purpose of the statute as limited to the set of

6    circumstances that gave rise to it.  Such a narrow reading yields results incompatible with the

7    language of FOIA, 5 U.S.C. § 552(b)(3), and the legislative record.  S. REP. NO. 89–813 at 38 ("It

8    is the purpose of the present bill to eliminate [portions of section 3 of the APA], to establish a

9    general philosophy of full agency disclosure unless information is exempted under clearly

10   delineated statutory language and to provide a court procedure by which citizens and the press

11   may obtain information wrongfully withheld.").  FOIA is broad precisely because Congress

12   sought a comprehensive solution to what it viewed as a wide-ranging problem.  *Mink*, 410 U.S. at

13   79–80.  The pre-FOIA disclosure statutes will necessarily be narrower by comparison.  FOIA's

14   breadth cannot be both its purpose and its undoing.  As the Supreme Court has held, "the clear

15   legislative intent of the FOIA [is] to assure public access to all governmental records whose

16   disclosure would not significantly harm specific governmental interests."  *Dep't of Air Force v.*

17   *Rose*, 425 U.S. 352, 365 (1976) (internal parentheses omitted) (quoting *Soucie v. David*, 448 F.2d

18   1067, 1080 (D.C. Cir. 1971)).

19        Second, where genuine disputes exist as to the legislative intent of FOIA, "the recognized

20   principal purpose of the FOIA requires [courts] to choose that interpretation most favoring

21   disclosure."  *Rose*, 425 U.S. at 366; *see generally Sinito v. U.S. Dep't of Justice*, 176 F.3d 512,

22   514 (D.C. Cir. 1999) (discussing FOIA remedies and FOIA's potential function as a remedial

23   statute).  The IRS advances a theory by which any pre-existing disclosure statute could

24   conceivably supplant FOIA, even where the pre-existing statute provides for significantly less

25   disclosure than mandated by FOIA.  Reply at 6.  FOIA's pro-disclosure purpose would then be

26   frustrated not by earlier nondisclosure statutes, but by earlier statutes with comparable pro-

27   disclosure aims.  Absent clear language to that effect, I cannot accept that Congress intended

28   FOIA's "'workable' rules" of disclosure to turn on such an opaque distinction.  *F.T.C. v. Grolier*

United States District Court
Northern District of California

1   *Inc.*, 462 U.S. 19, 27 (1983) (holding, in the context of FOIA's (b)(5) exemption, that

2   "establishing a discrete category of exempt information[] implements the congressional intent to

3   provide 'workable' rules").

4         Finally, the IRS contends that Congress, after enacting FOIA, "could have amended

5   [s]ection 6104 to indicate that the FOIA would provide the scheme for the production of Forms

6   990, but it declined to do so." Def.'s Mot. to Dismiss at 7, 8. However, the IRS offers nothing to

7   suggest that failing to introduce such an amendment was an affirmative act. Indeed, failure to

8   amend is equally strong evidence of Congress's expectation that FOIA already governed.

9       **D.**    **The relationship between sections 6104 and 6103 confirms that FOIA governs.**

10         The IRS frames section 6104 as operating within a statutory scheme "anchored by

11   [s]ection 6103," in which adjacent subsections of section 6104 operate as pro-disclosure and

12   nondisclosure mandates with respect to specific records. Def.'s Mot. to Dismiss at 4; 26 U.S.C.

13   § 6104(a), (b). The IRS notes that without section 6104, release of Forms 990 would be

14   completely barred by the nondisclosure provision for tax return information in section 6103(a).

15   Def.'s Mot. to Dismiss at 8. The D.C. Circuit has generally accepted such a view of the statutes'

16   relationship to one another. *Tax Analysts v. I.R.S.*, 214 F.3d 179, 183 (D.C. Cir. 2000) ("I.R.C.

17   § 6104 therefore may be characterized as an exception to the exception from the general disclosure

18   rule offered by FOIA Exemption 3 and I.R.C. § 6103."); *see also Lehrfeld v. Richardson*, 132 F.3d

19   1463, 1467 (D.C. Cir. 1998).

20         However, it is unclear on what basis this depiction of section 6104 advances the IRS's

21   position on FOIA preemption. Indeed, the Ninth Circuit has already considered and rejected the

22   FOIA preemption argument with respect to section 6103. *Long*, 742 F.2d at 1177–78

23   ("Exemption 3 of FOIA was designed to give effect to just such explicit nondisclosure statutes as

24   section 6103."); 5 U.S.C. § 552(b)(3). The D.C. Circuit has reached the same conclusion on

25   multiple occasions. *Tax Analysts v. I.R.S.*, 117 F.3d 607, 611 (D.C. Cir. 1997) ("That § 6103 is

26   the sort of nondisclosure statute contemplated by FOIA exemption 3 is beyond dispute.");

27   *Maxwell v. Snow*, 409 F.3d 354, 355 (D.C. Cir. 2005) ("Section 6103 thus 'does not supersede

28   FOIA but rather gives rise to an exemption under Exemption 3' and FOIA procedures must still be

United States District Court
Northern District of California

10

1   followed in applying § 6103." (quoting *Church of Scientology of Cal.*, 792 F.2d at 149–50)).  If a

2   tension exists between the pro-disclosure purposes of FOIA and the confidentiality interests of

3   section 6103, FOIA itself provides the mechanism for reconciling the two.  Therefore, in linking

4   together sections 6103 and 6104 as "a comprehensive nondisclosure paradigm," the IRS

5   articulates an argument not for preempting FOIA, but for a statutory exemption pursuant to FOIA.

6   Def.'s Mot. to Dismiss at 4.  Statutes providing such an exemption are subsumed within FOIA,

7   and the burden then lies with the federal agency to demonstrate that the exemption applies to the

8   discrete record request at issue.  *Kamman v. U.S. I.R.S.*, 56 F.3d 46, 48 (9th Cir. 1995); 5 U.S.C. §

9   552(a)(4)(B).

**E.    IRS regulations cannot be found to supersede FOIA absent statutory intent.**

11      Finally, the IRS relies on the detailed access provisions contained in the regulation adopted

12   to effect section 6104's mandates.  Section 6104 delegates to the Secretary of the Treasury the

13   authority to promulgate certain implementing regulations.  26 U.S.C. § 6104(b) ("The information

14   required to be furnished [by section 6104] . . . shall be made available to the public at such times

15   and in such places as the Secretary may prescribe.").  The IRS contends that — at least as of

16   November 2002 — Treasury adopted regulations that "expressly construe[] section 6104 as

17   providing a comprehensive and exclusive disclosure scheme."  Reply at 4–5; *see* 26 C.F.R. §

18   601.702(d)(3).

19      However, the IRS misstates the extent of the Secretary's power.  The rulemaking power is

20   only a limited grant of authority "to adopt regulations to carry into effect the will of Congress as

21   expressed by the statute."  *U.S. v. Larionoff*, 431 U.S. 864, 873 n.12 (1977).  If a dispute arises as

22   to proper statutory interpretation, courts and federal agencies must defer to congressional intent.

23   *Lessner v. U.S. Dep't of Commerce*, 827 F.2d 1333, 1335 (9th Cir. 1987).  "If the intent of

24   Congress is clear, that is the end of the matter."  *Chevron, U.S.A., Inc. v. Natural Res. Def.*

25   *Council, Inc.*, 467 U.S. 837, 842 (1984).

26      As discussed, the congressional intent behind FOIA is clear, and nothing in the text,

27   structure, purpose, or legislative history of either statute indicates that section 6104 should

28   supersede FOIA.  *See Tax Analysts v. I.R.S.*, 350 F.3d 100, 103 (D.C. Cir. 2003) (holding that

United States District Court
Northern District of California

1   certain regulations implementing section 6110 were inconsistent with the statute's meaning, as

2   determined by these "traditional tools of statutory interpretation" (quoting *Pharm. Research &*

3   *Mfrs. of Am. v. Thompson*, 251 F.3d 219, 224 (D.C. Cir. 2001))).  The IRS cannot achieve through

4   rulemaking what it was not permitted to do by Congress.

5   **II.**   **ADMINISTRATIVE PROCEDURE ACT**

6          As an alternative to its claims under FOIA, PRO seeks declaratory and injunctive relief

7   under the APA, challenging as arbitrary and capricious the IRS's determination that Forms 990 in

8   MeF format are not required to be released under FOIA.  Compl. ¶¶ 61–62.  The IRS argues that

9   this claim should be dismissed for the same reason as the FOIA claim — that section 6104

10  preempts FOIA.  Def.'s Mot. to Dismiss at 8.  As I have determined that section 6104 does not

11  preempt, and as the IRS raises no additional arguments, the IRS's motion fails with respect to the

12  APA claim.  While PRO will eventually have to elect its remedy, it need not do so now.

## CONCLUSION

13          For the reasons set forth above, Defendant's motion to dismiss for failure to state a claim is

14  DENIED.

15          **IT IS SO ORDERED.**

16  Dated: June 20, 2014



17

18  _____

19  WILLIAM H. ORRICK
    United States District Judge

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*