1
2
3
4                         UNITED STATES DISTRICT COURT
5                       NORTHERN DISTRICT OF CALIFORNIA
6
7   PUBLIC.RESOURCE.ORG,                      Case No.   13-cv-02789-WHO
8              Plaintiff,
9        v.                                   **ORDER ON CROSS-MOTIONS FOR
                                              SUMMARY JUDGMENT**
10  UNITED STATES INTERNAL REVENUE
    SERVICE,                                  Re: Dkt. Nos. 46, 47
11             Defendant.
12        The Freedom of Information Act (FOIA) requires federal agencies to provide records in

13  the format requested by the requester if the records are readily reproducible, absent compelling

14  evidence of significant interference or burden.  Here, the IRS objects to a request that it produce

15  nine Form 990s to plaintiff Public.Resource.org in the Modernized E-file (MeF) format even

16  though there is no dispute that the nine Form 990s at issue were submitted to the IRS in the MeF

17  format and that the IRS maintains them in the MeF format.  The IRS asserts that its policy of

18  producing Form 990s only as image files complies with the FOIA and that the $6200 cost of

19  responding to the request for disclosure of nine Form 990s in the MeF format excuses it from

20  complying with Public.Resource.org's request.  Based on the undisputed facts before me, I find

21  that the IRS is required under the FOIA to produce to Public.Resource.org the small set of

22  documents it requested in the MeF format.

23                                   **BACKGROUND**

24        On March 11, 2013, plaintiff Public.Resource.org submitted a FOIA request to defendant

25  United States Internal Revenue Service (IRS) seeking release in Modernized E-file (MeF) format

26  of Form 990s for nine tax exempt organizations that had been filed electronically.  The IRS

27  refused to provide the requested Form 990s in the MeF format, stating that "Form 990 data in the

28  MeF format do not constitute a recognizable record, but rather a continuous string of numbers that

United States District Court
Northern District of California

includes confidential return information.  Our existing process for providing releasable copies of Forms 990 is to convert the MeF data into a PDF format and withhold confidential return information from the resulting form." Ex. I to Complaint.  The IRS explained that it did not have an existing process to convert the releasable portions of the Form 990s back into MeF and for those reasons was "unable to provide the requested records in MeF format because they are not readily reproducible in a form" that complies with IRS requirements to redact certain information from released Form 990s.  *Id.*

Since 1998, the IRS has used its "SEIN system" to process requests for copies of Form 990s.  Declaration of Jalynne Archibald [Docket No. 46-5], ¶ 1-3.  Using SEIN, IRS staff convert both paper-filed Form 990s and MeF-filed Form 990s into TIF image files; follow establish protocols to redact exempt information; and then process the image files for release to requestors.  Archibald Decl., ¶¶ 3-5, 12-13, 16.  Using SEIN to process and release to the public Form 990s – which under current IRS procedures can only be produced as image files in a "raw" or searchable "alchemy" format – costs the IRS approximately $1.63 per Form 990.  Declaration of Maria D. Hooke [Docket No. 46-7], ¶ 6.

The IRS does not dispute that the requested Form 990s were e-filed in the MeF format and are currently maintained by the IRS in the MeF format.  However, the IRS argues that production of the nine Form 990 in MeF is not "readily" or "reasonably" available because the IRS has not developed protocols or trained staff to be able to redact sensitive information that is exempt from disclosure in the MeF format.  In order to comply with Public.Resource.org's  request and produce the nine Form 990 in MeF, the IRS asserts it would have to shift significant resources – at a cost of $6200 – to develop  a new protocol, train its employees, and develop the technical capacity to produce the requested Form 990s with exempt information redacted.  Declaration of Lisa Rosenmerkel [Docket No. 46-6] ¶¶ 9-15.  The IRS argues that having to undertake these extensive efforts and expense demonstrate as a matter of law that production of Form 990s is not "readily producible" in the MeF format and not "reasonable" under FOIA.

Public.Resource.org counters that the burden on the IRS to produce the Form 990s is irrelevant because the IRS already maintains these documents in the exact format requested.  The

organization also disputes the factual assertions regarding the difficulty and expense the IRS would need to bear in order to comply with its discrete request for nine Form 990s in the MeF format.  Finally, Public.Resource.org contends that production of the information in MeF format – as opposed to production as image files through SEIN – would enhance the public's ability to review and study the data contained in those Form 990s.  Declaration of Carl Malamud [Docket No. 48], ¶¶ 19, 32-34; Declaration of Beth Simone Noveck [Docket No. 49], ¶ 6-10; Declaration of Scott Klein [Docket No. 50], ¶¶ 6-8.  Production of the data in MeF format would allow Public.Resource.org and other requestors to more easily review the operations of the non-profit entities who submit Form 990s, but would also shed additional light on the IRS's operations; specifically how the IRS treats different non-profit entities and how well the IRS complies with its statutory duties to release certain information and withhold other information about the Form 990 filers.  Malamud Decl. ¶ 19; Noveck Decl. ¶¶ 10-13.

After Public.Resource.org filed suit, the IRS moved to dismiss on the ground that its regulations on the production of Form 990s applied instead of the FOIA. I denied the motion to dismiss, finding that the requirements of the FOIA applied to Public.Resource.org's request.  The parties cross-moved for summary judgment, and I heard argument on January 14, 2015.

## LEGAL STANDARD

The FOIA requires federal agencies to release all non-exempt agency records responsive to a request for production.  5 U.S.C. § 552(a)(3)(A).  Under the E-FOIA amendments passed in 1996, agencies are also required to "provide the record in any form or format requested by the person if the record is readily reproducible by the agency in that form or format." 5 U.S.C. § 552(a)(3)(B).  Finally, "[e]ach agency shall make reasonable efforts to maintain its records in forms or formats that are reproducible for purposes of this section."  *Id*.  A court should afford "substantial weight" "to an affidavit of an agency concerning the agency's determination" as to "reproducibility under paragraph (3)(B)." 5 U.S.C. § 552(a)(4)(B).  However, this deference "does not amount to a blanket exemption from judicial review of the agency's justification for declining to comply with a specific format request or failing to maintain records in readily reproducible formats. . . ."  *Scudder v. CIA*, 25 F. Supp. 3d 19, 39 (D.D.C. 2014).

United States District Court
Northern District of California

3

The E-FOIA amendments reflect "a Congressional choice to expand, rather than narrow, the agencies' obligations under FOIA and to encourage government agencies to use advancing computer technology . . . not only to conduct agency business and store data but also 'to enhance public access' to records." *TPS, Inc. v. United States DOD*, 330 F.3d 1191, 1195-96 (9th Cir. 2003); *see also Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 202 (D.D.C. 2013) ("the legislative history of the E-FOIA Amendments elaborated on this purpose, observing that the objective of 'promoting greater efficiency in responding to FOIA requests . . . includes using technology to let requesters obtain information in the form most useful to them.'" (quoting H.R. Rep. 104-795, at 11 (1996)).  Executive Order 13642, issued on May 9, 2013, confirmed that "the default state of new and modernized Government information resources shall be open and machine readable.  Government information shall be managed as an asset throughout its life cycle to promote interoperability and openness, and, wherever possible and legally permissible, to ensure that data are released to the public in ways that make the data easy to find, accessible, and usable."  78 FR 28111, 28112 (2013).

The E-FOIA amendments also recognized that the burden on an agency to comply with a request to produce documents in a particular electronic format is a factor to consider in determining whether records are "readily reproducible."  *See, e.g.*, ELECTRONIC FREEDOM OF INFORMATION AMENDMENTS OF 1996, 104 H. Rpt. 795 ("An unreasonable effort would significantly interfere with the operations of the agency or the agency's use of its computers."); *TPS, Inc.*, 330 F.3d at 1195 ("When an agency already creates or converts documents in a certain format . . . requiring that it provide documents in that format to others does not impose an unnecessarily harsh burden, absent specific, compelling evidence as to significant interference or burden."); *Scudder v. CIA*, 25 F. Supp. 3d at 33 (rejecting argument that "readily reproducible" simply means technical capability or feasibility, without any analysis of burden on an agency).

## DISCUSSION

## I.   THE NINE FORM 990S ARE "READILY PRODUCIBLE" IN THE MEF FORMAT

As an initial matter, there is no dispute that the nine Form 990s at issue were e-filed in the

United States District Court
Northern District of California

MeF format and are currently maintained by the IRS in the MeF format.[1]  The only question is

whether the fact that the IRS would need to spend $6200 to develop protocols and train staff to be

able to redact exempt information from the Form 990s at issue in the MeF format before the non-

exempt information is produced means those Form 990s are not "readily producible" as a matter

of law under the FOIA.[2]  In making that determination, I consider not only the fact that Form 990s

are currently maintained in MeF, but also the purported burden the IRS would face if required to

produce the requested nine Form 990s in MeF format after redacting exempt information.[3]

Contrary to Public.Resource.org's position (*see* Cross-Motion [Docket No. 47] at 10, the Ninth

Circuit has indicated that "when an agency already creates or converts documents in a certain

format . . . requiring that it provide documents in that format to others does not impose an

unnecessarily harsh burden, *absent specific, compelling evidence as to significant interference or*

*burden*." *TPS, Inc. v. United States DOD*, 330 F.3d at 1195 (emphasis added).  The agency's

evidence of burden, however, must be not only compelling, but also demonstrate that compliance

with a request would imposes a *significant* burden or interference with the agency's operation.  *Id.*

The IRS argues that requiring it to comply with the request at a cost of $6200 would

impose a significant burden and interfere with its other responsibilities.  It points out that it is the

---

[1] Therefore, the cases relied on by the IRS for the proposition that an agency need not preserve records that have not been requested (*Kissinger v. Reporters Comm. for Freedom of Press*, 445 U.S. 136, 155 n.9 (1980); *Kim v. United States DOI*, 859 F. Supp. 2d 13, 18 (D.D.C. 2012)) and need only produce records that are currently within an agency's control (*United States DOJ v. Tax Analysts*, 492 U.S. 136, 145 (1989); *Jones v. FBI*, 41 F.3d 238, 249 (6th Cir. 1994)) are inapposite. Similarly, the IRS's cases standing for the proposition that an agency need not engage in "unreasonable searches" are likewise inapposite because here the IRS admits it maintains and can easily locate the nine requested Form 990s.  *But see Trentadue v. FBI*, 572 F.3d 794, 797 (10th Cir. 2009) (FOIA cannot "be read to demand that an agency provide every nonexempt requested document regardless of the cost of locating it"); *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 892 (D.C. Cir. 1995) (requiring agency to search through 23 years of unindexed files would impose an unreasonable burden on the agency); *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978) ("all-encompassing search" of the records of every field office of the FBI not required; must search only where requestor reasonably describes records that an employee can locate with a "reasonable amount of effort.").
[2] I review the evidence of burden on the request before me, not the cost of developing software to routinize responses to all future requests for Form 990 data.  For that reason, the declarations of Dwayne Ross that estimate the total cost of implementing new software are not relevant to my analysis.
[3]  There is no dispute the various portions of the Form 990s are exempt from disclosure, including Schedule B donor information.  *See, e.g.,* Archibald Decl. ¶ 16.

United States District Court
Northern District of California

1    only agency still operating under a "sequestration-level" budget and has sustained significant

2    reductions of staffing and the freezing of new IT initiatives because of lack of funds.  *See*

3    Declaration of Adina Leach [Docket No. 46-2], ¶¶ 4-6.  The wisdom of Congressional

4    appropriations is not an issue before me.  The fact that an agency may be under significant

5    financial distress because it is underfunded does not excuse an agency's duty to comply with the

6    FOIA.  There is no evidence that the general business of the IRS or even the business of the IRS

7    employees tasked with responding to FOIA requests will be *significantly* burdened or affected by

8    fulfilling Public.Resource.org's request for production of nine Form 990s in MeF.

9        The IRS also says that in order to comply with Public.Resource.org's request, it will need

10   to develop new protocols and train staff, and that work would have to be done by higher level

11   staff.  Public.Resource.org disputes some of the assertions in the IRS declarations regarding the

12   time required to redact exempt information and the level of staff needed to comply with its

13   request.  *See, e.g.,* Malamud Decl. ¶ 31; Declaration of Clay Johnson [Docket No. 54], ¶¶ 16-24;

14   Declaration of Tim Bray [Docket No. 55], ¶¶ 15-20; *but see* Second Declaration of Lisa

15   Rosenmerkel [Docket No. 56-3], ¶¶ 11-37.  Assuming that the IRS is correct, it has failed to make

16   a compelling showing that accommodating the request to produce nine Form 990s in MeF at a cost

17   of $6200 – much of which is characterized by the government as "one-time expenses" to set up a

18   protocol and train staff – would significantly burden or interfere with the agency's ability to

19   respond to FOIA requests or meet its other responsibilities.

20       That the IRS will have to develop new protocols and train staff to respond to

21   Public.Resource.org's request does not somehow excuse its need to comply with E-FOIA.  If that

22   was a valid excuse, anytime there was a request for production in a format that the agency has not

23   accommodated before, the agency could argue undue burden.[4]  To the contrary, in enacting E-

24   FOIA, Congress expressly recognized that new and changing technology could improve both

25   agency FOIA compliance and public access to government information, and as such, Congress

26

27   ───────────────
     [4]   The same would be true of a request for records an agency has not had to produce before.
28   Numerous types of FOIA requests could force an agency to develop protocols and train employees
     on production.

United States District Court
Northern District of California

1    demanded that agencies act proactively to enhance public access to and use of government

2    information.  *See, e.g., TPS, Inc. v. United States DOD*, 330 F.3d at 1195-96; *Nat'l Sec.*

3    *Counselors v. CIA*, 960 F. Supp. 2d 101, 202 (D.D.C. 2013).

4         Relatedly, the IRS portrays Public.Resource.org's request for production in the MeF

5    format as "unique," presumably to convince me that production in MeF format should not be

6    required in light of its current use of the SEIN system and the burden of producing the requested

7    Form 990s in MeF.  However, it seems likely that Public.Resource.org's request for production in

8    MeF is "unique" because the IRS by its own admission *requires* requesters to use its Form 4506-A

9    ("Request for Public Inspection or Copy of Exempt Organization IRS Form.").  Declaration of

10   Denise Higley [Docket No. 46-3], ¶¶ 4, 8.  That form offers requestors a choice of production in

11   only two formats: tif files in "raw" or "alchemy."  *Id.* ¶ 5.  The IRS cannot defeat

12   Public.Resource.org's request for disclosure of information in the MeF format by relying on its

13   own prior practices that are inconsistent with the E-FOIA amendments.

14        It is worth noting that the "one-time expenses" related to developing a protocol and

15   training staff may well be recouped if the IRS receives and responds to other modest requests for

16   Form 990s in MeF in the future.  In this decision, I have confined my analysis to determining

17   whether the imposition of $6200 in expenses to produce nine Form 990s would cause a significant

18   burden or interference with IRS functions and have not considered (and need not consider)

19   whether a broader request for more Form 990s in MeF format would unduly burden the IRS.

20   However, the record demonstrates that if the IRS were to comply with additional requests for

21   production of Form 990s in MeF, the costs would be significantly less than for these initial nine

22   requested by Public.Resource.org.

23        Based on the evidence before me, requiring the IRS to respond to Public.Resource.org's

24   limited request for nine Form 990s in MeF format will not impose a significant burden on or

25   interfere with the IRS's functions.  The records, therefore, are "readily producible" under 5 U.S.C.

26   552(a)(3)(B) and should be produced within sixty days of the date of this Order.

27

28

United States District Court
Northern District of California

## II.  EVIDENTIARY OBJECTIONS

Public.Resource.org makes a number of objections to the declarations submitted by the IRS.  Plaintiff objects to various portions of the Leach Declaration, Higley Declaration, Ross Declaration, Archibald Declaration, Rosenmerkel Declaration, Hooke Declaration, Gillis Declaration, Second Ross Declaration, Second Rosenmerkel Declaration, and IRS Exhibits 101 - 107 on the ground of relevance.  Cross-Motion at 17-18; Plaintiff Reply at 15.  Those objections are OVERRULED.

Plaintiff objects to portions of the Leach Declaration, Ross Declaration, Rosenmerkel Declaration, Hooke Declaration, and Gillis Declaration as improper opinion.  *Id*. at 18.  Those objections are OVERRULED.

Plaintiff objects to portions of the Leach Declaration, Ross Declaration, Rosenmerkel Declaration, Hooke Declaration, and Gillis Declaration for lack of personal knowledge, lack of foundation, and as speculative.  *Id*. Those objections are OVERRULED.

The IRS objects to portions of the Malamud Declaration, Noveck Declaration, Klein Declaration, Berger Declaration, Taggart Declaration, Skomoroch Declaration, Johnson Declaration, and Bray Declaration, and attached exhibits, on relevance.  IRS Reply at 23.  Those objections are OVERRULED.

The IRS objects to portions of the Malamud Declaration, Johnson Declaration and Bray Declaration, and attached exhibits, for lack of personal knowledge, improper opinion and as speculative.  *Id*.  Those objections are OVERRULED.

The IRS objects to portions of the Noveck Declaration, and attached exhibits, as hearsay.  *Id*.  Those objections are OVERRULED.

The IRS objects to portions of the Noveck Declaration, Berger Declaration, Taggart Declaration, Skomoroch Declaration, and Johnson Declaration as conclusory and argumentative.  *Id*. at 23-24.  Those objections are OVERRULED.

## CONCLUSION

For the foregoing reasons, the IRS's motion for summary judgment is DENIED and Public.Resource.org's motion for summary judgment is GRANTED.  The government shall

1   produce the requested nine form 990s in the MeF format within sixty days of the date of this

2   Order.

3           **IT IS SO ORDERED**.

4   Dated: January 29, 2015



WILLIAM H. ORRICK
United States District Judge