```
 1                UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3  Before The Honorable William H. Orrick, Judge
 4
 5  PUBLIC RESOURCE.ORG,          )
                                  )   No. C 13-02789-WHO
 6           Plaintiff,           )
                                  )
 7  vs.                           )
                                  )
 8  UNITED STATES INTERNAL        )
    REVENUE SERVICE,              )
 9                                )
             Defendant.           )
10  _____)
11                                    San Francisco, California
                                      Wednesday, January 14, 2015
12
      TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
13              RECORDING 2:05 - 2:21 = 16 MINUTES
14
    APPEARANCES:
15
    For Plaintiff:
16                            David, Wright, Tremaine, LLP
                              505 Montgomery Street
17                            Suite 800
                              San Francisco, California
18                               94111
                         BY:  THOMAS R. BURKE, ESQ.
19
    For Defendant:
20                            United States Department of
                                 Justice
21                            Tax Division
                              Post Office Box 227
22                            Washington, D.C.  20044
                         BY:  YONATHAN GELBLUM, ESQ.
23
24
25
```

2

1  Transcribed by:              Echo Reporting, Inc.
                                Contracted Court Reporter/
2                               Transcriber
                                echoreporting@yahoo.com
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

Wednesday, January 14, 2015                                    2:05 p.m.

P-R-O-C-E-E-D-I-N-G-S

--oOo--

THE CLERK: Calling Civil Matter 13-2789, Public Resource.org versus United States Internal Revenue Service.

Counsel, please come forward and state your appearance.

MR. BURKE: Good afternoon, your Honor. Thomas Burke of David, Wright, Tremaine on behalf of Plaintiff Public Resource.

THE COURT: Mr. Burke.

MR. GELBLUM: Good afternoon, your Honor. Yonathan Gelblum on behalf of the Internal Revenue Service.

THE COURT: Mr. Gelblum. Welcome back.

So I'm very much inclined to grant the Plaintiff's motion and to deny the IRS's in this case. I'm sympathetic that Congress isn't funding the IRS's needs. And particularly with respect to FOIA. I don't think they fund anybody's ability to implement FOIA.

But that's not really the issue that I've got. The IRS received the 990s in the form that the Plaintiffs want them in. There are only nine of them. And so I have to look at the burden of this request, not hypothetical other requests.

And even assuming the accuracy of the estimates that the IRS declarants made, 6200 bucks is just not significant. And since most of that is to develop protocols for producing

1 these documents that the IRS has chosen not to do so far,
2 it's just not compelling.  And it's not going to
3 significantly interfere with the IRS's operation.  I think
4 <u>Skutter vs. CIA</u> is right on point.
5     So that's my inclination.  But you've come out here,
6 Mr. Gelblum, so I'm very interested in hearing what you have
7 to say.
8         MR. GELBLUM:  Thank you, your Honor.  I appreciate
9 it.  Before I answer the question, I once again need to make
10 things slightly more difficult by myself.  In the process of
11 preparing for this argument, I looked at some things in the
12 second declaration of Mr. Ross that was have concerns about
13 that we think may at best be confusing and may possibly be
14 misleading.
15     This is the second declaration where he tries to break
16 down sub-items in his figure.  And I did want to state
17 that --
18         THE COURT:  Okay.
19         MR. GELBLUM:  -- on the record first.  I can't say
20 exactly what because I'm still trying to make sense of it.
21     To answer the Court's question, as a preliminary
22 matter, the IRS gets 10,000 FOIA requests a year.  And while
23 6200 may not seem that much individually, what the Court
24 would essentially be saying is that any of those requesters
25 can make a four-month request that costs not 6200, but $6200

5

1 more than requesting it in the agencies which failed to
2 format.
3      And that is while we are looking at this one request.
4 The standard is one that would apply to any request.  That's
5 just the IRS.  Other agencies get many requests as well.
6      In terms of the issue that a lot of it is developing
7 protocols, the declarant had explained that those protocols
8 would make sense for doing it as a one off.  But because
9 they are taking specialists away to do the task, including
10 the redaction under the protocol, it wouldn't be a workable
11 long-term solution.  Because if, for example, people
12 requested many more of those forms, there's two specialists
13 who are very specialized, which is why they were chosen for
14 this task, would be pulled away from the tasks they normally
15 do.
16      I did want to make -- I don't know if any of the
17 Court's ruling is based not so much on the legal argument
18 about the relevance of significance of the evidence rather
19 than the absence of evidence.  The reason I mention that is
20 I think the Plaintiff cites a case called <u>Camen</u> (phonetic)
21 from the Ninth Circuit from 1995, and I think that was, from
22 my research, the last in a series of cases over the previous
23 two, two and a half decades where, if the court granted
24 summary judgment to the Government in a FOIA suit and the
25 Court of Appeals -- and the other side had of course moved

1 for summary judgment, and the other side appealed and the
2 Court of Appeals determined that the Government's evidence
3 was insufficient, it remanded with instructions to enter
4 judgment for the Plaintiff.
5          THE COURT:  Uh-huh.
6          MR. GELBLUM:  However, since that case, the Ninth
7 Circuit has begun following the practice of the District
8 Circuit and what the court in <u>Skutter</u> actually did, where if
9 the issue was a lack of sufficient detail or explanation in
10 the Government's summary judgment papers on the FOIA issue,
11 even if the plaintiff of course moved for summary judgment,
12 if the Court of Appeals found that the Government's evidence
13 was insufficient, it did not create a sufficient -- I think
14 the term they use is sufficient factual basis to find for
15 the Government, the Court of Appeals would remand with
16 instructions to file -- develop the record.
17          THE COURT:  No.  And that really isn't the basis
18 of my ruling.  My ruling is, the FOIA amendments occurred in
19 1996.  And the IRS hasn't developed a system to deal with
20 documents which now the Government indisputably wants it to
21 be providing to people to make the promise of FOIA come
22 true.
23      And the burden that you describe just doesn't -- if the
24 burden that you described was an adequate defense to
25 providing this information in the manner that the Plaintiff

1  wanted it, no Government agency would be providing it at
2  all.  And that's just -- that's not the purpose of the
3  amendment.
4       And what I have before me are requests for nine 990s.
5  And it's just not -- I don't think that the Government has
6  shown -- or the IRS, I should say, because other Government
7  agencies are dealing with this -- has shown a significant
8  burden.  And I don't think you can, based on this record.
9       But Mr. Burke, I'm sure you have a lot to argue with
10 now, but --
11           MR. BURKE:  I have very little to argue with, your
12 Honor.  We obviously raised <u>Skutter</u> at the last hearing and
13 brought it to the Court's attention.  And I think it
14 controls, but it doesn't control in the sense of saying that
15 here there's some factual dispute.
16      This is a well -- thoroughly, almost exhaustively
17 briefed cross-motion, and we've established the right to
18 summary judgment.  And I think that's not in question.
19      I'm not certain what the issue is with Mr. Ross's
20 declaration, but I remember it clearly, and I don't think
21 even a hail Mary from Mr. Ross could change the
22 circumstances for the Court ruling in Public Resource's
23 favor.  But perhaps for clarity, we could have on the record
24 what it is about Mr. Ross's testimony.
25      Because I would hate to have the Court rule and then

8

create some sort of issue, should the IRS, God forbid, appeal.

THE COURT: Mr. Gelblum, can you give us any further information -- it sounded to me like you were confessing an error in the sense that I might go your way if I believed Mr. Ross's declaration as it currently existed. But I might have misunderstood that.

MR. GELBLUM: So first I want to clarity, it's on the second declaration. It's not his report prepared prior to the litigation or his first one that we necessarily have concerns with.

It's hard for me to elucidate on the issues, partly because I don't want to make any misrepresentation about something that I'm having trouble fully understanding.

THE COURT: Given what you understand of my ruling, is it -- would it make any difference for the record if the Service wanted to take it off?

MR. GELBLUM: Here's how I think it would have made a difference if the ruling was slightly different. I think the Court found that having to divert the two specialists to do these forms wouldn't necessarily be a burden, even if the agency had to repetitively do that in response to subsequent requests.

And again, that's also separate from the issue that I mentioned earlier. The request for all sorts of documents

1  that cost in excess of $6,000 wouldn't be relevant.  The
2  reason we put Mr. Ross's declaration was to show, well, here
3  is an alternative process that would be more automated, but
4  this is how much the capital costs would be to set it up.
5       May I add two or three short things?
6            THE COURT:  You may.  And why don't you -- why
7  don't you file a corrected declaration that accurately
8  states whatever it is that Mr. Ross thinks on the subject
9  within -- can you do it within a week?
10           MR. GELBLUM:  Yes, your Honor.
11           THE COURT:  Okay.
12           MR. BURKE:  Thank you, your Honor.  That allays my
13 concerns.
14           THE COURT:  Okay.  So go ahead and make your two
15 or three short comments.
16           MR. GELBLUM:  Yes.  So first, the Court found that
17 $6200 isn't an unreasonable burden.  In the legislative
18 history -- I think it was in the House report, there was a
19 discussion of reasonable efforts to search for data in
20 electronic format.  And the reason I mention it is, the same
21 language was used, "reasonable efforts," both in deciding
22 what the agency had to do to make something available and to
23 search.
24      And the House did say that reasonable efforts in terms
25 of an electronic search shouldn't take more resources than a

1  paper-based search.
2          THE COURT:  You're getting at electronically now.
3  And so it's just a matter of your figuring out how to do
4  redactions electronically, which the rest of the world has
5  figured out.  And the IRS needs to do it as well.
6          MR. GELBLUM:  Your Honor, the other point relates
7  to the issue that the IRS receives them.  Well, the IRS
8  receives them at the time that it's filed in XML format.
9  What the records show, including, I think, both the long
10 report by -- I think it was an assignment submitted by the
11 Plaintiff and Exhibit 107, which accompanied Ms. Lawson
12 Miracle's (phonetic) declaration.  They are archived.  They
13 are put on magnetic tape.
14      And they make a subset of the data that the IRS uses
15 day to day is instructive format.  But I think it was
16 estimated in Ms. Lawson Miracle's estimate that it would
17 take about four hours to retrieve the records from the
18 magnetic tape.
19      In the e-discovery context, courts have often said that
20 agencies -- I'm sorry -- that parties to a case don't
21 necessarily need to go through the burden of retrieving data
22 from their backup tapes.  Because it's not as simple as just
23 popping a CD in a computer.
24      Then in terms of the GPS standard in general, which
25 there were statements of business as usual and all that.

1 Obviously, theirs does not use the MEF other than to extract
2 the data -- a subset of the data when it first comes in.
3 And that's the data that's used for tax administration
4 purposes.
5     The 990 has a lot of information that's really there
6 for the general public, not the IRS to use in selecting
7 taxpayers for audit and all that.
8     GPS also was the case where the agency didn't raise the
9 burden of redaction and didn't have a situation where it has
10 to keep an antiquated process in place because several
11 hundred thousand of the forms are still being filed on
12 paper, which is why the IRS had to do this. It would have
13 to set up a parallel process with some duplication. So it's
14 somewhat different -- a case where it's a matter of doing it
15 one way or the other, but not necessarily both.
16     And then on the issue of the 19 years having passed, it
17 seems like by that logic, if the Plaintiff requested the
18 information from the paper file in electronic format, the
19 IRS would be faulted for not having anticipated the
20 possibility of that and invested a lot of money to set up a
21 system to OC all of them and do quality checks and make sure
22 that the numbers were all corrected and all that.
23     Again, in <u>Skutter</u>, there was nothing in -- no argument
24 given by the agency that this is the first time it got a
25 request like this. We get thousands of requests in the

```
                                                              12
 1  other format.  The House report did say that the agency
 2  should consider identifying public demand in balancing -- in
 3  its decision to balance the burden against the demand.
 4       I have nothing further, your Honor.  Thank you.
 5            THE COURT:  Mr. Burke, do you have anything else?
 6            MR. BURKE:  No, your Honor.
 7            THE COURT:  All right.  So look for that
 8  declaration in a week, and then I'll get an order out pretty
 9  quickly after that.
10            MR. BURKE:  Thank you, your Honor.
11            MR. GELBLUM:  Thank you, your Honor.
12            THE COURT:  Thank you.
13       (Proceedings adjourned at 2:21 p.m.)
14
15
16
17
18
19
20
21
22
23
24
25
```

*Echo Reporting, Inc.*

13

1              CERTIFICATE OF TRANSCRIBER

2

3      I certify that the foregoing is a true and correct
4 transcript, to the best of my ability, of the above pages of
5 the official electronic sound recording provided to me by
6 the U.S. District Court, Northern District of California, of
7 the proceedings taken on the date and time previously stated
8 in the above matter.
9      I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.

14              *[signature]*

15

16          Echo Reporting, Inc., Transcriber

17              Thursday, April 2, 2015

18

19

20

21

22

23

24

25