CAROLINE D. CIRAOLO
ACTING ASSISTANT ATTORNEY GENERAL

CHRISTOPHER W. SANDERS
U.S. DEPARTMENT OF JUSTICE
TAX DIVISION
P.O. Box 227
Washington, DC 20044
(202) 616-1840 (phone)
(202) 514-6866 (facsimile)
christopher.w.sanders@usdoj.gov

*Counsel for Defendant Internal Revenue Service*

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC.RESOURCE.ORG, ) | |
| ) | Case No. 3:13-cv-02789-WHO |
| Plaintiff, ) | |
| ) | **DEFENDANT'S MOTION FOR STAY** |
| v. ) | **PENDING APPEAL** |
| ) | |
| UNITED STATES ) | Hearing noticed for June 10, 2015 |
| INTERNAL REVENUE SERVICE, ) | At 2:00 p.m. before Judge Orrick in |
| ) | Courtroom 2, 17th Floor |
| Defendant. ) | |
| _____) | |

      The United States Internal Revenue Service hereby moves the Court for a stay of the Court's Order requiring production of documents until the appeal in this matter is resolved. This motion is noticed for hearing on June 10, 2015 at 2:00 p.m. before Judge Orrick in Courtroom 2, 17th floor.

      On January 29, 2015, this Court issued its order granting the plaintiff's motion for summary judgment, denying the defendant's motion for summary judgment, and directing the defendant to produce the documents at issue in the specified format within 60 days of the entry of the Order. (Court Doc. 62)  Subsequently, through the joint stipulation of the parties, the

Defendant's Motion for Stay Pending Appeal, Case No. 3:13-cv-2789

1

1  defendant's deadline for production of documents was extended from March 30, 2015, through
2  May 5, 2015, so as to allow the Solicitor General additional time to make a determination as to
3  whether the United States should pursue an appeal of the Court's January 29 ruling.  (Court Doc.
4  71)  On March 30, 2015, the defendant filed a protective notice of appeal, pending a final
5  determination by the Solicitor General's office.  (Court Doc. 73)  As of the filing of this motion,
6  the Solicitor General's office has not yet made a final determination regarding the appeal in this
7  matter.  Because the production of documents in this matter would moot any appeal, the
8  defendant moves the Court to stay its Order requiring the production of documents pending the
9  resolution of the appeal in this matter, whether by a ruling from the Ninth Circuit, or by the
10 dismissal of the notice to appeal by the defendant should the Solicitor General's office decide not
11 to proceed with the appeal.  Plaintiff's counsel has stated that Plaintiff would agree to a one week
12 extension of the document production deadline, but no longer.  Unfortunately, it is unlikely that a
13 one week extension will be sufficient for the Solicitor General's office to complete its
14 deliberations.
15     This case involves novel, important, and complicated issues that require consultation and
16 coordination among several interested government agency components, thus requiring time for
17 deliberation of whether to proceed with the appeal or not.  A stay of the Court's order to release
18 responsive records will preserve the status quo between the parties, and will protect the
19 defendant's right to an appeal.
20     Once the records subject to a FOIA request are released, a FOIA action seeking those
21 records is rendered moot. Federal courts simply "have no further statutory function to perform"
22 under FOIA once "all requested records are surrendered." *Perry v. Block*, 684 F.2d 121, 125
23 (D.C. Cir. 1982) (per curiam); *see John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309

(1989) (Marshall, J., in Chambers) (observing that "disclosure would moot that part of the Court of Appeals' decision requiring disclosure" under FOIA); *Bonner v. Department of State*, 928 F.2d 1148, 1152 (D.C. Cir. 1991) (R.B. Ginsburg, J.); *see also Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002). Accordingly, "[f]ailure to grant a stay will entirely destroy [the government's] right[] to secure meaningful review" by rendering its appeal "moot." *Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979). The need to preserve the government's right to appellate review is "perhaps the most compelling justification" for the grant of a stay in the FOIA context. *John Doe Agency*, 488 U.S. at 1309 (Marshall, J.) (internal quotation marks omitted). "Particularly in the FOIA context, courts have routinely issued stays where the release of documents would moot a defendant's right to appeal." *People for the Am. Way Found. v. U.S. Dep't of Education*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007); *see also*, *Senate of State of Cal. v. Mosbacher*, 968 F.2d 974 (9th Cir. 1992); *Minnis v. USDA*, 737 F.2d 784, 785 (9th Cir. 1984); *Neely v. FBI*, 208 F.3d 461, 463 (4th Cir. 2000); *Ferguson v. FBI*, 957 F.2d 1059, 1060 (2d Cir. 1992). Indeed, the Supreme Court itself has stayed FOIA disclosure of records orders pending appeal. *See, e.g., HHS v. Alley*, 129 S. Ct. 1667 (2009).

The propriety of a stay pending appellate review turns on "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Cuomo v. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985) (citing *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)). These factors are not prerequisites to be met, but rather considerations to be balanced. Thus, "[a] stay may be granted with either a high probability of success and some injury, or *vice versa*." *Cuomo*, 772 F.2d at

974. Where the movant has established substantial irreparable harm and the balance of harms weighs heavily in its favor, it need only raise "serious legal questions going to the merits" to obtain a stay pending appeal. *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986) (quoting *Wash. Metro. Area Transit Comm'n*, 559 F.2d at 844); *see also Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (where "the denial of a stay will utterly destroy the status quo, irreparably harming appellants, but the granting of a stay will cause relatively slight harm to appellee, appellants need not show an absolute probability of success in order to be entitled to a stay"). Under these standards, a stay pending appeal is warranted in this case.

First, as the Court is aware, this case presented novel and complex issues regarding E-FOIA. Although the Court did not find the defendant's arguments persuasive, the defendant cited to numerous cases which hold that the burden imposed on an agency by a FOIA request is relevant, including the language of the statute itself, which applies only to records that are "readily reproducible" or can be made so with "reasonable effort." 5 U.S.C. § 552(a)(3)(B); *see e.g.*, *TPS, Inc. v. United States DOD*, 330 F.3d 1191, 1195 (9th Cir. 2008) (holding that E-FOIA was not intended to require agencies to respond to "unusual requests" that would "impose unreasonable or additional burdens on an agency's data system, personnel, or resources."). These arguments, coupled with the other arguments presented by the defendants at summary judgment are sufficient to raise the "serious legal questions going to the merits" needed to obtain a stay pending appeal. *Population Inst. v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986) (quoting *Wash. Metro. Area Transit Comm'n*, 559 F.2d at 844); *see also Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (where "the denial of a stay will utterly destroy the status quo, irreparably harming appellants, but the granting of a stay will cause relatively slight harm to

1  appellee, appellants need not show an absolute probability of success in order to be entitled to a
2  stay")

3  Second, the government would be irreparably harmed if a stay is denied.  As noted
4  above, production of the documents in question would moot any appeal in this matter,
5  foreclosing the defendant's right to pursue an appeal.  The need to preserve the government's
6  right to appellate review is "perhaps the most compelling justification" for the grant of a stay in
7  the FOIA context.  *John Doe Agency*, 488 U.S. at 1309 (Marshall, J.) (internal quotation marks
8  omitted).  Thus the second factor weighs heavily in favor of the defendant.

9  With respect to the third factor, the prospect of harm to other parties if the stay is granted,
10 the harm to the defendant would be minimal, and certainly not irreparable.  If the plaintiff were
11 to prevail on appeal, at worst it would suffer a delay in the production of the redacted documents,
12 already available to the public, although not in the specific format the plaintiff seeks.

13 With respect to the final factor, the public interest in granting a stay, this factor also
14 weighs in the defendant's favor.   The information in question is already available to the public
15 in a different format, and the protection of the United States' appeal rights is equally within the
16 public's interest.

17 After balancing all of the factors, it is clear, in this case, that the need to preserve the
18 defendant's right of appellate review greatly outweighs all of the other factors, especially given
19 the minimal harm to the plaintiff.   "It will ordinarily be enough that the [party seeking a stay]
20 has raised serious legal questions going to the merits, so serious, substantial, [and] difficult as to
21 make them a fair ground of litigation and thus for more deliberative investigation." *Population
22 Institute v. McPherson*, 797 F.2d 1062, 1078 (D.C. Cir. 1986)  The issues raised by the defendant
23 meet that standard, and, as discussed above, it is clear that the potential loss of appeal rights is an

Defendant's Motion for Stay Pending Appeal, Case No. 3:13-cv-2789

irreparable harm worthy of injunctive relief.  Accordingly, the Court should grant the defendant a stay of the production order.

For the foregoing reasons, the Court should grant the defendant's motion for a stay of the Court's order requiring production of the documents at issue pending the resolution of the appeal in this matter, either by a ruling by the Ninth Circuit, or by a voluntary dismissal by the defendant.

DATED: May 5, 2015

                                      Respectfully Submitted,

                                      MELINDA HAAG
                                      UNITED STATES ATTORNEY

                                      CAROLINE D. CIRAOLO
                                      ACTING ASSISTANT ATTORNEY GENERAL

                                      <u>/s/ Christopher W. Sanders</u>
                                      CHRISTOPHER W. SANDERS
                                      U.S. DEPARTMENT OF JUSTICE, TAX DIVISION
                                      P.O. Box 227
                                      Washington, DC 20044
                                      (202) 616-1840 (phone)
                                      (202) 514-6866 (facsimile)
                                      christopher.w.sanders@usdoj.gov

CERTIFICATE OF SERVICE

I certify that I served a true and correct copy of the foregoing Motion for Stay Pending Appeal on Plaintiff's counsel via the Court's Electronic Case Filing System this 5th day of May, 2015.

/s/ Christopher W. Sanders
Christopher W. Sanders