THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

RONALD G. LONDON (Pro Hac Vice)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Telephone: (202) 973-4200
Email: ronnielondon@dwt.com

DAN LAIDMAN (CA State Bar No. 274482)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800
Email: danlaidman@dwt.com

DAVID HALPERIN (Pro Hac Vice)
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434
Email: davidhalperindc@gmail.com

Attorneys for Plaintiff Public.Resource.Org

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC.RESOURCE.ORG., a California non-profit organization,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>   Defendant. | Case No. 13-cv-02789 WHO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR STAY PENDING APPEAL**<br><br>Hearing noticed for June 10, 2015 at 2:00 p.m. before Judge Orrick in Courtroom 2, 17th Floor |

Plaintiff Public.Resource.Org ("Public.Resource") hereby opposes the IRS's Motion for a Stay pending appeal that seeks to indefinitely suspend the IRS's obligation to produce agency

1

records that this Court ordered released in this case. The stay is necessary, the IRS states, because the Solicitor General has yet to decide whether the United States should pursue the appeal that the IRS already filed in this matter. *See* Mot. 2. It has been nearly four months since this Court issued its ruling, and the government already has had nearly twice the amount of time that the Court originally allotted for producing the records at issue, under a stipulation to which Public.Resource agreed.[1] Defendant accordingly has had four months – ample time – to decide "whether [] a ruling by from the Ninth Circuit, or [] dismissal of the notice of appeal" is the route the government prefers. *Id*. The instant Motion seeks not only an indefinite "stay … until the appeal in this matter is resolved," *id*. 1; *see also id*. 6, it does not even offer an hint of when the Court (and Public.Resource) can expect a decision by the government on "whether to proceed with the appeal or not." *Id*. 2.

This speaks directly to two elements of the showing that the IRS must make to earn a stay that are among those to which the instant Motion affords the least attention – harm to Public.Resource, and the public interest.[2] As the IRS admits – and Public.Resource agrees – this case "involves novel, important, and complicated issues" that surround E-FOIA. *Id*. 2, 4. To the extent the government is considering whether to allow this Court's ruling to become settled law on that point – which it should – Public.Resource and the public have a right to have that open issue settled sooner rather than later.

Indeed, as Public.Resource has already shown in this case, access to the records that the Court ordered produced in machine-readable format would enable the public, journalists, and watchdog groups to better understand and monitor the grant and administration of tax-exempt status to non-profits, and how the IRS carries out this vital function for the federal government.

---

[1] *See id*. As the IRS recites, Public.Resource also agreed to an additional fixed period – though not the open-ended invitation the government requested – even in conferring on this latest need for further extension.

[2] *See id*. 5. *See also id*. 3 (quoting *Cuomo v. NRC*, 772 F.2d 972, 974 (D.C. Cir. 1985) ("propriety of a stay pending appellate review turns on (1) the likelihood that the party seeking the stay will prevail on the merits …; (2) the likelihood that the moving party will be irreparably harmed …; (3) the prospect that others will be harmed …; and (4) the public interest")) (internal quotation marks omitted, ellipses added).

*E.g.*, Public.Resource Reply in Support of Cross-Motion for Summary Judgment 11 & n.12 (citing Public. Resource Cross-Mot. for Sum. J. at 15-17; Noveck & Taggart Decls., and *Kowack v. U.S. Forest Serv.*, 766 F.3d 1130, 1133 (9th Cir. 2014)). As this Court noted, requestors are unlikely to seek this data in machine-readable format – given how the IRS presently dissuades them from doing so via "practices that are inconsistent with the E–FOIA amendments," *Public.Resource.Org v. IRS*, 2015 WL 393736, at *4 (N.D. Cal. Jan. 29, 2105) – until it is settled that the IRS must produce the records in machine-readable format. Thus it is not only Public.Resource harmed by the undue delay, but the other public interest groups and, ultimately, the public as well.

Such delay runs directly counter to "faithful adherence to [FOIA's] statutory mandate" for "the expeditious release of documents" to serve the "core purpose of shedding light on an agency's performance." *Martins v. USCIS*, 962 F.Supp.2d 1106, 1127 (N.D. Cal. 2013) (quoting *EPIC v. DOJ*, 416 F.Supp.2d 30, 42 (D.D.C. 2006); *Jacksonville Port Auth. v. Adams*, 556 F.2d 52, 59 (D.C. Cir. 1977)) (internal quotation marks omitted). Given this, the Court should not simply grant the government an indeterminate stay without an explanation of when it will decide to pursue the appeal (which again, of course, already has been filed). Even if the Solicitor General required some additional time, beyond the one week to which Public.Resource already agreed, in order to make a decision (and we submit no further time should be necessary), the Court should establish a date certain by which the IRS must fish or cut bait in this case. Specifically, the Court should specify a hard deadline for the government to either dismiss its appeal and produce the documents, or to definitively state that its appeal will go forward.

DATED this 19th day of March, 2015.

DAVIS WRIGHT TREMAINE LLP

By: /s/ Thomas R. Burke
THOMAS R. BURKE
Attorneys for Plaintiff Public.Resource.Org