THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California  94111
Telephone:      (415) 276-6500
Facsimile:      (415) 276-6599
Email:          thomasburke@dwt.com

RONALD G. LONDON (Pro Hac Vice)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Telephone: (202) 973-4200
Email: ronnielondon@dwt.com

DAN LAIDMAN (CA State Bar No. 274482)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA  90017-2566
Telephone:      (213) 633-6800
Email:          danlaidman@dwt.com

Attorneys for Plaintiff Public.Resource.Org

# IN THE UNITED STATES DISTRICT COURT

## THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC.RESOURCE.ORG, a California non-profit organization,<br><br>               Plaintiff,<br><br>     vs.<br><br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>               Defendants. | Case No. **3:13-CV-2789**<br>[Assigned to the Hon. William H. Orrick]<br><br>**NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS; DECLARATIONS OF KARL OLSON AND THOMAS R. BURKE WITH EXHIBITS A-B**<br><br>Date:        September 16, 2015<br>Time:       2:00 p.m.<br>Dept.:      Courtroom 2, 17th Floor |

DAVIS WRIGHT TREMAINE LLP

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 16, 2015, at 2:00 p.m., in Courtroom 2 of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, 17th Floor, San Francisco, CA 94102, or as soon thereafter as the matter may be heard, Plaintiff Public.Resource.Org, Inc. ("PublicResource.Org") will and hereby does move this Court for an order compelling the Internal Revenue Service (the "IRS") to pay PublicResource.Org's attorneys' fees and costs in full within 30 days.  This Motion is based on 5 U.S.C. § 552(a)(4)(E), the attorney-fee provision in the Freedom of Information Act ("FOIA").

*First*, PublicResource.Org is eligible to be reimbursed its attorneys' fees and costs because this action was necessary to compel the IRS to produce nine IRS Form 990 tax returns requested by PublicResource.Org in machine-readable Modernized e-File ("MeF") format. PublicResource.Org prevailed in spite of the IRS's steadfast refusal to comply with FOIA.

*Second*, PublicResource.Org is entitled to fees because the equitable factors favor granting fees here, as (1) the public benefit resulting from FOIA disclosures in the case is clear; (2) there was no commercial benefit to the party resulting from the disclosures; (3) PublicResource.Org's interest in the Form 990s in MeF format was to make the data more accessible, which would foster the public's ability to oversee non-profit organizations and the IRS; and (4) there was no reasonable basis for the IRS to withhold the Form 990s in MeF format.

PublicResource.Org, therefore, respectfully requests that the Court grant this Motion and order the IRS to pay in full within 30 days the attorneys' fees PublicResource.Org has incurred in the amount of $219,535, plus fees incurred in connection with this Fee Motion, times a 1.5 multiplier and $1,272.46 in costs.  This request is reasonable because it is within the range of awards found to be reasonable by courts, is supported by declarations, is reasonable in light of the importance of this action and the extent of the success achieved – including the fact that it compelled the IRS to change its practices regarding the release of documents in machine readable format – and should be awarded in full.

///

///

DAVIS WRIGHT TREMAINE LLP

1         This Motion is based on this Notice of Motion, the attached Memorandum of Points and

2    Authorities, the Declarations of Karl Olson and Thomas R. Burke with Exs. A-B, all other

3    records and files in this action, and upon such further oral and/or documentary matters as may be

4    presented to this Court at or before the hearing on this Motion.

5

6    DATED:  This 29th day of July, 2015       DAVIS  WRIGHT  TREMAINE  LLP

7

8              By:  _____/s/ Thomas R. Burke_____

9                 THOMAS R. BURKE
                  Attorneys for Plaintiff Public.Resource.Org

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

**TABLE OF CONTENTS**

Page

I.  SUMMARY OF ARGUMENT AND BACKGROUND ......................................... 1

II.  THE COURT SHOULD AWARD PUBLICRESOURCE.ORG ITS FEES............ 2

    A.  PublicResource.Org Is Eligible for an Award of Fees as the Prevailing Party............................................................................................ 2

    B.  PublicResource.Org Is Entitled to Recover Its Fees..................................... 4

        1.  PublicResource.Org Litigated This Matter And Sought The Form 990s in MeF Format To Serve The Public Interest, Not Its Own.......................................................................... 4

        2.  PublicResource.Org's Lack of a Commercial Benefit from Disclosure and the Nature of Its Interests in This Request Support the Award of Fees. .................................................. 6

        3.  The IRS Lacked Any Reasonable Basis in Law for Withholding the Requested Information. ........................................... 7

        III.  THE FEES SOUGHT BY PUBLICRESOURCE.ORG ARE REASONABLE. ......................................................................... 8

VI.  CONCLUSION............................................................................................... 13

DAVIS WRIGHT TREMAINE LLP

1

# TABLE OF AUTHORITIES

2

Page

3 **Cases**

4 *ACLU v. DEA,*
5     2012 U.S. Dist. Lexis 190389 (N.D. Cal. Nov. 8, 2012) .......................................................4, 6

6 *Am. Small Bus. League v. U.S. Small Bus. Admin.,*
      2009 WL 1011632 (N.D. Cal. Apr. 15, 2009)...........................................................3, 4, 6, 7
7
   *Baker v. Dep't of Homeland Security,*
8     2012 U.S. Dist. Lexis 165240 (M.D. Pa. Nov. 19, 2012) .......................................................6

9 *Blum v. Stenson,*
      465 U.S. 886 (1984) ......................................................................................................................9
10
   *Church of Scientology of Cal. v. U.S. Postal Serv.,*
11     700 F.2d 486 (9th Cir. 1983)..................................................................................................2, 4

12 *Cortes v. Metro. Life Ins.,*
      380 F. Supp. 2d 1125 (C.D. Cal. 2005) ......................................................................................9
13
   *Davy v. C.I.A.,*
14     550 F.3d 1155 (D.C. Cir. 2008) .................................................................................................7

15 *Electronic Frontier Foundation v. Office of the Dir. of Nat'l Intel.,*
      2008 U.S. Dist. Lexis 44050 (N.D. Cal. June 4, 2008) ........................................................4, 6
16
   *Elser v. I.A.M. Nat'l Pension Fund,*
17     579 F. Supp. 1375 (C.D. Cal. 1984).........................................................................................9

18 *Exner v. F.B.I.,*
      443 F. Supp. 1349 (S.D. Cal. 1978) *aff'd* 612 F.2d 1202 (9th Cir. 1980)..............................1, 2
19
   *Hajro v. U.S. Citizenship & Immigration Servs.,*
20     900 F. Supp. 2d 1034 (N.D. Cal. 2012).................................................................................11, 13

21 *Kuzma v. I.R.S.,*
      821 F.2d 930 (2d Cir. 1987) ....................................................................................................13
22
   *Long v. I.R.S.,*
23     932 F. 2d 1309 (9th Cir. 1991)........................................................................................2, 8, 12

24 *Los Angeles Gay & Lesbian Cmty. Servs. Ctr. v. IRS,*
      559 F. Supp. 2d 1055 (C.D. Cal. 2008)....................................................................................6
25

26

27

28

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

*Moore v. James. H. Matthews & Co.*,
   682 F.2d 830 (9th Cir. 1982) .................................................................................... 10

*Moreno v. City of Sacramento*,
   534 F.3d 1106 (9th Cir. 2008) ..................................................................................... 8

*Nat'l Assoc. of Concerned Veterans v. Sec. of Def.*,
   675 F.2d 1319 (D.C. Cir. 1982) ............................................................................. 9, 10

*O'Neill, Lysaght & Sun v. D.E.A.*,
   951 F. Supp. 1413 (C.D. Cal. 1996) ..................................................................... 4, 5, 7

*Ohio-Sealy Mattress Mfg. v. Sealy*,
   776 F.2d 646 (7th Cir. 1985) .................................................................................... 10

*Powell v. D.O.J.*,
   569 F. Supp. 1192 (N.D. Cal. 1983) ..................................................................... 12, 13

*Public.Resource.org v. I.R.S.*,
   --- F.Supp.3d ---, 2015 WL 393736 (N.D. Cal. Jan. 29, 2015) ............................. 5, 12

*Public.Resource.Org v. I.R.S.*,
   50 F. Supp. 3d 1212, 1214 (N.D. Cal. 2014) ........................................................ 7, 12

*Rosenfeld v. DOJ*,
   904 F. Supp. 2d 988 (N.D. Cal. 2012) ........................................................... 4, 6, 8, 11

*The Sierra Club v. E.P.A.*,
   ---F. Supp. 3d ---, 2014 WL 6895928 (N.D. Cal. Dec. 8, 2014) ............................... 11

*Tomazzoli v. Sheedy*,
   804 F.2d 93 (7th Cir. 1986) ...................................................................................... 10

*Trulsson v. Cnty. of San Joaquin Dist. Attorney's Office*,
   2014 WL 5472787 (E.D. Cal. Oct. 28, 2014) ........................................................... 12

*United Steelworkers of America v. Phelps Dodge Corp.*,
   896 F.2d 403 (9th Cir. 1990) ...................................................................................... 9

*White v. City of Richmond*,
   559 F. Supp. 127 (N.D. Cal. 1982) aff'd, 713 F.2d 458 (9th Cir. 1983).................... 12

*Wynn v. Chanos*,
   2015 WL 3832561 (N.D. Cal. June 19, 2015) .......................................................... 11

**Statutes**

5 U.S.C.
§ 552 ........................................................................................................1
§ 552(a)(3)(B)...........................................................................................6
§ 552(a)(4)(E)..................................................................................1, 2, 13

28 U.S.C. § 1920 ...............................................................................................13

IRS Code § 6104............................................................................................1, 3, 7

**Rules**

F.R.C.P. 12(b)(6) ................................................................................................3

DAVIS WRIGHT TREMAINE LLP

# I.   SUMMARY OF ARGUMENT AND BACKGROUND

Under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case … in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). This attorney-fee provision was added because "Congress realized that an allowance of fees and costs was necessary in FOIA actions to encourage full public disclosure of government informa-tion." *Exner v. F.B.I.*, 443 F. Supp. 1349, 1352 (S.D. Cal. 1978) (citation omitted) *aff'd* 612 F.2d 1202 (9th Cir. 1980). In doing so, it "made a clear determination that an award of attorney fees is appropriate and desirable whenever a complainant prevails in FOIA litigation." *Id.*

Pursuant to these principles, and as the prevailing party in this action, Plaintiff Public.Resource.Org, Inc. ("PublicResource.Org") is both eligible and entitled to recover its attorneys' fees and costs. After overcoming a motion to dismiss, PublicResource.Org secured an Order from this Court requiring the Internal Revenue Service (the "IRS") to produce nine electronically filed IRS Form 990s of tax-exempt charitable non-profit organizations in machine-readable Modernized e-File ("MeF") format. Before this lawsuit and throughout this litigation, the IRS opposed production of the Form 990s in MeF format, contending that it was not required to do so because FOIA did not apply, and because complying with PublicResource.Org's FOIA request would impose a significant burden. This lawsuit, however, established conclusively that the IRS's assumptions and legal positions were mistaken. Indeed, this Court in two separate published orders established that the IRS had to comply with FOIA because it was not superseded by section 6104 of the Internal Revenue Code and that producing the nine Form 990s in MeF format would not impose a significant burden on or interfere with the IRS's functions. Dkt. ## 42, 62.

As a result of these rulings, PublicResource.Org, watchdog organizations, and journalists will have access to information that they will be able to more easily process, scrutinize, and study. In turn, the public will be able to better understand and monitor the granting and administration of tax-exempt status to non-profits. Thus, researching and investigating the IRS and non-profit organizations promotes transparency and public awareness, which confers a

DAVIS WRIGHT TREMAINE LLP

public benefit. PublicResource.Org, as non-profit organization dedicated to governmental transparency, sought this information and brought this action for this public benefit.

Because the PublicResource.Org was forced to bring this action in order to receive the Form 990s in MeF format under FOIA, PublicResource.Org's counsel has devoted significant time and incurred litigation costs in representing PublicResource.Org in this matter. Thus, by this Motion, PublicResource.Org asks this Court to order the IRS to pay in full within 30 days the attorneys' fees that PublicResource.Org's counsel incurred in the amount of $219,535, plus fees incurred in connection with this Fee Motion, times a 1.5 multiplier given that the IRS was compelled to change its practices regarding machine readable documents, along with $1,272.46 in costs. As set forth below, this fee request is easily within the range of awards found to be reasonable by courts, is supported by declarations, and is reasonable in light of the extent of the success achieved and the importance of this action. *See* Section III, IV, *infra*.

## II. THE COURT SHOULD AWARD PUBLICRESOURCE.ORG ITS FEES.

Public.Resource.Org is entitled to its fees and costs in this action. To recover attorneys' fees pursuant to FOIA, a plaintiff must first demonstrate it has "substantially prevailed." 5 U.S.C. § 552(a)(4)(E). A party may "substantially prevail" through either a "judicial order" or a "voluntary or unilateral change in position by the agency" over a not-insubstantial claim. *Id.* In addition, courts grant fee awards to parties they deem both "eligible" and "entitled." *Church of Scientology of Cal. v. U.S. Postal Serv.,* 700 F.2d 486, 489 (9th Cir. 1983). In this case, PublicResource.Org is both eligible and entitled to fees because its persistence has culminated in the release of nine Form 990s in MeF format.

### A. PublicResource.Org Is Eligible for an Award of Fees as the Prevailing Party.

The Ninth Circuit has held that to be eligible for an award of attorney's fees in a FOIA suit, "a party must show both that (1) the filing of the action could reasonably have been regarded as necessary to obtain the information"; and (2) that it "had a substantial causative effect on the delivery of the information." *Church of Scientology*, 700 F.2d at 489 (citing *Exner*, 443 F. Supp. at 1353); *Long v. I.R.S.*, 932 F. 2d 1309, 1313 (9th Cir. 1991) (per curiam). "In evaluating whether these criteria have been satisfied, a court should consider when the

1  information was delivered, whether or not the threat of a court order triggered the delivery of the

2  information, and whether the plaintiff was entitled to the documents at an earlier time." *Am.*

3  *Small Bus. League v. U.S. Small Bus. Admin.*, 2009 WL 1011632, at *2 (N.D. Cal. Apr. 15,

4  2009).

5        Without question, it was only through this litigation and the two orders this Court issued

6  that documents were disclosed to PublicResource.Org.  In fact, PublicResource.Org attempted to

7  obtain the forms in MeF format without litigation.  After it submitted its FOIA request on March

8  11, 2013, and the IRS denied the request nine days later, PublicResource.Org sought

9  reconsideration of its request but the IRS declined to reconsider its denial.  *See* Compl. ¶¶ 45-46,

10  49; Ex. F-H.  Then, PublicResource.Org sent two follow-up letters to clarify the matter but to no

11  avail.  *See* Compl. ¶¶ 51-52.  Thus, in order to obtain the forms in MeF format as FOIA required

12  – as Public.Resource.Org ultimately proved – PublicResource.Org's only option was to litigate.

13  *See Am. Small Bus. League*, 2009 WL 1011632, at *2 ("Because plaintiff exhausted its

14  alternative means to obtain the information, it became necessary to file an action.")

15        Even after PublicResource.Org filed this action and devoted hours to an unsuccessful

16  mediation effort, the IRS failed to provide the forms in MeF format, but instead moved to

17  dismiss pursuant to F.R.C.P. 12(b)(6), on grounds that FOIA did not apply to

18  PublicResource.Org's request because it was superseded by section 6104 of the Internal Revenue

19  Code.  *See* Dkt. # 14.  After this Court denied the IRS's motion to dismiss, the IRS filed a cross-

20  motion for summary judgment, claiming that producing the Form 990s in MeF format would

21  impose a significant burden on and/or interfere with the IRS's functions.  *See* Dkt. # 46.  Only

22  after the Court denied the IRS's motion for summary judgment and granted

23  PublicResource.Org's motion for summary judgment did the IRS provide PublicResource.Org

24  with the Form 990s in MeF format.  *See Am. Small Bus. League*, 2009 WL 1011632, at *2

25  ("court order favoring plaintiff had a substantial causative effect on the delivery of the requested

26  information" because the documents were provided only after court instructed agency to do so

27  and there was no evidence timing was a result of another factor).

28

DAVIS WRIGHT TREMAINE LLP

Because this litigation was both necessary and resulted in the agency's delivery of the forms in MeF format, PublicResource.Org is eligible for attorneys' fees.

## B. PublicResource.Org Is Entitled to Recover Its Fees.

Once a court has determined that a party is "eligible" for fees, it may in its discretion determine whether a party is "entitled" to fees by taking into consideration equitable factors including, but not limited to "(1) the public benefit resulting from FOIA disclosures in the case, (2) the commercial benefit to the party resulting from the disclosures, (3) the nature of the party's interest in the disclosed records, and (4) whether the government's rationale for withholding the records had a reasonable basis in law." *Rosenfeld v. DOJ*, 904 F. Supp. 2d 988, 994 (N.D. Cal. 2012). All four factors weigh in favor of granting fees here.

### 1. PublicResource.Org Litigated This Matter And Sought The Form 990s in MeF Format To Serve The Public Interest, Not Its Own.

The first factor "relates to the degree of dissemination and likely public impact from disclosure of the requested information." *Am. Small Bus. League*, 2009 WL 1011632, at *3 (citation omitted). "Types of requests that might justify fee awards include a request for information to be used in a publication or a request by a public interest group for information that furthers a project benefitting the general public." *Id.*; *see also Church of Scientology*, 700 F.2d at 492 n.6 ("'Under the first criterion a court would award attorney's fees, for example, where a newsman was seeking information to be used in a publication[.]'") (quoting S. Rep. No. 93-854 at 19 (1974)). Further, "[t]he information need not be of public interest as long as there is a public benefit from the fact of its disclosure." *O'Neill, Lysaght & Sun v. D.E.A.*, 951 F. Supp. 1413, 1423 (C.D. Cal. 1996) (citing *Church of Scientology,* 700 F.2d at 493). In weighing this factor, courts are instructed to "take into account the degree of dissemination and the likely public impact that might result from disclosure." *ACLU v. DEA*, 2012 U.S. Dist. Lexis 190389, at *10 (N.D. Cal. Nov. 8, 2012). In *ACLU*, for instance, the court emphasized that the released documents received "widespread media attention[.]" *Id.* Similarly, the court in *Electronic Frontier Foundation v. Office of the Dir. of Nat'l Intel.*, 2008 U.S. Dist. Lexis 44050, at *7 (N.D. Cal. June 4, 2008), noted that "[u]pon defendant's release of the requested documents, plaintiff

DAVIS WRIGHT TREMAINE LLP

immediately posted the requested information on its website for public access" and publicized

their availability in press releases.

Throughout this action, PublicResource.Org has provided ample evidence showing the

strong public interest in accessing Form 990s in machine-readable format. Indeed, as noted by

several of the declarants who supported PublicResource.Org's summary judgment motion,

production of these documents in MeF format will allow PublicResource.Org, other watchdog

groups, and journalists to more easily combine this data with other datasets to better understand

the relationship between public and private dollars in providing social services and to produce

extensive, in-depth empirical research. Declaration of Beth Simone Noveck [Dkt. # 49], ¶ ¶ 10-

11. Analysis of this data will also be broader and more comprehensive. Declaration of Ken

Berger [Dkt. # 51], ¶ 8; Declaration of Kendall Taggart [Dkt. # 52], ¶ 9.

Additionally, availability of returns in MeF format will enhance journalists' and

organizations' reporting on the non-profit sector and the IRS's performance, allowing

widespread publication and dissemination of data found in Form 990s. *See* Declaration of Scott

Klein [Dkt. # 50], ¶¶ 6–8. This undertaking also advances the public interest by informing

citizens about their government's conduct, thereby contributing to the "fund of information used

by citizens to make important political choices." *See O'Neill, Lysaght & Sun,* 951 F. Supp. at

1423 (citation omitted). As this Court succinctly explained in granting PublicResource.Org's

motion for summary judgment, "[p]roduction of the data in MeF format would allow

Public.Resource.Org and other requestors to more easily review the operations of the non-profit

entities who submit Form 990s, but would also shed additional light on the IRS's operations;

specifically how the IRS treats different non-profit entities and how well the IRS complies with

its statutory duties to release certain information and withhold other information about the Form

990 filers." *Public.Resource.org v. I.R.S.*, --- F.Supp.3d ---, 2015 WL 393736, at *2 (N.D. Cal.

Jan. 29, 2015) (citations omitted).

Moreover, this action had the added public benefit of forcing the IRS to comply with the

Electronic Freedom of Information Act Amendments of 1996, which requires an agency to

"provide [records] in any form or format requested by the person if the record is readily

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

1   reproducible by the agency in that form or format."  5 U.S.C. § 552(a)(3)(B) ("E-FOIA").  As a

2   result of this action, not only has PublicResource.Org received the nine Form 990s in MeF

3   Format it requested, but other organizations and individuals may now also request Form 990s in

4   MeF format.  *See Los Angeles Gay & Lesbian Cmty. Servs. Ctr. v. IRS*, 559 F. Supp. 2d 1055,

5   1060 (C.D. Cal. 2008) ("Plaintiff's legal action had public benefit in that it enforced Defendant's

6   compliance with FOIA with regard to a search of public value") (citations omitted).

7          **2.      PublicResource.Org's Lack of a Commercial Benefit from Disclosure
                      and the Nature of Its Interests in This Request Support the Award of
8                     Fees.**

9          The second and third factors, which courts in the Ninth Circuit consider "jointly," also

10  point in PublicResource.Org's favor.  *Electronic Frontier Foundation*, 2008 U.S. Dist. Lexis

11  44050, at *8.  These factors "relate to whether the plaintiff requested information for a private

12  commercial benefit only or whether the public interest benefitted from the release of the

13  requested information."  *Am. Small Bus. League*, 2009 WL 1011632, at *3 (citation omitted).

14  "For example, a court might allow recovery of attorneys' fees for an indigent plaintiff or a non-

15  profit public interest group, but not for a large corporate plaintiff."  *Id.*; *see also Rosenfeld*, 904

16  F. Supp. 2d at 998 ("where plaintiff is … a nonprofit public interest group, an award of

17  attorney's fees furthers the FOIA policy of expanding access to government information.")

18  (citation omitted).

19         Here, PublicResource.Org's request was not motivated by a commercial or private

20  interest.  Nor has the PublicResource.Org derived any commercial benefit following the IRS's

21  disclosure of the requested records.  As a non-profit organization, PublicResource.Org sought the

22  requested information to better understand the IRS and the operations of the non-profit entities

23  who submit Form 990s and to provide the public this information.  Moreover, as discussed in

24  detail above, the public interest benefitted from the release of the Form 990s in MeF format.  As

25  a result, PublicResource.Org's interest in these forms clearly falls in the category of

26  "scholarly[,]" "journalistic[,]" and " public-interest oriented."  *ACLU*, 2012 U.S. Dist. Lexis

27  190389, at *11.  *See also Baker v. Dep't of Homeland Security*, 2012 U.S. Dist. Lexis 165240 ,

28

*17 (M.D. Pa. Nov. 19, 2012) ("[plaintiff's] motive in litigating this case under FOIA was not commercial, but rather investigatory.")

### 3. The IRS Lacked Any Reasonable Basis in Law for Withholding the Requested Information.

Finally, the fourth factor considers "whether defendant's withholding of the requested information had a reasonable basis in law, [and] relates to whether the government agency's actions appeared to have a 'colorable basis in law' or instead appeared to be carried out 'to frustrate the requester.'" *Am. Small Bus. League*, 2009 WL 1011632, at *4 (citation omitted). Under this factor, "[t]he question is not whether [the requestor] has affirmatively shown that the agency was unreasonable, but rather whether the agency has shown that it had any colorable or reasonable basis for not disclosing the material until after [the requestor] filed suit." *Davy v. C.I.A.*, 550 F.3d 1155, 1162-63 (D.C. Cir. 2008). The government carries the burden of showing that it had a colorable or reasonable basis for not disclosing the material until after the plaintiff filed suit. *Id.* at 1163.

The IRS's refusal to release the Form 990s in MeF format was legally suspect throughout this litigation, and found support in no on-point authority. Further, the IRS ignored controlling and persuasive authority. In fact, in denying the IRS's motion to dismiss, this Court held that "there is ***no basis*** to conclude that FOIA is superseded by section 6104." *Public.Resource.Org v. I.R.S.*, 50 F. Supp. 3d 1212, 1214 (N.D. Cal. 2014) (emphasis added). The IRS's position was particularly unreasonable considering PublicResource.Org's FOIA request was narrow, that the IRS originally received those forms from the non-profit organizations that filed them in the MeF format, that the IRS had the records available in that format and could have readily produce them at any time, and that no FOIA exemption applied.[1]

_____

[1] Moreover, "it is possible for a court to find a reasonable basis in law but still weight [sic] the other factors in favor of an award." *O'Neill, Lysaght & Sun*, 951 F. Supp. at 1425 (citation omitted).

DAVIS WRIGHT TREMAINE LLP

**DAVIS WRIGHT TREMAINE LLP**

### III.   THE FEES SOUGHT BY PUBLICRESOURCE.ORG ARE REASONABLE.

After the court determines "the plaintiff is both eligible for and entitled to recover fees, the award must be given and the only room for discretion concerns the reasonableness of the amount requested." *Rosenfeld*, 904 F. Supp. 2d at 1001(quoting *Long*, 932 F.2d at 1314). "In assessing the reasonableness of the amount requested, the Court turns to the plaintiff's fee bill and scrutinizes the 'reasonableness of (a) the number of hours expended and (b) the hourly fee claimed. If these two figures are reasonable, then there is a 'strong presumption' that their product, the lodestar figure, represents a reasonable award.'" *Id*.; *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (A trial court "should defer to the winning lawyer's profes-sional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.").

Applying these criteria, PublicResource.Org's lodestar in the amount of $219,535, plus the fees incurred in connection with this Fee Motion,[2] is reasonable. *First*, as discussed above, the public has a substantial interest in the information that will be more easily gleaned from Form 990s in MeF format, and in the public oversight of the official duties of the IRS, which was achieved through this litigation.  Further, by successfully prosecuting this action, PublicResource.Org's lawsuit was necessary to vindicate the public's right of access and to discourage future efforts to thwart the public's right of access to government records.

*Second*, this case required considerable time and effort due to the IRS's continued refusal to comply with FOIA mandates.  PublicResource.Org prepared a fact-intensive complaint with several exhibits to explain the need for and importance of release of documents in the MeF format, it opposed IRS's motion to dismiss, it engaged in fruitless settlement negotiations, it opposed the IRS's motion for summary judgment, and it moved for summary judgment with

---

[2] PublicResource.Org is entitled to fees for the time expended in preparing this fee motion. *See Rosenfeld*, 904 F. Supp. 2d at 1008 ("In this Circuit, plaintiffs may recover attorney's fees for time reasonably expended on a motion for attorney fees and costs.") PublicResource.Org estimates that it will incur between $15,000 and $25,000 in connection with this Fee Motion and reply brief. *See* Burke Decl. ¶ 9.  With its reply, PublicResource.Org will provide a supplemental declaration supporting these fees. *Id.*

several supporting declarations and exhibits.  *See* Dkt. ## 1, 17, 47-55.  PublicResource.Org also attempted to avoid incurring fees from filing this motion, but the IRS ignored PublicResource.Org's repeated overtures to discuss fees.  Declaration of Thomas R. Burke, ("Burke Decl.") ¶ 1.

   *Third*, this case was managed efficiently and economically.  PublicResource.Org's counsel have particular expertise in public records litigation and efficiently divided responsibilities in this litigation, avoiding duplicative efforts.  Burke Decl. ¶¶ 3-4 6.  In total, PublicResource.Org's counsel spent over 458 hours on this matter, which is reasonable and consistent with public records litigation.  *Id.* ¶ 6; Olson Decl. ¶ 5.  Notably, in making this motion, PublicResource.Org's counsel exercised billing judgment by removing any billing entries that were even potentially duplicative or unnecessary to achieve the favorable results for PublicResource.Org and by eliminating or reducing various tasks, such as time associated with reviewing drafts, scheduling hearings or conferences, and preparing for court hearings.  Burke Decl. ¶ 6; Olson Decl. ¶ 5.

   *Fourth*, counsel's hourly rates are well within the range charged by counsel with similar experience and expertise at other private firms in Northern District of California.  *See* Olson Decl. ¶ 7; Burke Decl. ¶ 8.  To establish that its attorneys' billing rates are reasonable for the market, a prevailing party may present declarations from its own attorneys and from other attorneys – as PublicResource.Org has done here – regarding the prevailing fees in the market and rate determinations in other cases.  *See, e.g., Blum v. Stenson*, 465 U.S. 886, 894 n.11 (1984); *United Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *Cortes v. Metro. Life Ins.*, 380 F. Supp. 2d 1125, 1131 n.3 (C.D. Cal. 2005).  The prevailing attorneys' actual billing rates are also highly relevant.  As one court observed, "'the **best evidence** [of an attorney's reasonable hourly billing rate] would be the hourly rate customarily charged by the [applicant] himself or by his law firm.'"  *Elser v. I.A.M. Nat'l Pension Fund*, 579 F. Supp. 1375, 1379 (C.D. Cal. 1984) (emphasis added) (quoting *Nat'l Assoc. of Concerned Veterans v. Sec. of Def.*, 675 F.2d 1319, 1325-26 (D.C. Cir. 1982)).  "Unless counsel is working outside his or her normal area of practice, the billing-rate multiplier is, for

DAVIS WRIGHT TREMAINE LLP

practical reasons, usually counsel's normal billing rate." *Moore v. James. H. Matthews & Co.*, 682 F.2d 830, 840 (9th Cir. 1982).[3]   The following tables summarize the requested hourly rates per year and timekeeper based on their normal billing rate:

| 2013 | | | |
|------|------|-------|------|
| **Timekeeper** | **Rate** | **Hours** | **Fees** |
| Thomas Burke | 585 | 75.6 | $44,226.00 |
| Jason J. Callan | 210 | 1.1 | $231.00 |
| Kathleen Cullinan | 290 | 12.3 | $3,567.00 |
| Dan Laidman | 330 | 28.9 | $9,537.00 |
| Alexis Liistro | 355 | 32.1 | $11,395.50 |
| Ronald G. London | 515 | 29.8 | $15,347.00 |
| Bret Masterson | 205 | 4.7 | $963.50 |
| | | | |
| 2013 TOTAL | | 184.5 | $85,267.00 |

| 2014 | | | |
|------|------|-------|------|
| **Timekeeper** | **Rate** | **Hours** | **Fees** |
| Thomas Burke | 620 | 91.1 | $56,482.00 |
| Dan Laidman | 355 | 116.2 | $41,251.00 |
| Ronald G. London | 540 | 23.3 | $12,582.00 |
| | | | |
| 2014 TOTAL: | | 230.6 | $110,315.00 |

| 2015 | | | |
|------|------|-------|------|
| **Timekeeper** | **Rate** | **Hours** | **Fees** |
| Thomas Burke | 645 | 26.1 | $16,834.50 |
| Dan Laidman | 395 | 12.3 | $4,858.50 |
| Ronald G. London | 565 | 4 | $2,260.00 |
| | | | |
| 2015 TOTAL : | | 42.4 | $23,953.00 |

| | | | |
|------|------|-------|------|
| **GRAND TOTAL:** | | **457.5** | **$219,535.00** |

---

[3] Numerous courts have held that the actual rate charged by counsel to private clients is generally the best evidence of a reasonable hourly rate.  *See, e.g., Nat'l Assoc. of Concerned Veterans*, 675 F.2d at 1326 ("the actual rate that applicant's counsel can command in the market is itself highly relevant proof of the prevailing community rate"); *Tomazzoli v. Sheedy*, 804 F.2d 93, 98 (7th Cir. 1986) ("[f]or private counsel with fee-paying clients, the best evidence is the hourly rate customarily charged by counsel or by her law firm"); *Ohio-Sealy Mattress Mfg. v. Sealy*, 776 F.2d 646, 660 (7th Cir. 1985) ("hourly rates used to compute the lodestar are typically the rates lawyers charge clients who pay on a regular basis").

DAVIS WRIGHT TREMAINE LLP

Burke Decl. ¶ 6; Ex. A.  PublicResource.Org has submitted declarations of two veteran public records litigators – Thomas R. Burke and Karl Olson – both with decades of experience in public records litigation and media law.  Burke ¶¶ 3-4; Olson ¶¶ 2-3.  Both attest that the total fee request is reasonable and the rates requested in this matter are well within the prevailing rates awarded to counsel of similar skill and expertise in the market (if not below the market rate during this relevant period).  Burke ¶ 7; Olson ¶¶ 4-5.

*Finally*, a review of other public records cases and Northern District cases confirms the reasonableness of PublicResource.Org's total fee request and requested hourly rates.  *See Id.*  For example, earlier this year, in *Los Angeles Times Communications LLC and The McClatchy Company DBA The Sacramento Bee v. University of California Board of Regents,* Mr. Burke's firm as the prevailing party in that CPRA litigation was awarded $233,225 in attorneys' fees including (nearly $80,000 in "fees on fees") based on hourly rates that mirror those requested here.  Burke Decl. ¶ 7 (describing other examples); Olson ¶ 5 (describing cases).  Recently, in *Wynn v. Chanos*, 2015 WL 3832561, at *3 (N.D. Cal. June 19, 2015), this Court awarded the prevailing party in a motion to strike under California's anti-SLAPP statute a total award of $390,149.63 with hourly rates between $750 and $1,085 for partners and between $570 and $710 for associates, which is noticeably in excess of the hourly rates sought here.

Further, the requested fee award and hourly rates are reasonable compared to other FOIA cases in the Northern District.  In *Rosenfeld*, 904 F. Supp. 2d at 1004, for example, the court found that in 2012, hourly rates between $460 and $700, with a total award of $363,217.60 in fees and costs, were reasonable for successful prosecution of a FOIA action.  *See also The Sierra Club v. E.P.A.*, ---F. Supp. 3d ---, 2014 WL 6895928, at *18 (N.D. Cal. Dec. 8, 2014) (finding hourly rates between $350 and $650 reasonable in a FOIA action); *Hajro v. U.S. Citizenship & Immigration Servs.*, 900 F. Supp. 2d 1034, 1054 (N.D. Cal. 2012) (finding $550 to $625 for lead counsel and $450 to $600 for associated counsel reasonable and awarding $318,568 in attorneys' fees in a FOIA action).

DAVIS WRIGHT TREMAINE LLP

**IV.   A MODEST ENHANCEMENT OF THE LODESTAR IS APPROPRIATE.**

Because of the extent of its success and the importance of this action to the public, PublicResource.Org is entitled to a 1.5 multiplier of its fees.  Under FOIA, a "court may authorize an upward or downward adjustment from the lodestar figure if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary." *Long*, 932 F.2d at 1314.  For instance, in *Powell v. D.O.J.*, 569 F. Supp. 1192, 1204 (N.D. Cal. 1983), the court adjusted a lodestar figure upward by applying a multiplier of 1.5 where the attorney worked pro bono for his client and the attorney's work was "at a higher level of competence than that of attorneys with similar experience." *See also Trulsson v. Cnty. of San Joaquin Dist. Attorney's Office*, 2014 WL 5472787, at *9 (E.D. Cal. Oct. 28, 2014) (awarding 1.5 multiplier in an employment discrimination case in part because of the results obtained in the litigation and the contingent risk); *White v. City of Richmond*, 559 F. Supp. 127, 134 (N.D. Cal. 1982) aff'd, 713 F.2d 458 (9th Cir. 1983) (awarding 1.5 multiplier in civil rights action primarily because of the contingent nature of the plaintiffs' cases and the extent of the success achieved).

Here, PublicResource.Org achieved impressive results.  PublicResource.Org not only prevailed in this litigation and secured the release of nine previously withheld Form 990s in Machine Readable format, but this FOIA litigation also produced two valuable published opinions from this Court.  *See* Burke Decl. ¶ 5; *see also*, *Public.Resource.Org*, 2015 WL 393736 (granting PublicResource.Org's summary judgment motion); *Public.Resource.Org*, 50 F. Supp. 3d 1212 (denying IRS's motion to dismiss).  Moreover, this action greatly advanced the public interest.  In fact, as a result of this Court's order requiring the IRS to produce the requested nine Form 990s in MeF format, the IRS issued a statement that it would change its practices regarding machine readable format.  Burke Decl. ¶ 5.  Specifically, the IRS noted that it "has been actively considering the district court's ruling in the Public.Resource.Org case" and made clear that it "has made substantial progress in developing a technology solution that, when perfected, will allow the IRS to provide electronically-filed Forms 990 in a machine-readable format." *Id.*; *see also* Suzanne Perry, *The Chronicle of Philanthropy*, "IRS Plans to Begin Releasing Electronic

DAVIS WRIGHT TREMAINE LLP

Nonprofit Tax Forms Next Year," June 30, 2015 (available at

https://philanthropy.com/article/IRS-Plans-to-Begin-Releasing/231265); Cory Doctorow,

*BoingBoing*, "IRS finally agrees to do something about its $1.5 trillion nonprofit database," June

30, 2015 (available at http://boingboing.net/2015/06/30/irs-finally-agrees-to-somet.html).

Finally, as in *Powell*, PublicResource.Org was represented in this case on a pro bono basis; thus,

PublicResource.Org's counsel's "potential for receiving fees is contingent not only on whether

plaintiff substantially prevails in this lawsuit but also on this court's willingness to award fees in

its discretion."  *Powell*, 569 F. Supp. at 1204.  For these reasons, the Court should grant a 1.5

multiplier in this case.

## V.     PUBLICRESOURCE.ORG IS ENTITLED TO REASONABLE COSTS.

Costs of litigation are authorized under 5 U.S.C. § 552(a)(4)(E) and should be awarded in

this case.  Costs which are out-of-pocket expenses that an attorney would normally bill a fee-

paying client are properly added to reasonable compensation. *See Kuzma v. I.R.S.*, 821 F.2d 930,

933 (2d Cir. 1987).  In *Kuzma*, the court recognized that the litigation cost provision of FOIA

permits broader recovery than the taxable cost provision of 28 U.S.C. §1920 and permitted

recovery of costs related to "photocopying, postage, covers, exhibits, typing, transportation and

parking fees."  *See also Hajro*, 900 F. Supp. 2d at 1054 (awarding $2,446.29 in costs).  Here, the

costs include filing fees, duplication, legal research (billed at cost) and delivery fees incurred in

this litigation.  Burke Decl. ¶ 9.  As a result, PublicResource.Org is entitled to recover $1,272.46

in costs.

## VI.     CONCLUSION

This hard fought FOIA litigation helped to make public and accessible important data

from the IRS in a format that will provide valuable transparency into the operation of all non-

profit organizations.  Thus, for the reasons set forth above, PublicResource.Org respectfully

/ / /

/ / /

/ / /

/ / /

DAVIS WRIGHT TREMAINE LLP

DAVIS WRIGHT TREMAINE LLP

1  requests that this Court order the IRS to pay in full within 30 days the attorneys' fees

2  PublicResource.Org has incurred in the amount of $219,535, plus fees incurred in connection

3  with this Fee Motion, times a 1.5 multiplier and $1,272.46 in costs.

4

5  DATED:  This 29th day of July, 2015          DAVIS  WRIGHT  TREMAINE  LLP

6

7                                             By:  _____/s/ Thomas R. Burke_____

8                                                  THOMAS R. BURKE
                                                  Attorneys for Plaintiff Public.Resource.Org
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28