*DAVIS WRIGHT TREMAINE LLP*

1  THOMAS R. BURKE (CA State Bar No. 141930)
   DAVIS WRIGHT TREMAINE LLP
2  505 Montgomery Street, Suite 800
   San Francisco, California 94111
3  Telephone:    (415) 276-6500
   Facsimile:    (415) 276-6599
4  Email:        thomasburke@dwt.com

5  RONALD G. LONDON (Pro Hac Vice)
   DAVIS WRIGHT TREMAINE LLP
6  1919 Pennsylvania Ave., N.W., Suite 800
7  Washington, DC 20006
   Telephone: (202) 973-4200
8  Email: ronnielondon@dwt.com

9  DAN LAIDMAN (CA State Bar No. 274482)
   DAVIS WRIGHT TREMAINE LLP
10 865 South Figueroa Street, Suite 2400
   Los Angeles, CA 90017-2566
11 Telephone:    (213) 633-6800
   Email:        danlaidman@dwt.com
12

13 Attorneys for Plaintiff Public.Resource.Org

14

15                 IN THE UNITED STATES DISTRICT COURT

16               THE NORTHERN DISTRICT OF CALIFORNIA

17                       SAN FRANCISCO DIVISION

18 PUBLIC.RESOURCE.ORG., a California non-    ) Case No. 13-cv-02789 WHO
   profit organization,                      )
19                                            )
                 Plaintiff,                   ) **DECLARATION OF KARL OLSON IN**
20                                            ) **SUPPORT OF PLAINTIFF**
           v.                                 ) **PUBLIC.RESOURCE.ORG'S MOTION**
21                                            ) **FOR ATTORNEY'S FEES AND COSTS**
                                              )
22 UNITED STATES INTERNAL REVENUE             )
   SERVICE,                                   )
23                                            )
                 Defendant.                   )
24                                            )

25

26

27

28

DECLARATION OF KARL OLSON ISO MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. 13-cv-02789 WHO

DAVIS WRIGHT TREMAINE LLP

I, Karl Olson, declare:

1. I am a member in good standing of the State Bar of California and a partner in the law firm of Ram, Olson, Cereghino & Kopczynski in San Francisco. I make this declaration from personal knowledge and if called as a witness I could and would testify competently to the facts stated herein.

2. I was admitted to the California Bar in December of 1982 after graduating *magna cum laude* from University of California's Hastings College of the Law that year. From 1982 to 1983 I was employed by Justice Joseph Grodin as a law clerk and research attorney, respectively, first for the California Court of Appeal (First District) and then for the California Supreme Court when he was elevated to the Supreme Court in December of 1982. From 1983 to 1986 I was an associate at Morrison & Foerster. From 1986 to the end of 1989 I was an associate at Cooper, White & Cooper and from January I, 1990 to March 31, 1997 I was a partner at Cooper, White & Cooper. On April 1, 1997, I co-founded Levy, Ram & Olson, which became Ram & Olson on June 1, 2009, and Ram, Olson, Cereghino & Kopczynski in February of 2011.

3. I have specialized in media law since 1986. For the past 11 years my practice has focused heavily on the Public Records Act. I was lead counsel for the Contra Costa Newspapers, the prevailing party in *International Federation of Professional and Technical Engineers Local21 v. Superior Court of Alameda County* (Contra Costa Newspapers, real party in interest) (2007) 42 Cal. 4th 319, which vindicated the public's right of access to named public employees' salaries. I was counsel of record for the Sacramento Bee, the prevailing real party in interest in *Sacramento County Employees Retirement System v. Superior Court* (2011) 195 Cal. App. 4th 440, which vindicated the public's right of access to named public employees' pensions. Finally, I was counsel of record in the three cases establishing the public's right of access to information about public pension funds' investments in venture capital firms, including *Coalition of University Employees v. Regents of University of California,* and was also involved in the drafting of Government Code section 6254.26 (I drafted the portions of Statutes 2005, chapter 258, section 1 which stated legislative intent to ensure that the public would still be able to monitor the

1

1   performance of public investments in venture capital firms, and legislative intent to ensure that

2   pro-disclosure decisions such as Coalition of University Employees would not be overruled).

3       4.     I am familiar with the information sought to be publicly disclosed by

4   Public.Resource.Org in this litigation. Given my personal familiarity with the specific legal issues

5   that were at issue in this litigation and as a lawyer who has counseled and represented clients in

6   Public Records Act matters throughout his entire legal career, in my opinion, through this

7   litigation, Public.Resource.Org enforced important public rights that also conferred a significant

8   benefit upon the public as a whole. The access issues raised in this FOIA litigation – the public's

9   ability to receive access to publicly-filed Form 990s, but in Machine Readable format – were

10  novel; the two published opinions by this Court will be available for use in future litigation.

11      5.     I understand the total hours of 458 and hourly rates being sought in connection with

12  work done by counsel for PR.Org. The total fees sought by PR.Org – $219,535– which were

13  already voluntarily reduced by counsel – are reasonable and consistent with fee awards in Public

14  Records Act lawsuits. Even at the highest requested billing rate of $645 per hour for Mr. Burke,

15  these hourly rates are less than prevailing market rates for skilled and experienced attorneys in the

16  San Francisco Bay Area. For example, the Alameda County Superior Court in 2013 awarded fees

17  for my time at a rate of $785 an hour in the case of *Reuters America LLC v. Regents of the*

18  *University of California.* In that case we were awarded fees of approximately $225,000 for 40

19  percent of our time in the trial court (the court apportioned our time between separate components

20  of the litigation). I am aware of several other public records access cases in California courts in

21  which fee awards substantially over $100,000 have been awarded for work in the trial court alone,

22  in matters seemingly less complex and contested than this one, including a fee award of

23  approximately $155,000 in *San Diego County Water Authority v. City of Los Angeles Department*

24  *of Water and Power,* Los Angeles County Superior Court No. BS136663.

25      I declare under penalty of perjury under the laws of the State of California and of the

26  United States that the foregoing is true and correct and that this declaration was executed this 19th

27  day of July, 2015, in San Francisco, California.

28

KARL OLSON

2

DECLARATION OF KARL OLSON ISO MOTION FOR ATTORNEY'S FEES AND COSTS
Case No. 13-cv-02789-WHO

DAVIS WRIGHT TREMAINE LLP