MELINDA L. HAAG
United States Attorney
CAROLINE D. CIRAOLO
Acting Assistant Attorney General
STEPHEN S. HO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Phone: (202) 616-8994
Fax: (202) 514-6866
Email: Stephen.S.Ho@usdoj.gov

Attorneys for Defendant United States
Internal Revenue Service

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC.RESOURCE.ORG., a California non-profit organization, | Case No. 13-cv-02789-WHO |
| Plaintiff, | **OPPOSITION TO MOTION FOR ATTORNEYS' FEES AND COSTS** |
| v. | |
| UNITED STATES INTERNAL REVENUE SERVICE, | |
| Defendant. | |

1

## **TABLE OF CONTENTS**

2   BACKGROUND......................................................................................................................... 1

3   ARGUMENT ............................................................................................................................... 3

4       I.      Public.Resource is Not Entitled to Recover Its Fees ............................................... 3

5           a.   The IRS Had a Colorable Basis in Law For Not Producing the Form 990s in MeF
6               Format ....................................................................................................................... 4

7           b.   The Disclosure of Nine Form 990s in MeF Format is of Marginal Public Benefit
8               .................................................................................................................................. 6

9           c.   The Commercial Benefit to the Plaintiff and the Nature of the Plaintiff's Interest
            Do Not Necessarily Favor Public.Resource......................................................... 8

10           d.   Other Equitable Factors Counsel Against Awarding Fees .................................... 8

11       II.     Even if Public.Resource Were Entitled to Fees, Its Fee Request is Excessive....... 9
12

13           a.   The Court Should Exclude Fees For Work Performed at the Administrative Level
14               ................................................................................................................................ 10

15           b.   The Court Should Use the Laffey Matrix to Calculate Reasonable Hourly Rates
            ................................................................................................................................ 11

16           c.   Public.Resource's Request for a 50% Enhancement of the Lodestar is
17               Unwarranted ......................................................................................................... 13

18           d.   The Court Should Reduce Any Award for Fees on Fees as Necessary................ 15

19   CONCLUSION............................................................................................................................ 16

20

21

21

22

23

24

25

26

1

# TABLE OF AUTHORITIES

Am. Civil Liberties Union of N. California v. Drug Enforcement Admin.,
   No. C 11-01997 RS, 2012 WL 5951312 (N.D. Cal. Nov. 8, 2012)......................................... 15

Atkins v. Apfel,
   154 F.3d 986 (9th Cir. 1998) ........................................................................................... 15

Bangor Hydro-Elec. Co. v. U.S. Dep't of Interior,
   903 F. Supp. 169 (D. Me. 1995) ......................................................................................... 7

Blue v. Bureau of Prisons,
   570 F.2d 529 (5th Cir. 1978) ............................................................................................. 6

Chesapeake Bay Found., Inc. v. Dep't of Agric.,
   108 F.3d 375 (D.C. Cir. 1997) ........................................................................................... 7

Church of Scientology v. U.S. Postal Serv.,
   700 F.2d 486 (9th Cir. 1983) ..................................................................................... passim

City of Burlington v. Dague,
   505 U.S. 557 (1992) ......................................................................................................... 15

Comm. to Bridge the Gap v. U.S. Dep't of Energy,
   No. 92-55604, 10 F.3d 808, 1993 WL 470412 (9th Cir. Nov. 15, 1993) ................................ 11

Conservation Force v. Salazar,
   916 F. Supp. 2d 15 (D.D.C. 2013) ...................................................................................... 11

Cotton v. Heyman,
   63 F.3d 1115 (D.C. Cir. 1995) ........................................................................................ 6, 7

Craigslist Inc. v. Naturemarket, Inc.,
   694 F. Supp. 2d 1039 (N.D. Cal. 2010) ............................................................................... 12

Detroit Free Press, Inc. v. Dep't of Justice,
   73 F.3d 93 (6th Cir. 1996) ................................................................................................. 6

District of Columbia v. Jeppsen,
   686 F. Supp. 2d 37 (D.D.C. 2010) ....................................................................................... 12

Dorsen v. United States Sec. & Exch. Comm'n,
   15 F. Supp. 3d 112 (D.D.C. 2014) ......................................................................................... 7

Educ./Instruccion, Inc. v. U.S. Dep't of Hous. & Urban Dev.,
    649 F.2d 4 (1st Cir. 1981) ................................................................................................... 4

Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.,
    982 F. Supp. 2d 56 (D.D.C. 2013) ..................................................................................... 11

Frydman v. Dep't of Justice,
    852 F. Supp. 1497 (D. Kan. 1994) ...................................................................................... 6

Harris v. McCarthy,
    790 F.2d 753 (9th Cir. 1986) ............................................................................................. 15

Hersh & Hersh v. U.S. Dep't of Health & Human Servs.,
    No. C 06-4234 PJH, 2008 WL 2725497 (N.D. Cal. July 10, 2008) ......................................... 11

In re HPL Technologies, Inc. Sec. Litig.,
    366 F. Supp. 2d 912 (N.D. Cal. 2005) ................................................................................ 12

Klamath Water Users Protective Ass'n v. U.S. Dep't of the Interior,
    18 F. App'x 473 (9th Cir. 2001) ........................................................................................... 8

LaSalle Extension Univ. v. F.T.C.,
    627 F.2d 481 (D.C. Cir. 1980) ............................................................................................. 4

Long v. I.R.S.,
    932 F.2d 1309 (9th Cir. 1991) .................................................................................... passim

Mayock v. I.N.S.,
    736 F. Supp. 1561 (N.D. Cal. 1990) ................................................................................... 14

Morales v. City of San Rafael,
    96 F.3d 359 (9th Cir. 1996) ............................................................................................ 9, 13

Nat'l Sec. Archive v. U.S. Dep't of Def.,
    530 F. Supp. 2d 198 (D.D.C. 2008) ..................................................................................... 8

Nw. Coalition for Alternatives to Pesticides v. Browner,
    965 F. Supp. 59 (D.D.C. 1997) .......................................................................................... 10

Oregon Natural Desert Ass'n v. Locke,
    572 F.3d 610 (9th Cir. 2009) ............................................................................................... 3

Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,
    483 U.S. 711 (1987) .......................................................................................................... 15

Perdue v. Kenny A. ex rel. Winn,
    559 U.S. 542 (2010) ................................................................................ 13

Powell v. U.S. Dep't of Justice,
    569 F. Supp. 1192 (N.D. Cal. 1983) ........................................................ 14

Prison Legal News v. Schwarzenegger,
    608 F.3d 446 (9th Cir. 2010) ................................................................... 13

Public.Resource.Org v. United States Internal Revenue Serv.,
    No. 13-CV-02789-WHO, 2015 WL 393736 (N.D. Cal. Jan. 29, 2015) ............ 2, 6, 7

Role Models Am., Inc. v. Brownlee,
    353 F.3d 962 (D.C. Cir. 2004) .............................................................. 9, 11

Rosenfeld v. U.S. Dep't of Justice,
    903 F. Supp. 2d 859 (N.D. Cal. 2012) .............................................. passim

Sample v. Bureau of Prisons,
    466 F.3d 1086 (D.C. Cir. 2006) ................................................................. 5

Scudder v. Cent. Intelligence Agency,
    25 F. Supp. 3d 19 (D.D.C. 2014) ............................................................... 5

Tax Analysts v. U.S. Dep't of Justice,
    965 F.2d 1092 (D.C. Cir. 1992) ........................................................ passim

Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc.,
    731 F. Supp. 2d 937 (N.D. Cal. 2010) ..................................................... 12

TPS, Inc. v. U.S. Dep't of Def.,
    330 F.3d 1191 (9th Cir. 2003) ............................................................... 2, 5

Trullson v. Cnty. of San Joaquin Dist. Attorney's Office,
    No. 2:11-CV-02986 KJM, 2014 WL 5472787 (E.D. Cal. Oct. 28, 2014) ............... 14

1

## **FEDERAL STATUTES**

2   26 U.S.C. § 6104 .................................................................................................................. 5, 8

3   26 U.S.C. § 7431 ...................................................................................................................... 9

4   5 U.S.C. § 552(a)(3)(B) ........................................................................................................... 2

5   5 U.S.C. § 552(a)(4)(E) ..................................................................................................... 1, 2, 3

6   5 U.S.C. § 703 .......................................................................................................................... 2

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

21

22

23

24

25

26

Plaintiff Public.Resource.Org, Inc. ("Public.Resource") moves to recover its costs and one-and-a-half times its attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E) in this Freedom of Information Act ("FOIA") suit. Defendant United States Internal Revenue Service (the "Service" or "IRS") hereby opposes the motion. Public.Resource is not entitled to fees in this matter of first impression because, among other things, the IRS had a colorable basis in law for declining to produce the requested nine documents in an additional electronic format, and because the production in this format of these nine documents is of marginal benefit to the public. Moreover, even if Public.Resource were entitled to attorneys' fees, its unadjusted fee request of $219,535 is excessive. Specifically, Public.Resource's fee request improperly includes amounts for work performed at the administrative level, and its requested hourly rates should be adjusted downward based on a table that has already been accepted as presumptively reasonable by other courts. In any case, Public.Resource's call for a "modest" 1.5 multiplier should be denied, because it has failed to meet its burden and demonstrate "extraordinary circumstances" meriting such an enhancement.

## BACKGROUND

In March 2013, Public.Resource submitted a novel FOIA request with the IRS, seeking Form 990 information returns for nine tax-exempt organizations in the Modernized E-File ("MeF") format in which they were electronically filed. Dkt. No. 46-3 (Higley Decl.) ¶¶ 3, 9. This was the first request received by the IRS for MeF-formatted returns. *Id.*

In response, the IRS stated that it was unable to fulfill the request, explaining that returns in this format were not "readily reproducible in a form" that also complied with IRS confidentiality requirements. Dkt. No. 1 (Compl.) at Ex. I. The IRS stated, in pertinent part, that its existing process for providing releasable copies of Form 990s was to convert the electronically filed MeF returns into a Portable Document Form ("PDF") replica of the paper return, and then to redact confidential information from that replica. *Id.* The IRS did not have a process to convert the releasable copies of Form 990s back into MeF format. *Id.*

1    Public.Resource subsequently brought the instant suit on June 18, 2013, seeking

2    declaratory and injunctive relief under both FOIA and the Administrative Procedure Act

3    ("APA"), 5 U.S.C. § 703.  Compl. ¶¶ 61–62, 67–78.

4        After the denial of the IRS's motion to dismiss, the parties filed cross-motions for

5    summary judgment.  Dkt. Nos. 46 & 47.  Under FOIA and the 1996 Electronic FOIA

6    amendments set forth in 5 U.S.C. § 552(a)(3)(B), agencies are required to "provide the record

7    [requested] in any form or format requested by the person if the record is readily reproducible by

8    the agency in that form or format."  As is relevant here, the IRS argued that it had reasonably

9    concluded that Form 990s were not "readily reproducible" in MeF format.  Dkt. No. 46 at 11.

10   The IRS explained that its current systems and processes were geared toward redacting and

11   preparing in a similar manner both e- and paper-filed Form 990s for release in an image format.

12   *Id.* at 12.  Consequently, producing the requested returns in MeF format outside of this process

13   would significantly burden the agency, to the tune of $690 per return.  *Id.*

14       In January 2015, the Court, finding no issues of material fact, granted summary judgment

15   in favor of Public.Resource and against the IRS.  *Public.Resource.Org v. United States Internal*

16   *Revenue Serv.*, No. 13-CV-02789-WHO, --- F. Supp. 3d ---, 2015 WL 393736, at *5 (N.D. Cal.

17   Jan. 29, 2015).  The Court confined its analysis to Public.Resource's "limited request for nine

18   Form 990s in MeF format," and determined that "the imposition of $6200 in expenses to produce

19   [these returns] would [not] cause a significant burden or interference with IRS functions."  *Id.* at

20   *4; *see also id.* at *2 (citing *TPS, Inc. v. U.S. Dep't of Def.*, 330 F.3d 1191, 1195 (9th Cir. 2003)

21   ("When an agency already creates or converts documents in a certain format . . . requiring that it

21   provide documents in that format to others does not impose an unnecessarily harsh burden,

22   absent specific, compelling evidence as to significant interference or burden.")).  Notably, the

23   Court observed that it had "not considered (and need not [have] consider[ed]) whether a broader

24   request for more Form 990s in MeF format would unduly burden the IRS."  *Id.* at *4.

25       Plaintiff Public.Resource now seeks to recover its costs and one-and-a-half times its

26   attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E).  Dkt. No. 91.  Public.Resource contends,

*inter alia*, that it is entitled to fees because there is a strong public interest in accessing Form 990s in MeF format, and because the IRS's refusal to release the requested records in that format was "legally suspect throughout this litigation" and without support of any on-point authority. *Id.* at 14. Public.Resource also requests a 50% enhancement of its $219,535 in fees given the extent of its success and the importance of the instant action to the public. *Id.* at 19.

ARGUMENT

## I.     Public.Resource is Not Entitled to Recover Its Fees

The fee-shifting provision of FOIA states that "a court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). Awards of fees and costs to the prevailing party are not automatic under FOIA. *See Church of Scientology v. U.S. Postal Serv.*, 700 F.2d 486, 489 (9th Cir. 1983). Rather, a plaintiff "must present convincing evidence that they are both *eligible* for an award of attorney's fees and that they are *entitled* to such an award." *Rosenfeld v. U.S. Dep't of Justice*, 903 F. Supp. 2d 859, 865 (N.D. Cal. 2012) (internal quotation marks omitted).

Once a plaintiff demonstrates eligibility,[1] the district court may then exercise its discretion to determine his or her entitlement to fees. *Id.* (citing *Oregon Natural Desert Ass'n v. Locke*, 572 F.3d 610, 614 (9th Cir. 2009)). In so doing, the court must evaluate a number of equitable factors, including: (1) the public benefit from disclosure; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest; and (4) whether the government's withholding[2] of (or, as is relevant here, refusal to produce) the records sought had a reasonable

---

[1] The IRS concedes for the purposes of this opposition that Public.Resource has "substantially prevailed" under § 552(a)(4)(E) with respect to its FOIA claim.

[2] For purposes of clarity and consistency, this memorandum will hereafter refer where possible to the IRS's "withholding" of MeF-formatted Form 990s as the IRS's decision to not produce or release these returns in that format. Public.Resource challenges the format of the IRS's production or release, **not** the IRS's withholding of donor information under 26 U.S.C. § 6103.

basis in law.  *See id.* at 866 (citing *Long v. I.R.S.*, 932 F.2d 1309, 1313 (9th Cir. 1991)).  These criteria are not exhaustive and the court "may take into consideration whatever factors it deems relevant in determining whether an award of attorney's fees is appropriate."  *Id.*

In this case, Public.Resource is not entitled to attorneys' fees because it has not shown that the equities favor such an award.  In particular, Public.Resource has not demonstrated that the other relevant considerations in the entitlement calculus outweigh the fact that the IRS had colorable legal grounds for not producing the Form 990s in MeF format.

### a.  The IRS Had a Colorable Basis in Law For Not Producing the Form 990s in MeF Format

"[T]he reasonable-basis-in-law factor is intended to weed out those cases in which the government was recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior."  *Tax Analysts v. U.S. Dep't of Justice*, 965 F.2d 1092, 1097 (D.C. Cir. 1992) (internal quotation marks omitted), *superseded by statute on other grounds*.  While a court should accordingly ordinarily award fees "if the [refusal to produce] appeared to be merely to avoid embarrassment or frustrate the requester," it should "not award fees where the government's [position] had a colorable basis in law."  *Church of Scientology*, 700 F.2d at 492 n. 6 (quoting S. Rep. 93-854, 93rd Cong. 2nd Sess. 19 (1974)).  Moreover, the government's decision to not release records can have a reasonable legal basis even when the plaintiff has substantially prevailed.  *See id.* at 494; *LaSalle Extension Univ. v. F.T.C.*, 627 F.2d 481, 486 (D.C. Cir. 1980).

Here, Public.Resource is not entitled to attorneys' fees because there is no evidence that the IRS was recalcitrant or obdurate, and Public.Resource has not alleged as such.  *Cf. Tax Analysts*, 965 F.2d at 1097 (records suggested that the Justice Department sought to prevent access to records because it would impose an enormous and costly administrative burden, not out of obdurance).  Fees are additionally unwarranted because the IRS reasonably concluded, in this case of first impression, that it was not required to produce Form 990s in an additional electronic format (MeF) since the returns were not "readily reproducible" in such form.  *Cf. Educ./Instruccion, Inc. v. U.S. Dep't of Hous. & Urban Dev.*, 649 F.2d 4, 8 (1st Cir. 1981)

(limiting fees where agency's refusal to release had a reasonable basis, and noting, *inter alia*, that suit raised "novel[] and difficult[]" issues). Significantly, "[r]elatively few cases discuss the application of . . . FOIA's 'readily reproducible' requirement." *Scudder v. Cent. Intelligence Agency*, 25 F. Supp. 3d 19, 31 (D.D.C. 2014). "Whether a document is 'readily reproducible' in a specified format is a fact-based [inquiry]," and involves evaluating the significance of the burden the requested format would impose on the agency. *Id.* at 31 (citing *TPS, Inc.*, 330 F.3d at 1196), 38–39. Such an evaluation should give "substantial deference" to the agency's reproducibility determination. *See Sample v. Bureau of Prisons*, 466 F.3d 1086, 1088 (D.C. Cir. 2006) (holding that an agency's "determination as to reproducibility must be accorded 'substantial weight'").

The IRS thus had a colorable basis for denying Public.Resource's request—which was the first such request at the time—for Form 990s in MeF format in light of its determination that producing the returns in this form outside of its existing process would significantly burden the agency, a position which is explained in greater detail in the IRS's summary judgment papers. Contrary to Public.Resource's assertion,[3] the IRS's argument, which was supported by specific factual evidence, is not entirely without legal support. *See, e.g.*, *Scudder*, 25 F. Supp. 3d at 31–32 (requirement that an agency produce documents in a format already used by the agency "does not impose an unnecessarily harsh burden, absent specific, compelling evidence as to significant interference or burden" (quoting *TPS, Inc.*, 330 F.3d at 1195)). Moreover, the Court, in rejecting the IRS's argument, did so primarily on the basis that the agency's evidence did not sufficiently

---

[3] Public.Resource argument on this factor focuses solely on the IRS's basis for its motion to dismiss and does not address the IRS's motion for summary judgment and opposition to Public.Resource's cross-motion. The IRS's instant arguments regarding the colorable basis for its refusal to produce returns in a particular format similarly apply to those arguments raised in its motion to dismiss, which, like its motion for summary judgment, was ultimately unsuccessful. Notably, the contention raised by the IRS in its motion to dismiss, that 26 U.S.C. § 6104, not FOIA, controlled, was a threshold issue that did not go to the merits of the instant case. As such, the IRS concentrates here on those arguments underlying its motion for summary judgment, which do go to the merits.

demonstrate a "*significant* burden or interference with the agency's operation." *Public.Resource.org*, 2015 WL 393736, at *3–4.  The Court did not—and could not—find that the IRS lacked any colorable legal grounds for moving for summary judgment and opposing Public.Resource's cross-motion.[4]

The Court should therefore find that the reasonableness of the IRS's actions weigh in favor of a decision not to award fees, especially because this case involves novel issues.  *See Detroit Free Press, Inc. v. Dep't of Justice*, 73 F.3d 93, 98–99 (6th Cir. 1996) (reasonableness of the government's actions weighed in favor of a decision not to award fees because, *inter alia*, the issue was one of first impression).

### b.  The Disclosure of Nine Form 990s in MeF Format is of Marginal Public Benefit

Public.Resource's reliance on the public benefit of production of nine Form 990s in MeF format is likewise misplaced, given the limited nature of the disclosure and availability of releasable returns in alternative electronic formats.

In considering the public benefit of actions brought under FOIA, courts should "take into account the degree of dissemination and likely public impact that might be expected from a particular disclosure."  *Blue v. Bureau of Prisons*, 570 F.2d 529, 533 (5th Cir. 1978); *see also Church of Scientology*, 700 F.2d at 493.  At least one court of appeals, however, has held that the notion of "public benefit" should not be grounded solely on "the potential release of present and future information" resulting from the legal precedent set by the case in which fees are sought. *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) ("Such an inherently speculative observation is . . . inconsistent with the structure of FOIA itself.").

---

[4] In any event, the government's refusal to produce records has been found to be "reasonable" even in the absence of supporting authority where little to no precedent directly contradicts the agency's position.  *See Frydman v. Dep't of Justice*, 852 F. Supp. 1497, 1504 (D. Kan. 1994) *aff'd*, 57 F.3d 1080 (10th Cir. 1995) ("Although the government did not offer case authority to support its position . . . , we believe the government's position had a colorable basis. There is little, if any, case authority which directly holds contrary to the government's position.").

1    Accordingly, Public.Resource overstates the public impact of the instant case.[5]  This

2  litigation, in Public.Resource's own words, involves a "narrow request for nine Form 990 tax

3  returns in . . . [MeF] format."  Dkt. No. 59 (Pl.'s Reply in Support) at 5.  There is no dispute that

4  the nine returns were also available for release in two other electronic forms.  The public benefit

5  from production of these nine particular returns in MeF format is therefore marginal because

6  much of the information could have been already made public through alternative means.  *Cf.*

7  *Tax Analysts*, 965 F.2d at 1094 (affirming lower court's finding that release of publicly available

8  information was "less than overwhelming" benefit to public); *Dorsen v. United States Sec. &*

9  *Exch. Comm'n*, 15 F. Supp. 3d 112 (D.D.C. 2014) (public interest "significantly limited given

10  the particularized nature of the released information").

11    In granting summary judgment in Public.Resource's favor, this Court carefully confined

12  its decision to the organization's "limited" demand, and declined to consider the impact of "a

13  broader request for more Form 990s in MeF format."  *Public.Resource.Org*, 2015 WL 393736, at

14  *4.  Nevertheless, Public.Resource attempts to improperly broaden the scope of this case by

15  contending that disclosure of the nine returns in this form is of great public benefit because other

16  organizations may now request MeF-formatted returns.  The notion of "public benefit," however,

17  should not be grounded solely on "the potential release of . . . future information."  *Cotton*, 63

18  F.3d at 1120.  Indeed, "the establishment of a legal right to information [is not] a public benefit

19  for the purpose of awarding attorneys' fees."  *Chesapeake Bay Found., Inc. v. Dep't of Agric.*,

20  108 F.3d 375, 377 (D.C. Cir. 1997); *see also Bangor Hydro-Elec. Co. v. U.S. Dep't of Interior*,

21  903 F. Supp. 169, 170 (D. Me. 1995) (rejecting argument that public benefitted from precedent

21

22  [5] Public.Resource also mischaracterizes the Court's summary judgment opinion in stating that the Court "succinctly
23  explained [that] . . . [p]roduction of the data in MeF format would allow Public.Resource[] and other requestors to
more easily review the operations of the non-profit entities who submit Form 990s, [and] would also shed additional
light on the IRS's operations."  Dkt. No. 91 (Pl.'s Fee Motion) at 12 (quoting *Public.Resource.Org*, 2015 WL
24  393736, at *2).  That portion of the Court's opinion is better characterized as simply summarizing Public.Resource's
argument.

25

26

because it would "allow other utilities to easily acquire similar documents for the benefit of those utilities' ratepayers").

### c. The Commercial Benefit to the Plaintiff and the Nature of the Plaintiff's Interest Do Not Necessarily Favor Public.Resource

Furthermore, although Public.Resource contends otherwise, the second and third factors in the entitlement calculus do not necessarily weigh in its favor. Notably, the fact that a party is a non-profit does not necessarily make its interest less commercial for FOIA purposes. *See Klamath Water Users Protective Ass'n v. U.S. Dep't of the Interior*, 18 F. App'x 473, 475 (9th Cir. 2001). In fact, to disqualify a fee applicant under the second and third factors, "a motive need not be strictly commercial; any private interest will do." *Tax Analysts*, 965 F.2d at 1095.

In this case, Public.Resource has a powerful private motive to seek the production of MeF-formatted returns because they are operationally more convenient for it to process. *See Nat'l Sec. Archive v. U.S. Dep't of Def.*, 530 F. Supp. 2d 198, 203 (D.D.C. 2008) (although the plaintiff was a non-profit organization, "it nevertheless had a powerful commercial and private motive to win [FOIA] lawsuit—to defeat the government's attempt to charge search fees in order to make [the organization's] retrieval of FOIA documents as cheap as possible.").

### d. Other Equitable Factors Counsel Against Awarding Fees

Additional factors and considerations counsel against awarding fees in this action. *See Rosenfeld*, 903 F. Supp. 2d at 866 ("the court may take into consideration whatever factors it deems relevant in determining whether an award of attorney's fees is appropriate").

First, there is an inherent tension between the public interest in disclosure and non-disclosure of tax return information. The IRS agrees that it is to the public's benefit that returns of tax-exempt organizations are released. In fact, § 6104 of the Internal Revenue Code requires disclosure of the Form 990s of these organizations; the public interest in disclosure is implicit in this provision. Section 6103 of the Code, however, prohibits the IRS from disclosing confidential tax return information, and, as is pertinent here, the release of donor data contained on, or filed as an attachment to, Form 990s. This section thus reflects an opposing public interest

1    in protecting from disclosure private taxpayer return information.  The IRS in this case was faced

2    with the dual burden of reproducing the requested Form 990s in MeF format and abiding by the

3    Code's non-disclosure provisions, the violation of which can subject the United States to

4    damages, costs, and fees.  *See, e.g.*, 26 U.S.C. § 7431.  The IRS thus reasonably posited that

5    there was marginal public benefit to producing records in a format that is operationally

6    convenient for Public.Resource.

7         As previously discussed, the IRS's argument in this matter of first impression was that

8    the required redactions could not be performed to produce the MeF-formatted returns under

9    existing processes without undue burden.  Given the colorable basis of the IRS's position,

10   awarding fees to Public.Resource would be punitive and would not serve the interests of justice.

11        The balance of the equitable factors, therefore, militates against granting

12   Public.Resource's fee request.

13   **II.    Even if Public.Resource Were Entitled to Fees, Its Fee Request is Excessive**

14        In the Ninth Circuit, a plaintiff eligible and entitled to receive fees must submit a bill to

15   the court for scrutiny of the "reasonableness of (a) the number of hours expended and (b) the

16   hourly fee claimed."  *Long*, 932 F.2d at 1313–1314.  The plaintiff "has the burden of establishing

17   the reasonableness of its fee request" and supporting documentation must be sufficiently detailed

18   to enable the court to determine "with a high degree of certainty that such hours were actually

19   and reasonably expended."  *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 970 (D.C. Cir.

20   2004).  If both the number of hours and the hourly fee are reasonable, their product, the lodestar

21   figure, enjoys a strong presumption that it represents a reasonable award.  *Long*, 932 F.2d at

21   1314; *Morales v. City of San Rafael*, 96 F.3d 359, 363 n. 8 (9th Cir. 1996).  The Court may,

22   however, "authorize an upward or downward adjustment from the lodestar figure if certain

23   factors relating to the nature and difficulty of the case overcome this strong presumption and

24   indicate that such an adjustment is necessary."  *Long*, 932 F.2d at 1314; *see also Morales*, 96

25   F.3d at 363–64.

26

Public.Resource seeks recovery of $219,535 in attorneys' fees for 457.5 hours, plus fees incurred in connection with the instant motion, times a 1.5 multiplier.  If Public.Resource is entitled to fees, the Court should substantially reduce the amounts claimed by the organization as excessive: first, because Public.Resource's request improperly includes amounts for work performed at the administrative level; and second, because its requested hourly rates should be adjusted downward based on the *Laffey* matrix.[6]  In any event, Public.Resource's call for a 50% enhancement should be denied, because the extent of its success and the importance of the instant matter, which resulted in the limited disclosure of nine MeF-formatted returns, do not warrant such an adjustment.

### a.   The Court Should Exclude Fees For Work Performed at the Administrative Level

As an initial matter, courts have generally held that FOIA "does not authorize fees for work performed at the administrative stage."  *See Nw. Coalition for Alternatives to Pesticides v. Browner*, 965 F. Supp. 59, 65 (D.D.C. 1997) (deeming 56.5 hours performed at least two years prior to the filing of the complaint as not compensable under FOIA).

This Court should therefore exclude the 22.7 hours spent by Public.Resource's attorneys on work dated prior to the filing of the complaint and performed to administratively exhaust its FOIA request (totaling $9,616 in fees).  *See, e.g.*, Dkt. No. 91-2 at 3 (entry at 4/11/13 (regarding IRS demand letter), entry at 04/12/2013 (same)).  This number was calculated by adding all hours billed before May 1, 2013, the date of the IRS's reconsideration response, because, among other things, entries prior to this date do not always appear to distinguish between work rendered at the administrative level, which is not compensable under FOIA, and work performed in

---

[6] The *Laffey* matrix is prepared by the Civil Division of the United States Attorney's Office for the District of Columbia, and provides hourly rates for attorneys of varying experience levels and paralegals/law clerks in the Washington metropolitan area.  *See* Laffey Matrix, 2003–2014, at http://www.justice.gov/usao/dc/divisions/Laffey_Matrix%202014.pdf; Laffey Matrix , 2014–2015, at http://www.justice.gov/usao/dc/divisions/Laffey%20Matrix_2014-2015.pdf.

preparation for litigation, which is compensable.[7]  *Cf. Conservation Force v. Salazar*, 916 F.
Supp. 2d 15, 28 (D.D.C. 2013) (reducing fee hours under the Equal Access to Justice Act
because time entries were not adequately described); *Role Models*, 353 F.3d at 970–71 (same);
*Hersh & Hersh v. U.S. Dep't of Health & Human Servs.*, No. C 06-4234 PJH, 2008 WL
2725497, at *3 (N.D. Cal. July 10, 2008) (finding amount of fees sought to be unreasonable
where a FOIA plaintiff made no attempt to segregate hours expended on a successful challenge,
which was compensable, from an unsuccessful one, which was not).

The IRS additionally notes that Public.Resource's time entries do not appear to always
distinguish between its FOIA and APA claims, which were raised as separate causes of action in
its complaint.  Insofar as Public.Resource's fee request included hours expended on its
unsuccessful APA cause of action, the Court should reduce any award because FOIA does not
provide for fees on such claims.[8]  *See, e.g,. Comm. to Bridge the Gap v. U.S. Dep't of Energy*,
No. 92-55604, 10 F.3d 808, 1993 WL 470412, at *2 (9th Cir. Nov. 15, 1993) (in a case with both
FOIA and APA claims, separately determining whether plaintiff was entitled to fees under each).

### b.   The Court Should Use the *Laffey* Matrix to Calculate Reasonable Hourly Rates

Public.Resource's attorneys' fees should also be adjusted because its requested hourly
rates are excessive, topping out at $585 in 2013, $620 in 2014, and $645 in 2015.[9]  For a more

---

[7] Nor do the time entries appear to take into account work that could be simultaneously categorized as administrative and litigation preparation.

[8] A court may reduce the fees based on the relative pages of the document allotted to that claim.  *See, e.g.*, *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56 (D.D.C. 2013).

[9] Although FOIA does not have an explicit statutory cap on billing rates, the fee-shifting provisions of other statutes, such as the Equal Access to Justice Act ("EAJA"), can provide guidance on what hourly rates are considered reasonable for purposes of attorney fees.  Notably, EAJA caps billing rates at $125 per hour, unless the court determines that an increase in the cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A)(ii).  The Ninth Circuit has set forth the applicable maximum hourly rates under EAJA, in relevant part, as follows: $187.02 for 2013; $190.06 for 2014; and $189.68 for the first half of 2015.  *See* Statutory Maximum Rates under the Equal Access to Justice Act, at http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039

reasonable hourly rate, the IRS proposes that this Court apply the hourly rates set forth in the *Laffey* matrix with locality adjustments, as this Court has done in several other cases. *See e.g.*, *Craigslist Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039 (N.D. Cal. 2010) (electing to award the *Laffey* matrix rate rather than that requested by the plaintiffs); and *Theme Promotions, Inc. v. News Am. Mktg. FSI, Inc.*, 731 F. Supp. 2d 937, 948 (N.D. Cal. 2010) (using *Laffey* matrix to calculate fees in a complex antitrust case). The *Laffey* matrix is prepared by the Civil Division of the United States Attorney's Office for the District of Columbia and provides hourly rates for attorneys of varying experience levels and paralegals/clerks in the Washington, D.C. metropolitan area. *See supra* at 10 n.6. The matrix has been described as "a fee schedule of presumptively reasonable rates." *District of Columbia v. Jeppsen*, 686 F. Supp. 2d 37, 38 (D.D.C. 2010).

This Court has in the past used federal locality pay differentials to adjust the rates from the *Laffey* matrix for the relevant legal market. *See In re HPL Technologies, Inc. Sec. Litig.*, 366 F. Supp. 2d 912, 921–22 n.1 (N.D. Cal. 2005); *see also Theme Promotions, Inc.*, 731 F. Supp. 2d at 949. Following this methodology with more recent federal locality pay differentials results in enhancements of 8.8% for 2013 through 2015;[10] and applying this adjustment to the *Laffey* matrix yields the following hourly rates (rounding up):

|                   | 06/01/12–05/31/13 | 06/01/13–05/31/14 | 06/01/14–05/31/15 |
| ----------------- | ----------------- | ----------------- | ----------------- |
| Thomas Burke      | $550              | $555              | $566              |
| Jason J. Callan   | $158              | $158              | $164              |
| Kathleen Cullinan | $267              | $272              | $278              |
| Dan Laidman       | $267              | $321              | $327              |
| Alexis Liistro    | $316              | $321              | $327              |

[10] For 2013–2015, the Washington-Baltimore area had a +24.22% locality pay differential, while the San Francisco area had a +35.15% locality pay differential, which yields a 8.8 percent upward adjustment ((1.3515-1.2422) / 1.2422).

| Ronald G. London | $484 | $490 | $566 |
|---|---|---|---|
| Bret Masterson | $158 | $158 | $164 |

While the Ninth Circuit has expressed doubt, in dicta, about whether the *Laffey* matrix is a reliable measure of rates in the San Francisco area, *see Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010), the Court may still use the matrix in an appropriate case. *See, e.g.*, *Ulin v. ALAEA, Inc.*, 2011 WL 4974282 (N.D. Cal. Oct. 19, 2011) (citing *Rivera v. Rivera*, 2011 WL 3667486 (N.D. Cal. Aug. 22, 2011) (awarding $230 per hour in a default judgment wage and hour case based on *Laffey* matrix).

Applying the foregoing locality-adjusted *Laffey* rates in the instant matter results in a more reasonable fee request of $194,682.60.[11]  Accordingly, to the extent that it is inclined to award fees, the Court should reduce the requested amount to at least this figure.

### c.  Public.Resource's Request for a 50% Enhancement of the Lodestar is Unwarranted

Public.Resource's request for a "modest" 1.5 multiplier of its fees is also meritless and should be denied as unnecessary.  The lodestar amount for attorneys' fees should be increased only in "extraordinary circumstances."  *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 546, 556 (2010).  There is a "strong presumption" that this figure (i.e., a multiplier of one) "represents a reasonable fee," *Morales*, 96 F.3d at 363 n.8, and the party seeking an adjustment has the burden of identifying a factor that the lodestar does not adequately take into account and proving with specificity that an enhanced fee is justified, *Perdue*, 559 U.S. at 546, 553.  *See also Long*, 932 F.2d at 1314 ("court may authorize an upward or downward adjustment from the lodestar figure if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary.").  Results or the ability of the

---

[11] Consistent with the IRS's prior argument, this total excludes the fees related to work at the administrative stage that is not compensable under FOIA.  This calculation does not increase the hourly rates after 05/31/15 even though Public.Resource's time entries bill 5.8 hours after that date.

attorneys alone "cannot serve as an independent basis for adjusting fee awards." *Long*, 932 F.2d at 1313 n.4 (explaining that such factors "presumably are already considered in the initial calculation of the lodestar amount").

In this case, Public.Resource fails to carry its burden and overcome the presumptive reasonableness of the lodestar (and a single (1) multiplier). The organization's cursory argument puts great weight on the "impressive results" of its litigation as well as the pro bono basis of its representation. None of these grounds, however, justify an enhanced fee.

As previously set forth in this opposition, Public.Resource overstates the public impact of this litigation, which involved a narrow request for—and ultimate production of—nine MeF-formatted Form 990s, returns which were also available in other electronic formats. *See supra* at 6–8. Furthermore, that the IRS had a colorable basis for not producing the requested returns in MeF format militates against an upward adjustment in this matter of first impression. *See Mayock v. I.N.S.*, 736 F. Supp. 1561, 1565 (N.D. Cal. 1990) ("The reasonableness of some of the positions taken by [the agency] on the merits of the case is also a reason for not increasing the lodestar amount.").

In any event, Public.Resource fails to show with any specificity how the results of the instant action are comparable to the success of the cases it cites for support. Notably, the settlement in *White v. City of Richmond*, which involved reform proposals after allegations that city police officers were routinely beating or harassing black residents and then filing groundless charges, is a far cry from the production in the instant action of nine information returns in machine-readable format. 559 F. Supp. 127 (N.D. Cal. 1982) *aff'd* (9th Cir. 1983).[12]

---

[12] Public.Resource also cites to *Trullson v. Cnty. of San Joaquin Dist. Attorney's Office*, No. 2:11-CV-02986 KJM, 2014 WL 5472787, at *9 (E.D. Cal. Oct. 28, 2014), which may be distinguished on the basis that the 1.5 multiplier was supported, *inter alia*, by actual evidence of the movant's exceptional success, i.e., how the $2 million verdict was an exceptional result compared to other verdicts. *Powell v. U.S. Dep't of Justice*, 569 F. Supp. 1192, 1204 (N.D. Cal. 1983), is similarly inapposite, because the court, in authorizing a 1.5 multiplier, specifically noted that counsel's competence and skill was "not adequately reflected" in the $75 hourly rate awarded. Such a situation is (continued...)

As for Public.Resource's argument that its "potential for receiving fees" is contingent on a fee award, the Supreme Court has called into question the applicability of an enhancement for contingency cases. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (prohibiting contingency enhancement in environmental fee-shifting statute and noting that case law "construing what is a 'reasonable' fee applies uniformly to all [federal fee-shifting statutes]"); *see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 727 (1987) ("multipliers or other enhancement of a reasonable lodestar fee to compensate for assuming the risk of loss is impermissible under the usual fee-shifting statutes"). Thus, a 1.5 multiplier should not be awarded on this basis.

### d. The Court Should Reduce Any Award for Fees on Fees as Necessary

Public.Resource finally seeks an award of fees on fees, anticipating an amount between $15,000 and $25,000.[13] To the extent that Public.Resource's other fee demands are unwarranted, its fees on fees should be reduced accordingly. *See Atkins v. Apfel*, 154 F.3d 986, 990 (9th Cir. 1998) ("[F]ees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation"); *see also Harris v. McCarthy*, 790 F.2d 753 (9th Cir. 1986) (affirming plaintiffs' award of only 11.5% of requested fees on fees because they received only 11.5% of the relief sought).

---

(… continued)

absent here because Public.Resource does not explicitly raise an argument that the requested hourly rates, which top out at $645, do not adequately reflect the skill of its attorneys.

Indeed, plaintiffs in an arguably more analogous case did not even ask for a multiplier at all. *See Am. Civil Liberties Union of N. California v. Drug Enforcement Admin.*, No. C 11-01997 RS, 2012 WL 5951312, at *3 (N.D. Cal. Nov. 8, 2012) (involving the production of records regarding state efforts to import, transfer, or purchase drugs commonly used in lethal injection).

[13] As Public.Resource has made only an estimate of the amount of fees on fees it will incur and represents that it will provide a supplemental declaration supporting these fees with its reply, the IRS reserves the right to request leave to file a sur-reply addressing this matter.

1  Further, the IRS respectfully requests that the Court, in scrutinizing Public.Resource's

2 demand for fees on fees, take into account the organization's admitted experience in submitting

3 such requests, which should inform Public.Resource's ability to efficiently make such a motion.

4 *See* Dkt. Nos. 91-1 (Burke Decl.) ¶ 7.

CONCLUSION

6  For the foregoing reasons, the IRS respectfully requests that the Court deny

7 Public.Resource's Motion for Attorneys' Fees and Costs.  Alternatively, the IRS requests that the

8 Court limit any award to the extent set forth above.

9

10

11 Dated: August 12, 2015

12                                          Respectfully submitted,

13                                          MELINDA L. HAAG
                                           United States Attorney

14                                          CAROLINE D. CIRAOLO
                                           Acting Assistant Attorney General

15

16                                  By:    /s/ Stephen S. Ho
                                           STEPHEN S. HO

17                                          Trial Attorney, Tax Division
                                           U.S. Department of Justice

18                                          Attorneys for Defendant United States
                                           Internal Revenue Service
19

20

21

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I certify that I served a true and correct copy of the foregoing *Opposition to Motion for Attorneys' Fees and Costs* on Plaintiff's counsel via the Court's ECF System this 12th day of August, 2015.

/s/ Stephen S. Ho
STEPHEN S. HO