THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email: thomasburke@dwt.com

RONALD G. LONDON (Pro Hac Vice)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006
Telephone: (202) 973-4200
Email: ronnielondon@dwt.com

DAN LAIDMAN (CA State Bar No. 274482)
DIANA PALACIOS (CA State Bar No. 290923)
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800
Email: danlaidman@dwt.com
        dianapalacios@dwt.com

Attorneys for Plaintiff Public.Resource.Org

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC.RESOURCE.ORG, a California non-profit organization,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>Defendants. | Case No. **3:13-CV-2789**<br>[Assigned to the Hon. William H. Orrick]<br><br>**REPLY IN SUPPORT OF PUBLIC.RESOURCE.ORG.'S MOTION FOR ATTORNEYS' FEES AND COSTS; SUPPLEMENTAL DECLARATION OF THOMAS R. BURKE WITH EXHIBIT C**<br><br>Date: September 16, 2015<br>Time: 2:00 p.m.<br>Dept.: Courtroom 2, 17th Floor |

**TABLE OF CONTENTS**

Page

I. SUMMARY OF ARGUMENT AND BACKGROUND ...................................................... 1

II. PUBLIC.RESOURCE.ORG IS ENTITLED TO FEES. ................................................... 2

    A. This Action Advanced The Public Interest. ............................................. 2

    B. Public.Resource.Org's Lack of a Commercial Benefit from Disclosure and the Nature of Its Interests in This Request Support the Award of Fees. .................................................................. 4

    C. The IRS Lacked Any Reasonable Basis in Law for Withholding the Requested Information. ............................................. 6

    D. Equitable Factors Favor Awarding Fees To Public.Resource.Org. ................................................................................. 7

III. THE FEES SOUGHT BY PUBLIC.RESOURCE.ORG ARE REASONABLE. ................ 8

IV. A MODEST ENHANCEMENT OF THE LODESTAR IS APPROPRIATE AND REASONABLE ............................................................................................................ 11

V. THE COURT SHOULD AWARD FEES ON FEES. ...................................................... 12

VI. CONCLUSION ............................................................................................................. 13

DAVIS WRIGHT TREMAINE LLP

| | |
|---|---|
| 1 | **TABLE OF AUTHORITIES** |
| 2 | Page(s) |

**Cases**

*American Small Business League v. U.S. Small Business Admin.*,
   2009 WL 1011632 (N.D. Cal. 2009) ........................................................................................ 2

*Bangor Hydro-Elec. Co. v. U.S. Dep't of Interior*,
   903 F. Supp. 169 (D. Me. 1995) .............................................................................................. 4

*Barjon v. Dalton*,
   132 F.3d 496 (9th Cir. 1997) ................................................................................................. 10

*Blue v. Bureau of Prisons*,
   570 F.2d 529 (5th Cir. 1978) ................................................................................................... 3

*Camacho v. Bridgeport Financial Inc.*,
   2008 U.S. App. LEXIS 8665 (9th Cir. Apr. 22, 2008) .......................................................... 10

*Chesapeake Bay Found., Inc. v. Dep't of Agric.*,
   108 F.3d 375 (D.C. Cir. 1997) ................................................................................................ 4

*Church of Scientology of California v. U.S. Postal Serv.*,
   700 F.2d 486 (9th Cir. 1983) ............................................................................................. 3, 5

*Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*,
   820 F. Supp. 2d 39 (D.D.C. 2011) .................................................................................. 6, 10

*City of Burlington v. Dague*,
   505 U.S. 557 (1992) .............................................................................................................. 12

*Comm. to Bridge the Gap v. U.S. Dep't of Energy*,
   No. 92-55604, 10 F.3d 808, 1993 WL 470412 (9th Cir. Nov. 15, 1993) ................................ 9

*Cotton v. Heyman*,
   63 F.3d 1115 (D.C. Cir. 1995) ................................................................................................ 2

*Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*,
   2012 WL 273604 (N.D. Cal. Jan. 30, 2012) ........................................................................... 8

*Ctr. For Biological Diversity v. U.S. Fish And Wildlife Serv.*,
   703 F. Supp. 2d 1243 (D. Colo. 2010) .................................................................................... 9

*Davy v. CIA*,
   550 F.3d 1155 (D.C. Cir. 2008) .............................................................................................. 6

DAVIS WRIGHT TREMAINE LLP

*Echols v. Morpho Detection, Inc.*,
  2014 WL 953380 (C.D. Cal. Mar. 11, 2014) ...............................................................................9

*Fadhl v. City & Cnty. of San Francisco*,
  859 F.2d 649 (9th Cir. 1988) ...................................................................................................12

*Favish v. Office of Independent Council*,
  217 F.3d 1168 (9th Cir. 1999) ...................................................................................................5

*Found. v. Office of Dir. of Nat. Intelligence*,
  2008 WL 2331959 (N.D. Cal. June 4, 2008) ............................................................................2

*Friends of the Coast Fork v. U.S. Dep't of the Interior*,
  110 F.3d 53 (9th Cir. 1997) .......................................................................................................9

*Gates v. Rowland*,
  39 F.3d 1439 (9th Cir. 1994) .....................................................................................................8

*Guam Soc'y of Obstetricians & Gynecologists v. Ada*,
  100 F.3d 691 (9th Cir. 1996) ...................................................................................................12

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) .................................................................................................................11

*Klamath Water Users Protective Ass'n v. U.S. Dep't of the Interior*,
  18 F. App'x 473 (9th Cir. 2001) ................................................................................................4

*Long v. IRS*,
  932 F.2d 1309 (9th Cir. 1991) ..........................................................................................5, 8, 11

*Los Angeles Gay & Lesbian Cmty. Servs. Ctr. v. IRS*,
  559 F. Supp. 2d 1055 (C.D. Cal. 2008) ....................................................................................3

*Nat'l Sec. Archive v. U.S. Dep't of Def.*,
  530 F. Supp. 2d 198 (D.D.C. 2008) ..........................................................................................5

*Nat'l Sec. Counselors v. CIA*,
  960 F. Supp. 2d 101 (D.D.C. 2013) ..........................................................................................7

*O'Neil, Lysaght & Sun v. DEA*,
  951 F. Supp. 1413 (C.D. Cal. 1996) ..................................................................................3, 4, 7

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,
  483 U.S. 711 (1987) .................................................................................................................12

*Playboy Enterprises, Inc. v. U.S. Customs Serv.*,
  959 F. Supp. 11 (D.D.C. 1997) .................................................................................................6

DAVIS WRIGHT TREMAINE LLP


*Powell v. U.S. DOJ*,
　569 F. Supp. 1192 (N.D. Cal. 1983)..................................................................................11

*Prison Legal News v. Schwarzenegger*,
　608 F.3d 446 (9th Cir. 2010)............................................................................................10

*Public.Resource.org v. IRS*,
　--- F. Supp. 3d ---, 2015 WL 393736 (N.D. Cal. 2015) ...............................................6, 7

*Public.Resource.Org v. IRS*,
　50 F. Supp. 3d 1212 (N.D. Cal. 2014)...........................................................................3, 10

*Rosenfeld v. U.S. Dep't of Justice*,
　904 F. Supp. 2d 988 (N.D. Cal. 2012)..........................................................................10, 12

*The Sierra Club v. EPA*,
　75 F. Supp. 3d 1125 (N.D. Cal. 2014)........................................................................3, 9, 10

*Staton v. Boeing Co.*,
　327 F.3d 938 (9th Cir. 2003).............................................................................................12

*Tax Analysts v. DOJ*,
　965 F.2d 1092 .....................................................................................................................5

*TPS, Inc. v. United States DOD*,
　330 F.3d 1191 (9th Cir. 2003)............................................................................................7

**Statutes**

FOIA.............................................................................................................................*passim*

§ 6104 of the Internal Revenue Code ...........................................................................................3

**Rules**

9th Circuit Rule 36-3 .....................................................................................................................4

DAVIS WRIGHT TREMAINE LLP

## I. SUMMARY OF ARGUMENT AND BACKGROUND

Plaintiff Public.Resource.Org, Inc.'s ("Public.Resource.Org") eligibility and entitlement to fees in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA") action are beyond any reasonable dispute. In fact, the Defendant Internal Revenue Service ("IRS") does not challenge Public.Resource.Org's eligibility for attorneys' fees and litigation costs. Opp. at 3 n. 1. Instead, the IRS's challenge to Public.Resource.Org's fees motion rests on attempts to downplay the public benefit derived from this action, Public.Resource.Org's lack of commercial interest, the IRS's indefensible failure to comply with the Electronic Freedom of Information Act Amendments ("E-FOIA"), and the complete lack of evidence in support of the IRS's argument that the requested forms in machine-readable format were not "readily reproducible." Because Public.Resource.Org sought only to benefit the public by fostering the ability to oversee the IRS and non-profit organizations and completely prevailed, and because there was no reasonable basis for the IRS to withhold the forms in MeF format, Public.Resource.Org is entitled to its fees under FOIA.

The IRS also fails to meet its burden of establishing that the fees requested by Public.Resource.Org are unreasonable. The IRS submitted no relevant evidence to rebut Public.Resource.Org's lodestar. The *Laffey* Matrix urged by the IRS has been criticized by the Ninth Circuit and rejected by courts in this District. Accordingly, Public.Resource.Org is entitled to its entire lodestar amount based on the uncontroverted evidence it has submitted in support of the total hours expended and the requested hourly rates. Additionally, given the success achieved by Public.Resource.Org – including the fact that it compelled the IRS (by its own admission) to change its practices regarding the release of documents in machine-readable format – this case merits a 1.5 multiplier.

Thus, as set forth in its Motion and below, PublicResource.Org asks this Court to order the IRS to pay in full within 30 days a total of $367,756.21, which includes the $244,322.50 in attorneys' fees that Public.Resource.Org has incurred in this action, times a 1.5 multiplier, and $1,272.46 in costs. Supplemental Declaration of Thomas R. Burke ("Supp. Burke Decl."), ¶ 5.

DAVIS WRIGHT TREMAINE LLP

## II. PUBLIC.RESOURCE.ORG IS ENTITLED TO FEES.

### A. This Action Advanced The Public Interest.

The IRS underestimates the significance of the production of the nine Form 990s in MeF format, claiming the nature of the disclosure was limited, and that the returns are available in alternative electronic formats.

*First*, the release of the nine Form 990s in MeF format confers a public benefit. As explained in its Motion, Public.Resource.Org requested the nine Form 990s in MeF format to both publish the information and to further its ongoing project of making IRS tax returns public and accessible, which in turn will allow watchdog groups and journalists to more easily use this data to better understand the IRS and non-profits. Mot. at 4-5. This public dissemination of information is sufficient to establish a public benefit. *See American Small Business League v. U.S. Small Business Admin.*, 2009 WL 1011632 *3 (N.D. Cal. 2009) ("Types of requests that might justify fee awards include a request for information to be *used in a publication or a request by a public interest group for information that furthers a project benefitting the general public."*) (citation omitted) (emphasis added).

Indeed, the IRS does not deny that Public.Resource.Org requested the information to disseminate it and as part of its oversight project, nor could it. *See Found. v. Office of Dir. of Nat. Intelligence*, 2008 WL 2331959, at *3 (N.D. Cal. June 4, 2008) (rejecting the government's argument that the public benefit " was marginal, at best" in part because "defendant acknowledged that plaintiff sought to disseminate the requested information to inform public debate over the FISA amendments that Congress was actively considering.") Thus, the IRS's reliance on *Cotton v. Heyman*, 63 F.3d 1115, 1116 (D.C. Cir. 1995), is misplaced. There, because the plaintiff sought documents about her employment at the Smithsonian to support her own discrimination case, the court held that there was no evidence "that the release of the two non-exempt documents will contribute to the public's ability to make vital political choices." *Id.* at 1120. Here, however, there is clear and undisputed evidence that the forms in MeF format will contribute "to the public's ability to make vital political choices" in connection with the IRS and

charitable organizations. Mot. at 5; Declaration of Beth Simone Noveck [Dkt. # 49], ¶¶ 10-11; Declaration of Ken Berger [Dkt. # 51], ¶ 8; Declaration of Kendall Taggart [Dkt. # 52], ¶ 9.

*Second*, courts in the Ninth Circuit have not accepted the cramped interpretation of the public benefit factor that the IRS advances. For example, in *The Sierra Club v. EPA*, 75 F. Supp. 3d 1125, 1143 (N.D. Cal. 2014), the court found that there was "a significant public benefit," even though the Sierra Club had not disseminated the documents it had obtained, "given the purpose of Plaintiffs' organizations to oversee and enforce compliance with the [Clean Air Act]." *See also Church of Scientology of California v. U.S. Postal Serv.*, 700 F.2d 486, 493 (9th Cir. 1983) ("A ruling which establishes that the government may not withhold certain information pursuant to a particular FOIA exemption, in our view, benefits the public."); *O'Neil, Lysaght & Sun v. DEA*, 951 F. Supp. 1413, 1424 (C.D. Cal. 1996) (court held there was "broader public benefit in exposing the implications of the government dealing with untrustworthy paid informants" even though the information sought was for a private criminal case).

*Third*, although Form 990s are available in two other formats, Public.Resource.Org established through this litigation the significant benefits from having access to this same data in machine-readable forms. Mot. at 4-5. Further, the IRS ignores the fact that information made public through this litigation indisputably contributed "to the fund of information that citizens may use in making vital political choices." *Blue v. Bureau of Prisons*, 570 F.2d 529, 534 (5th Cir. 1978).

*Fourth*, despite the IRS's contention, Public.Resource.Org is not improperly broadening the scope of this case. Public.Resource.Org's FOIA request was indeed narrow – nine Form 990s in MeF format – but as a direct result of this action, the IRS is now required to comply with E-FOIA because the Court held that FOIA was not superseded by section 6104 of the Internal Revenue Code. *See Public.Resource.Org v. IRS*, 50 F. Supp. 3d 1212, 1214 (N.D. Cal. 2014). Consequently, "*even if the production was limited*, Plaintiff's legal action had public benefit in that it enforced Defendant's compliance with FOIA with regard to a search of public value." *Los Angeles Gay & Lesbian Cmty. Servs. Ctr. v. IRS*, 559 F. Supp. 2d 1055, 1060 (C.D. Cal. 2008)

(emphasis added); *O'Neill, Lysaght & Sun*, 951 F. Supp. at 1423 ("In *Cuneo*, the court found a public benefit in the fact that a successful FOIA litigant has served the purposes of FOIA by forcing government compliance.")(citation omitted).[1] In this respect, in opposing production of the Form 990s in MeF format, the IRS stridently argued that even though only nine records were at issue in Public.Resource.Org's particular request, the requirement to release it in the format that Public.Resource.Org sought would have much broader application and ramifications. Dkt. # 46 at 16, 17. The IRS cannot back away from that position now, to serve its purpose of avoiding the payment of fees for its failure to comply with its E-FOIA obligations.

### B. Public.Resource.Org's Lack of a Commercial Benefit from Disclosure and the Nature of Its Interests in This Request Support the Award of Fees.

The IRS's argument that Public.Resource.Org has a "powerful private motive" to seek the forms in MeF format is fundamentally flawed.[2] Opp. at 8. Indeed, the IRS offers no basis to claim that the Public.Resource.Org brought this FOIA action to further a commercial interest or that it benefited commercially as a result of the action.

As noted in its Motion, Public.Resource.Org is a non-profit organization that has worked for years to increase public access to government information and specifically, the IRS's administration of non-profit tax exemptions. Mot. at 6; *See also* Declaration of Carl Malamud [Dkt. # 48], ¶¶ 7, 12-20. The requested Form 990s in machine-readable format are therefore directly relevant to Public.Resource.Org's ability, and the ability of other watchdogs and journalists, to effectively participate in and provide public oversight of the IRS and the

---

[1] In its Opposition, the IRS also relies on *Chesapeake Bay Found., Inc. v. Dep't of Agric.*, 108 F.3d 375, 377 (D.C. Cir. 1997) and *Bangor Hydro-Elec. Co. v. U.S. Dep't of Interior*, 903 F. Supp. 169, 171 (D. Me. 1995), for the proposition that the establishment of a legal right to documents is not a public benefit. However, neither case directly addresses the public benefit derived from forcing government compliance with FOIA.

[2] The IRS cites *Klamath Water Users Protective Ass'n v. U.S. Dep't of the Interior*, 18 F. App'x 473, 475 (9th Cir. 2001), which is an unpublished decision issued before 2007 and therefore not citable. *See* 9th Cir. R. 36-3. Moreover, *Klamath Water Users Protective Ass'n* is distinguishable because in that case, the plaintiff sought documents about a group it competed against and it was not a non-profit but instead an association whose "members are mostly nonprofit organizations." 18 F. App'x at 475.

operations of the non-profit entities. This type of public oversight of an agency is not a "private commercial interest"; it is a long-recognized purpose behind FOIA: "The statute is a commitment to 'the principle that a democracy cannot function unless the people are permitted to know what their government is up to.'" *Favish v. Office of Independent Council*, 217 F.3d 1168, 1171 (9th Cir. 1999) (internal citation omitted).

Further, the cases on which the IRS relies are distinguishable. Unlike in *Tax Analysts v. DOJ*, 965 F.2d 1092, where the plaintiff sought district court opinions that were already public in order to make them available to its subscribers sooner, Public.Resource.Org's motivation was to seek information to make it available for free to *everyone*, not just subscribers, and in a format that would allow the data to be analyzed which was previously unavailable. The IRS's reliance on *Nat'l Sec. Archive v. U.S. Dep't of Def.*, 530 F. Supp. 2d 198, 201, 203 (D.D.C. 2008), is similarly unavailing. In *Nat'l Sec. Archive*, the plaintiff charged a fee to its readers and also had a "powerful commercial and private motive to win the lawsuit—to defeat the government's attempt to charge search fees in order to make NSA's retrieval of FOIA documents as cheap as possible." Contrastingly, Public.Resource.Org does not charge any fees; it has no commercial incentive. Thus, as a non-profit organization with no commercial interest in the requested information, Public.Resource.Org should recover attorneys' fees and costs pursuant to FOIA. *Church of Scientology of Cal. v. U.S. Postal Service*, 700 F.2d 486, 494 (9th Cir. 1983) ("a nonprofit public interest group, an award of attorney's fees furthers the FOIA policy of expanding access to government information."); *Long v. IRS*, 932 F.2d 1309, 1316 (9th Cir. 1991) ("'Under the third [entitlement] criterion a court [sh]ould generally award fees if the complainant's interest in the information sought was scholarly or journalistic or public-oriented, but would not do so if his interest was of a frivolous or purely commercial nature.'").

### C. The IRS Lacked Any Reasonable Basis in Law for Withholding the Requested Information.

The IRS also has not met its burden of demonstrating that its conduct was reasonable.[3] *Davy v. CIA*, 550 F.3d 1155, 1162-63 (D.C. Cir. 2008); *see also Citizens for Responsibility & Ethics in Washington v. U.S. Dep't of Justice*, 820 F. Supp. 2d 39, 47 (D.D.C. 2011) ("Significantly, the burden remains with the agency: The question is not whether Plaintiff has affirmatively shown that the agency was unreasonable, but rather whether the agency has shown that it had any colorable or reasonable basis for not disclosing the material until after Plaintiff filed suit.") (quotation mark omitted). The IRS claims fees are unwarranted because it reasonably concluded that the forms were not "readily reproducible." Opp. at 4-5. But that is incorrect.

As a threshold matter, the relatively few cases discussing FOIA's readily reproducible requirement does not in and of itself establish that the IRS had a colorable basis for denying Public.Resource.Org's request, as the IRS claims. As the court noted in *Playboy Enterprises, Inc. v. U.S. Customs Serv.*, 959 F. Supp. 11, 17 (D.D.C. 1997), in some instances, "[t]he reason there may be no contrary case law is because the position is so devoid of any merit there is no need for the case law to have developed a precedent in this area."

Moreover, the IRS's position was not reasonable considering it could not show that it would suffer a significant interference or burden. In fact, the IRS swiftly produced the nine Form 990s in MeF format after the Court ordered it to do so. And in ruling on the cross-motions for summary judgment, the Court found that "[t]here is no evidence that the general business of the IRS or even the business of the IRS employees tasked with responding to FOIA requests will be *significantly* burdened or affected by fulfilling Public.Resource.Org's request for production of nine Form 990s in MeF." *Public.Resource.org v. IRS*, --- F. Supp. 3d ---, 2015 WL 393736, at *3 (N.D. Cal. 2015) (emphasis in original). Further, the IRS's assertion that it would have to

---

[3] In its Opposition, the IRS mistakenly claims that Public.Resource.Org focused solely on the motion to dismiss. Opp. at 5. To the contrary, Public.Resource.Org stated that the IRS's refusal to produce the Form 990s in MeF format was legally suspect "throughout this litigation" and particularly because they "could have readily produce the [documents] at any time." Mot. at 7.

develop new protocol and train staff in order to comply with FOIA contradicted Congress's "demand that agencies act proactively to enhance public access to and use of government information." *Id.* (citing *TPS, Inc. v. United States DOD*, 330 F.3d 1191, 1195–96 (9th Cir. 2003); *Nat'l Sec. Counselors v. CIA*, 960 F. Supp. 2d 101, 202 (D.D.C. 2013)).

Finally, contrary to the IRS's assertion, a finding for the government on this fourth factor does not automatically foreclose a claim for fees or costs. Rather, "it is possible for a court to find a reasonable basis in law but still weight [sic] the other factors in favor of an award." *O'Neill, Lysaght & Sun*, 951 F. Supp. at 1425 (citation omitted). While Public.Resource.Org does not concede that the IRS's position was justified, even if this Court disagrees, the balance of factors still weighs heavily in favor of an award of fees.

### D. Equitable Factors Favor Awarding Fees To Public.Resource.Org.

Attempting to bolster the unsuccessful position it advanced in this case, the IRS asserts, among other platitudes, that "the IRS in this case was faced with the dual burden of reproducing the requested Form 990s in MeF format and abiding by the Code's non-disclosure provisions." Opp. at 8-9. This argument is baseless and should, once again, be rejected by the Court. In fact, Public.Resource.Org has already addressed this argument.

As Public.Resouce.Org explained in its consolidated cross-motion, there was no evidence that the disclosure of the nine particular records in MeF format posed a privacy risk.[4] Dkt. #47. Rather, the IRS's argument in its motion for summary judgment and its argument here hinge on the agency's speculation that it would be more difficult and costly to redact protected information when processing Form 990s for production in machine-readable format on a large scale. *Id.* Thus, an economic interest underlies the IRS's argument, not an interest in protecting from disclosure private taxpayer information. Moreover, this argument is not focused on the nine forms at issue, and overlooks the reality that there have been egregious privacy breaches under the old system, in which the IRS produced redacted Form 990s in a non-readable image format. *Id.*

---

[4] The Court held that there was "no dispute the various portions of the Form 990s are exempt from disclosure, including Schedule B donor information." *Public.Resource.org.*, 2015 WL 393736, at *3.

### III. THE FEES SOUGHT BY PUBLIC.RESOURCE.ORG ARE REASONABLE.

Public.Resource.Org has fully satisfied its burden of providing this Court with unchallenged evidence sufficient to justify the lodestar figure for this matter. With its Motion, Public.Resource.Org provided a declaration that identified the attorneys who provided services on this matter, and which described their substantive experience and billing rates. Declaration of Thomas R. Burke, ("Burke Decl.") ¶¶ 3-6. Public.Resource.Org also submitted contemporaneous billing entries itemizing the legal services incurred in this litigation and the amount of time expended to complete these tasks, and also submitted examples of fee awards from other cases, which together demonstrated that the total amount of fees requested by Public.Resource.Org here is commensurate with fee awards granted by other courts. *Id.*; *see also* Mot. at 8-13. Finally, Public.Resource.Org provided a declaration of a veteran attorney familiar with the relevant substantive law and billing rates customarily charged by attorneys of comparable skill and experience in this district. *See* Declaration of Karl Olson ("Olson Decl."), ¶¶ 2-7. In short, Public.Resource.Org submitted substantial evidence to support its lodestar figure, which is presumed reasonable. *Long*, 932 F.2d at 1314.

As a result, "[t]he party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir. 1994) (internal quotations omitted). "Conclusory and unsubstantiated objections are not sufficient to warrant a reduction in fees." *Ctr. for Biological Diversity v. U.S. Bureau of Land Mgmt.*, No. C 06–4884 SI, 2012 WL 273604, at *2 (N.D. Cal. Jan. 30, 2012). The IRS has not met this burden. While the IRS argues that the Court should exclude fees for work performed at the administrative level and the Court should use the *Laffey* Matrix to calculate reasonable hourly rates, the IRS did not object to any of the evidence proffered by Public.Resource.Org, or submit any of its own. For these reasons and those stated below, the Court should find Public.Resource.Org's lodestar reasonable.

DAVIS WRIGHT TREMAINE LLP

### A. The IRS Has Failed to Justify Any Reduction in the Lodestar Figure.

*First*, the IRS disputes all fees incurred before May 1, 2013, claiming that those fees related to administrative work and are therefore, not recoverable. However, these fees were necessary part of this action because they all relate to investigation and research that was required to file this action, and to build the record necessary to litigate it. In fact, the two entries identified by the IRS in its Opposition were for a demand letter that discussed a potential lawsuit for failing to comply with FOIA. *See* Comp. Ex. H. Consequently, these fees were incurred to further Public.Resource.Org's litigation. *See Echols v. Morpho Detection, Inc.*, 2014 WL 953380, at *2 (C.D. Cal. Mar. 11, 2014) ("The Court concludes that Plaintiff is entitled to attorneys' fees for time expended before filing the First Amended Complaint if the work was necessary to secure the result obtained from this litigation."). *Cf. Friends of the Coast Fork v. U.S. Dep't of the Interior*, 110 F.3d 53, 55 (9th Cir. 1997) ("Our review [under FOIA] is limited to the record before the agency, and this applies just as much to the reasons the agency offered for denial as it does to the evidence the agency offered.") (citations omitted).

In *Ctr. For Biological Diversity v. U.S. Fish And Wildlife Serv.,* 703 F. Supp. 2d 1243, 1249 (D. Colo. 2010), a FOIA matter, the court held the plaintiff could recover $2,465 in fees for the administrative appeal because "without an administrative appeal, Plaintiff would have failed to exhaust its administrative remedies under FOIA and could not have brought this case in district court." Similarly, to the extent the Court finds that some of the fees incurred before May 1, 2013 were incurred during the administrative stage, the Court should nonetheless award the fees to Public.Resouce.Org because this work was required to bring this case to Court.

*Second*, the IRS claims that the Court should reduce Public.Resource.Org's fee request to the extent it includes hours expended on its APA cause of action. The IRS, however, does not identify any billing entry specific to the APA claim.[5] In any event, no reduction is necessary

---

[5] The IRS relies on *Comm. to Bridge the Gap v. U.S. Dep't of Energy*, No. 92-55604, 10 F.3d 808, 1993 WL 470412 (9th Cir. Nov. 15, 1993), which is an unpublished case issued before 2007 and therefore not citable. *See* note 2, *supra*; 9th Cir. R. 36-3. Moreover, in that case, the court did not analyze whether there was a common core of facts as discussed in *The Sierra Club*, 75 F. Supp. 3d at 1150.

here, given this Court's decision in *Sierra Club*, 75 F. Supp. 3d at 1150, which rejected the government's argument that it should reduce the fee request under the FOIA fee provision based on two APA claims because "Plaintiffs' claims for relief involve such a common core of facts, and counsels' time was devoted generally to the litigation as a whole, with no billing requests related specifically to the APA claim." Similarly, here, Public.Resource.Org's claims under FOIA and the APA involved a common core of facts – whether the IRS was required to produce the Form 990s in MeF format – and counsels' time was devoted to the action as a whole. *See Public.Resource.Org v. IRS*, 50 F. Supp. 3d 1212, 1221 (N.D. Cal. 2014) (addressing Public.Resource.Org's APA claim based on its holding for the FOIA claim).

### B. The IRS Has Failed to Show that Public.Resource.Org Should Not Receive Its Current Market Billing Rates.

The IRS claims that the hourly rates applied are unreasonable but fails to supply any contrary evidence. Rather than use the prevailing market rates favored by the Ninth Circuit, the IRS argues that the appropriate measure of fees should be the *Laffey* matrix, which "provides hourly rates for attorneys of varying experience levels and paralegals/clerks in the *Washington, D.C. metropolitan area*." Opp. at 12 (emphasis added). However, it is well established in the Ninth Circuit that the reasonableness of an attorney's rate is determined by comparing it to "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Financial Inc.*, 2008 U.S. App. LEXIS 8665, at *13 (9th Cir. Apr. 22, 2008) (quoting *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). This inquiry requires the Court to "determine the prevailing hourly rate in the Northern District." *Camacho*, 2008 U.S. App. LEXIS 8665, at **13-14.

More importantly, the Ninth Circuit has found that "just because the *Laffey* matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away. It is questionable whether the matrix is a reliable measure of rates even in Alexandria, Virginia, just across the river from the nation's capital." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010); *see also Rosenfeld v. U.S. Dep't of Justice*, 904 F. Supp. 2d 988, 1003 (N.D. Cal. 2012) (rejecting

1 *Laffey* matrix in FOIA action). Accordingly, there is no reason to displace Public.Resource.Org's
2 evidence of actual rates for attorneys in the Northern District with those from a different metropolitan
3 area.

### IV. A MODEST ENHANCEMENT OF THE LODESTAR IS APPROPRIATE AND REASONABLE.

Courts have long acknowledged that a lodestar may be increased in particular cases. *See Hensley v. Eckerhart*, 461 U.S. 424 (1983) (holding that "[t]he product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward"); *Long*, 932 F.2d at 1314 (finding that "[t]he court may authorize an upward or downward adjustment from the lodestar figure if certain factors relating to the nature and difficulty of the case overcome this strong presumption and indicate that such an adjustment is necessary").

Public.Resource.Org requests that the Court use its discretion to grant a 1.5 multiplier of the lodestar because of the significant public interest of this case and the impressive results it achieved. As set forth in the Motion, this action resulted in two published opinions both in favor of Public.Resource.Org. *See* Mot. at 12. Moreover, because of this action, the IRS has changed its practices regarding machine-readable format, and issued a public statement touting that it "has been actively considering the *district court's ruling in the Public.Resource.Org case*" and has made "substantial progress" in developing a technology solution to provide Form 990s in MeF format. Burke Decl. ¶ 5 (emphasis added). Thus, the IRS has publicly conceded the impact this action has had. This statement in turn spurred articles about the IRS changing its practices. Mot. at 12 -13. These results are impressive and are not encompassed in the lodestar calculation. Indeed, considering the impact this case has had, the IRS's failure to address these points in its Opposition is telling.

Further, Public.Resource.Org's counsel are experienced attorneys in media and public records litigation and represented Public.Resource.Org on a pro bono basis. *See Powell v. U.S. DOJ*, 569 F. Supp. 1192, 1195 (N.D. Cal. 1983) (awarding a 1.5 multiplier in part because "potential for receiving fees is contingent not only on whether plaintiff substantially prevails in

DAVIS WRIGHT TREMAINE LLP

1  this lawsuit but also on this court's willingness to award fees in its discretion.")  The IRS argues
2  that the Supreme Court has called into question the applicability of an enhancement in
3  contingency cases.  Opp. at 15 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992);
4  *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 727 (1987)).
5  The Supreme Court, however, has not prohibited lower courts from considering the contingency
6  or pro bono nature of a case among other factors.
7        Instead, the Court has prohibited granting enhancements purely based on contingency.
8  *See Staton v. Boeing Co.*, 327 F.3d 938, 965 n. 17 (9th Cir. 2003) ("prohibiting *pure* contingency
9  enhancements of the lodestar under fee-shifting statutes") (citing *Dague*, 505 U.S. 557,
10 562)(emphasis added).  As the Ninth Circuit has explained, "*Dague* left undisturbed earlier
11 Supreme Court case law allowing a fee applicant to recover more than the lodestar figure where
12 the applicant has met 'the burden of showing that such an adjustment is necessary to the
13 determination of a reasonable fee.'"  *Guam Soc'y of Obstetricians & Gynecologists v. Ada*, 100
14 F.3d 691, 697 (9th Cir. 1996) (citing *Dague*, 505 U.S. 557, 562); *see also Fadhl v. City & Cnty.*
15 *of San Francisco*, 859 F.2d 649, 650 (9th Cir. 1988) (explaining that enhancements for
16 contingency are permissible in particular cases after *Delaware Valley* and approving a 2.0
17 multiplier).  Here, Public.Resource.Org is not seeking an enhancement based purely on the basis
18 that this litigation was handled pro bono; it is only another factor for the Court to consider in
19 addition to the IRS's public admission of the impact of this case on the way it handles such
20 information and Public.Resource.Org's complete success.  For all these reasons, a 1.5 multiplier
21 is entirely reasonable and appropriate.

## V.    THE COURT SHOULD AWARD FEES ON FEES.

23 As noted its motion, PublicResource.Org is entitled to fees on fees.  Mot. at 8 n. 2; *see*
24 *also Rosenfeld*, 904 F. Supp. 2d at 1008 ("In this Circuit, plaintiffs may recover attorney's fees
25 for time reasonably expended on a motion for attorney fees and costs.").[6]  In preparing this

---

[6] The IRS does not dispute that Public.Resource.Org is entitled to fees on fees but merely claims it should be reduced according to the fee award.  Opp. at 15.  Because the fee request

DAVIS WRIGHT TREMAINE LLP

1  Motion and Reply, Public.Resource.Org incurred $24,787.50.[7] Supp. Burke. Decl. ¶ 3; Ec. C.
2  These additional fees are within the estimated range provided by Public.Resource.Org. *See*
3  Burke Decl. ¶ 9. As a result, the requested fees on fees are reasonable and should be awarded in
4  full.

### VI.  CONCLUSION

6      Public.Resource.Org respectfully requests that this Court order the IRS to pay in full
7  within 30 days a total of $367,756.21, which includes the $244,322.50 in attorneys' fees
8  Public.Resource.Org has incurred in this action (including anticipated time to prepare for and
9  attend the hearing on this motion), times a 1.5 multiplier, and $1,272.46 in costs.

11  DATED: This 19th day of August, 2015    DAVIS WRIGHT TREMAINE LLP

                                                  By:     /s/ Thomas R. Burke
                                                        THOMAS R. BURKE
                                                        Attorneys for Plaintiff Public.Resource.Org

DAVIS WRIGHT TREMAINE LLP

---

should not be reduced for the reasons mentioned above, Public.Resource.Org's fee on fees should not be reduced, either.

[7] The first draft of the Fee Motion and Reply was prepared by Diana Palacios with a normal billing rate of $335. *See* Supp. Burke. Decl. ¶ 4. Her billing rate is reasonable for the market and based on her experience. *See Id.*; Mot. at 10-11.