MELINDA L. HAAG
United States Attorney
CAROLINE D. CIRAOLO
Acting Assistant Attorney General
STEPHEN S. HO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Phone: (202) 616-8994
Fax: (202) 514-6866
Email: Stephen.S.Ho@usdoj.gov

Attorneys for Defendant United States
Internal Revenue Service

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC.RESOURCE.ORG., a California non-profit organization, | ) Case No. 13-cv-02789-WHO |
| | ) |
| Plaintiff, | ) **DEFENDANT'S ADMINISTRATIVE** |
| | ) **MOTION FOR LEAVE TO FILE SUR-** |
| v. | ) **REPLY** |
| | ) |
| UNITED STATES INTERNAL REVENUE | ) |
| SERVICE, | ) |
| | ) |
| Defendant. | ) |

Pursuant to Civil L.R. 7-11, Defendant United States Internal Revenue Service (the "IRS") respectfully submits this administrative motion for leave to file a sur-reply to address Plaintiff Public.Resource.Org's ("Public.Resource's") request for $24,787.50 in fees on fees, which was first substantiated by a supplemental declaration submitted with Public.Resource's reply in further support of its motion for attorneys' fees and costs.

Good cause exists to grant the IRS's administrative motion because the supplemental declaration is new evidence to which the IRS has not had a chance to respond. *See, e.g.*, *Bautista v. Hunt & Henriques*, No. C-11-4010 JCS, 2012 WL 160252, at *3 n.1 (N.D. Cal. Jan. 17, 2012)

(granting leave to file a sur-reply based upon new material submitted in connection with non-moving party's reply); *cf.* Civil L.R. 7-3(d) (permitting an opposing party to serve an "Objection to Reply Evidence").  Public.Resource advised that it would seek fees on fees in its original motion, and estimated that it would incur between $15,000 and $25,000 in such fees.  But Public.Resource did not provide any support for this projection and there were no applicable billing entries for the IRS to scrutinize and object to at the time the IRS filed its opposition.

It is only now with their reply that Public.Resource has submitted such evidence Accordingly, the IRS should be given an opportunity to respond because the lack of such opportunity would "prevent[] a fair adversary process in which [the] defendant[] could challenge the fee request."  *Stewart v. Gates*, 987 F.2d 1450, 1452 (9th Cir. 1993); *see also Lantz v. Kreider*, No. 3:05-CV-00207-VPC, 2010 WL 2609080, at *1 n.1 (D. Nev. June 25, 2010) (noting that court granted party leave to file a sur-reply where opposing party "included an additional request for fees in their reply brief"); *Gibson v. City of Kirkland*, No. C08-0937MJP, 2010 WL 55855, at *1 (W.D. Wash. Jan. 5, 2010) (granting party leave to file a supplemental response because "[an attorneys' fees] submission that does not allow an opposing party to meaningfully challenge the reasonableness of time spent undermines the adversarial process").

Pursuant to Civil L.R. 7-11(a), the undersigned counsel sought a stipulation from Public.Resource agreeing to the relief requested herein, but opposing counsel did not give their consent.  (*See* Declaration of Stephen S. Ho.)

For the foregoing reasons, the IRS respectfully requests that the Court grant it leave to file the sur-reply attached hereto as Exhibit A.

//
//
//
//

Dated: August 26, 2015

Respectfully submitted,

MELINDA L. HAAG
United States Attorney

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

By:   /s/ Stephen S. Ho
STEPHEN S. HO
Trial Attorney, Tax Division
U.S. Department of Justice

Attorneys for Defendant United States
Internal Revenue Service

**CERTIFICATE OF SERVICE**

I certify that I served a true and correct copy of the foregoing *Administrative Motion for Leave to File Sur-Reply* on Plaintiff's counsel via the Court's ECF System this 26th day of August, 2015.

/s/ Stephen S. Ho
STEPHEN S. HO