**Government Exhibit**
A

MELINDA L. HAAG
United States Attorney
CAROLINE D. CIRAOLO
Acting Assistant Attorney General
STEPHEN S. HO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044
Phone: (202) 616-8994
Fax: (202) 514-6866
Email: Stephen.S.Ho@usdoj.gov

Attorneys for Defendant United States
Internal Revenue Service

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PUBLIC.RESOURCE.ORG., a California non-profit organization,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>　　　　　Defendant. | Case No. 13-cv-02789-WHO<br><br>**DEFENDANT'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>Date:　　September 16, 2015<br>Time:　　2:00 p.m.<br>Place:　　Courtroom 2, 17th Floor |

Defendant United States Internal Revenue Service (the "IRS") responds to Plaintiff Public.Resource.Org's ("Public.Resource's") reply to address Plaintiff's request for $24,787.50 in fees on fees. Public.Resource's first introduced evidence about its fees-on-fees request with a supplemental declaration attached to its reply. Such a request is unwarranted and excessive, and should be denied[1] or, in the alternative, substantially reduced.

---

[1] The IRS respectfully refers the Court to its response in opposition to Public.Resource's motion for attorneys' fees and costs for its arguments that the request for fees on fees should be denied. *See* Dkt. No. 92.

**ARGUMENT**

Attorneys' fees awards may only include hours "reasonably expended" on the litigation. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1982). Reasonably expended time is generally time that "could reasonably have been billed to a private client." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Hours that are "excessive, redundant, or otherwise unnecessary" must be excluded. *Hensley*, 461 U.S. at 434.

**I.    Plaintiff's Claims for Hours for Fees on Fees is Excessive**

Here, review of Public.Resource's newly submitted evidence reveals that a significant portion of the request for reimbursement regarding its fee motion and subsequent reply are excessive "or otherwise unnecessary."

As an initial matter, the approximately 60 hours of time Public.Resource's counsel devoted to attorneys' fee litigation is unreasonable in light of counsel's "decades of experience in public records [and associated fee] litigation." Dkt. No. 91 (Fee Mot.) at 11. "[T]he legal issues associated with a request for legal fees are neither novel nor complicated." *Prison Legal News v. Executive Office For U.S. Attorneys*, No. 08-CV-01055-MSK-KLM, 2010 WL 3170824, at *4 (D. Colo. Aug. 10, 2010) (reducing award for time spent litigating fee issue); *cf. Columbia Riverkeeper v. U.S. Army Corps of Engineers*, No. 3:13-CV-01494-PK, 2015 WL 2095223, at *5 (D. Or. May 5, 2015) (reducing 75.7 hours requested in conjunction with motion for attorney fees to a more reasonable 33 hours in a "standard attorney fee request" that included declarations in support). The IRS posits that a significant portion of Public.Resource's fee motion is derivative or duplicative because it either: (1) recounted the procedural history of the instant suit, Dkt. No. 91 at 2–3; or (2) emphasized matters which were already raised in arguments contained in Public.Resource's summary judgment motion, namely the organization's non-profit mission and the public benefit of access to Form 990s in Modernized E-File ("MeF") format, *compare* Dkt. No. 91 (Fee Mot.) at 4–6, *with* Dkt. No. 47 (Summary Judgment Mot.) at 1, 15–17. Similarly, Public.Resource's reply is even more derivative or duplicative when compared to the initial fee motion. *See* Dkt. No. 94 at 2–5, 7–8, 11–12. Public.Resource's fees-on-fees request

should, therefore, be reduced accordingly (by at least 33%, i.e., proportionally). *See Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56 (D.D.C. 2013) (a court may reduce the fees based on the relative pages of the document allotted to that claim).

Moreover, closer scrutiny of the submitted billing entries reveals hours spent revising and editing opposing counsel's "spreadsheet of fees and costs." Dkt. No. 94-2 at 3–4 (1.7 hours on 7/16/15 for, *inter alia*, "further edits to spreadsheet"; 5.7 hours on 7/17/15 for, *inter alia*, "updating of fees spreadsheet"; 0.5 hours on 7/28/15 to "revise time sheet"; 3.8 hours on 8/17/15 to, *inter alia*, "review billing statements"; 2.7 hours on 8/18/15 to, *inter alia*, "update fees information"). Given that counsel presumably kept records for their work in the ordinary course of their business, the Court should assume that "no substantial time was needed to compile or review those records." *Prison Legal News*, 2010 WL 2095223, at *4. In fact, virtually identical billing records to those ultimately filed by Public.Resource were provided to the IRS in March 2015, so the amount of time claimed to review entries seems unreasonable.

The Court should also reduce the time taken by Public.Resource's counsel to draft the initial supporting declarations in this matter given counsel's admitted familiarity with fee litigation. *See* Dkt. No. 94-2 at 2–3 (5.7 hours on 7/17/15 to, *inter alia*, "draft[]" Burke and Olson declarations"); Dkt. 91-1 (Burke Decl.) ¶ 7 (noting fee litigation successes of firm and himself). These standard declarations are very straightforward and substantially biographical. *See* Dkt. Nos. 91-1 & -4. Indeed, it appears that Mr. Olson submitted a similar declaration late last year in support of counsel's firm's request for fees in a state court case, *Los Angeles Times Communications LLC v. University of California Board of Regents*. (Alameda County Super. Ct. No. RG12632350, entry at 10/31/14.) Further, counsel only took 0.4 hours to draft the supplemental declaration submitted with Public.Resource's reply. Dkt. No. 94-2 at 4 (entry for 8/18/15).

CASE NO. 3:13-CV-2789-WHO
DEFENDANT'S SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS     Page 3

## II. Plaintiff's Hours for Fees on Fees Should Be Reduced to Reflect Unsuccessful Arguments

Finally, even if the Court were to award fees on fees, Public.Resource's request for such fees should be reduced to the extent that its instant arguments are unsuccessful. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 163 n.10 (1990) (noting that "fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation"). For example, should the Court agree that the IRS had a colorable basis for not producing the Form 990s in MeF format or that a 1.5 multiplier is unwarranted, Public.Resource's fees-on-fees request should be decreased accordingly.[2] *See, e.g., In re Burlington N., Inc. Employment Practices Litig.*, 832 F.2d 430, 435–36 (7th Cir. 1987) (affirming district court's reduction by 35% of fees on fees where original petition devoted substantial analysis to an unsuccessful multiplier issue).

### CONCLUSION

For the foregoing reasons, the IRS respectfully requests that, if fees are awarded, the Court substantially reduce Public.Resource's request for fees on fees to the extent consistent with the IRS's opposition and sur-reply.

Dated: August 26, 2015

        Respectfully submitted,

        MELINDA L. HAAG
        United States Attorney

        CAROLINE D. CIRAOLO
        Acting Assistant Attorney General

By: /s/ Stephen S. Ho
     STEPHEN S. HO
     Trial Attorney, Tax Division
     U.S. Department of Justice

     Attorneys for Defendant United States
     Internal Revenue Service

---

[2] As noted above, a significant portion of Public.Resource's fee litigation emphasizes its non-profit mission and repeats the argument that the instant suit was of great public benefit. Both of these matters were already raised in Publice.Resource's summary judgment motion. *See, e.g.*, Dkt. No. 47 at 15–17.